# EXHIBIT A

Case 1:04-cv-01268-***-MPT    Document 36-2    Filed 03/02/2005    Page 1 of 6

LEXSEE 2004 BANKR LEXIS 2162

In re: GRUPPO ANTTCO, INC. f/k/a TREND HOLDINGS, INC., et al., Debtors. ANTICO VACCA TECHNOLOGIES, INC. f/k/a TREND TECHNOLOGIES, INC., Plaintiff, v. STEEL TECHNOLOGIES INC. d/b/a STEEL TECHNOLOGIES, SA de C.V., Defendant Third-Party Plaintiff, v. MARUBENI-ITOCHU STEEL AMERICA, INC., Third-Party Defendant.

Chapter 11, Case No. 02-13283 (PJW), Jointly Administered, Adv. No. 03-60216 (PBL), Related Documents: 17, 25, 29, 36

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

2004 Bankr. LEXIS 2162

November 10, 2004, Decided

**SUBSEQUENT HISTORY:** Summary judgment granted by, Complaint dismissed at *Antico Vacca Techs., Inc. v. Steel Techs., Inc. (In re Gruppo Antico, Inc.)*, 2005 Bankr. LEXIS 70 (Bankr. D Del., Jan. 25, 2005)

**DISPOSITION:** Motion filed by third-party defendant, Marubeni-Itochu Steel America, Inc., to dismiss third-party complaint filed by Steel Technologies, Inc., granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Compaq Computer and Hewlett Packard Company, (Respondent): Derek C. Abbott, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For Maternus Partners, Ltd, (Interested Party): Courtenay Allen, Loeffler, Jonas, & Tuggey LLP, San Antonio, TX.

For G.E. Capital Commercial Finance, (Interested Party): Elio Battista, Jr., Blank Rome LLP, Wilmington, DE.

For Motorola Computer Group, (Creditor): Stuart M Brown, Edwards & Angell, L.L.P., Wilmington, DE; Jami B. Nimeroff, Buchanan Ingersoll PC, Wilmington, DE.

For Texas Comptroller of Public Accounts, (Interested Party): Mark Browning, Texas Comptroller of Public Accounts, Austin, TX.

For Offical Committee of Unsecured Creditors, (Creditor Committee): Mary Caloway, Klett Rooney Lieber & Schorling, Wilmington, DE; Peter James Duhig, Klett Rooney Lieber & Schorling, Wilmington, DE; Eric Lopez Schnabel, Esq, Klett Rooney Libber & Schorling, Wilmington, DE.

For Gruppo Antico, Inc. (f/k/a Trend Holdings, Inc.), et al., (Debtor): David W. Carickhoff, Jr, Pachulski Stang Ziehl Young & Jones, Wilmington, DE; Rachel Lowy Werkheiser, Pachulski, Stang, Ziehl, Young & Jones, Wilmington, DE.

For The CIT Group Equipment [*2] Financing, Inc., (Creditor): Howard A. Cohen, Drinker Biddle & Reath LLP, Wilmington, DE.

For Celestica Acquisition Corp., (Interested Party): Mindy D Cohn

For Deutsche Bank Trust Company Americas f/k/a Bankers Trust Company, (Creditor): Mark D. Collins, Richards Layton & Finger, Wilmington, DE; Marc T. Foster; Karen Rinehart, O'Melveny & Myers, LLP, Los Angeles, CA; Paul Noble Heath, Richards, Layton & Finger, Wilmington, DE.

For Delta Products Corporation, (Creditor): Patrick M. Costello, Bialson Bergen & Schwab, Palo Alto, CA;

Lawrence M Schwab, Bialson Bergen & Schwab, Paol Alto, CA.

For Sandy Hume, Boulder County Treasurer, (Other Prof.): Richard H. Cross, Jr., Cross & Simon, LLC, Wilmington, DE.

For Round Rock Independent School District, (Creditor): John P. Dillman, Linebarger Goggan Blair & Sampson, LLP, Houston, TX; Lori Gruver Robertson, Linebarger Goggan, Austin, TX.

For Federal Express Corporation, (Interested Party): Charles J. Filardi, Jr., Pepe & Hazard LLP, Southport, CT.

For Capital City Container Corporation, (Interested Party): GianClaudio Finizio, The Bayard Firm, Wilmington, DE.

For Unisys Corporation, (Interested Party): [*3] Janet Fitzpatrick, Unisys Corporation, Unisys Way, Blue Bell, Pa.

For Galfin, Passon & Greely, LLP, (Interested Party): Ted A. Galfin, Galfin, Passon & Greely, LLP, Irvine, CA.

For Rocky Mountain Precision Company, (Interested Party): Richard S. Gast, Myatt Brandes & Gast PC, Fort Collins, CO.

For Gruppo Antico, Inc. f/k/a Trend Holdings, Inc., et al., (Debtor): Laura Davis Jones, Pachulski Stang Ziehl Young & Jones, Wilmington, DE; Christopher James Lhulier, Pachulski Stang Ziehl Young & Jones PC, Wilmington, DE.

For Hewlett Packard Company, (Interested Party): Amne M. Kennelly, Hewlett Packard Company, Palo Alto, CA.

For Microsoft Corporation, (Interested Party): John R. Knapp, Jr., Cairncross & Hempelmann, P.S., Seattle, WA.

For Oracle Corporation & Oracle Credit, Corporation, (Interested Party): Joanne M LaFreniere, Buchalter Nemer Fields & Younger, San Francisco, CA.

For Tuscarora Incorporated, (Interested Party): Kimberly Ellen Connolly Lawson, Reed Smith LLP, Wilmington, DE.

For Wells Fargo Bank Minnesota, National Association, Indenture Trustee, (Interested Party): Christopher Todd Lenhart, Dorsey & Whitney LLP, Minneapolis, MN; David [*4] B Stratton, Pepper Hamilton LLP, Wilmington, DE.

For Trend Technologies, LLC, (Attorney): Christopher James Lhulier, Pachulski, Stang, Ziehl, Young, Jones PC, Wilmington, DE; Kevin J Mangan, Monzack and Monaco P.A., Wilmington, DE.

For Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., (Attorney): Christopher James Lhulier, Pachulski Stang Ziehl Young & Jones PC, Wilmington, DE.

For Board Electronics, Inc., (Interested Party): Eugene J. Mascoli, Jr.

For Elbin Molina, (Interested Party): Michael P Morton, Michael P. Morton, P.A., Wilmington, DE.

For DADCO, Inc. ("DADCO"), (Interested Party): Michael A. Nedelman, Farmington Hills, MI.

For Corestaff Services, (Creditor): Carole Neville, Sonnenschein Nath & Rosenthal, New York, NY.

For Ernest E. Pestana, (Interested Party): Daniel T. Paris, San Jose, CA.

For The Intec Group, (Interested Party): Eric S. Prezant, Vedder Price Kaufman & Kammholz, Chicago, IL.

For Flextronics International USA, Inc. ("Flextronics"), (Interested Party): Helen S. Rakove, Hoge Fenton Jones & Appel, Inc., San Jose, CA.

For Parente Randolph, LLC, (Accountant): Parente Randolph, LLC, Parente Randolph LLC, [*5] Philadelphia, PA.

For County Of Williamson, City of Taylor, Taylor ISD, Williamson County RFM, (Interested Party): Michael Reed, McCreary, Vesaelka, Bragg & Allen, P.C., Austin, TX.

For North American Van Lines North American Logistics Division, (Interested Party): Glenn M. Reisman, Shelton, CT.

For SAP America, Inc., (Interested Party): Michael F. Schleigh, Brown & Connery, LLP, Westmont, NJ.

For CitiCapital Commercial Corporation, (Creditor): Sergio I. Scuteri, Farr, Burke, Gambacorta & Wright, Bellmawr, NJ.

For Robotic Production Technology, (Interested Party): Steven A. Siman, Troy, MI.

For Premier Resource Group, LLC, (Other Prof.): Jeffrey Philip Wasserman, Ciconte, Roseman & Wasserman, Wilmington, DE.

For CenterPoint Properties Trust ("CenterPoint"), (Interested Party): Michael Weininger, KATZ RANDALL WEINBERG & RICHMIOND, Chicago, IL.

For Dow Chemical Company/Amy E. Wilson, (Interested Party): Amy Wilson, The Dow Chemical Company, Midland, Mi.

For Transamerica Equipment Financial Services Corporation, (Creditor): Jeffrey C. Wisler, Connolly Bove Lodge & Hutz LLP, Wilmington, DE.

For Travis County, (Interested Party): Karon Y. [*6] Wright, Travis County, Austin, TX.

**JUDGES:** PAUL B. LINDSEY, UNITED STATES BANKRUPTCY JUDGE.

**OPINIONBY:** PAUL B. LINDSEY

**OPINION:**

**MEMORANDUM OPINION** n1

n1 This opinion will constitute the findings of fact and conclusions of law of the Court required by *Rule 7052, Fed. R. Bankr. P.*

**I. Background**

On November 7, 2002, several related entities, hereafter referred to collectively as Debtors, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. n2 The respective cases have been procedurally consolidated for administrative purposes. The Debtors continue to operate their business and manage their affairs as Debtors in Possession.

n2 *11 U.S.C. § § 101 et seq.* Hereafter, references to statutory provisions by section number only will be to provisions of the Bankruptcy Code unless the context requires otherwise.

[*7]

On December 29, 2003, Debtor initiated this adversary proceeding by filing its Complaint against Defendant Steel Technologies, Inc. (hereinafter, "Steel"), seeking avoidance and recovery of over $544,000 in allegedly preferential pre-petition transfers pursuant to § § *547* and *550*. n3

n3 Under § *547(b)*, the trustee may seek to avoid, as a preference, "... any transfer of an interest of the debtor in property --

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made --

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if --

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Under § *550(a)*, the value of a transfer avoided under, *inter alia*, § *547* may be recovered for the benefit of the estate.

[*8]

On February 12, 2004, Steel filed its Answer to the Complaint. On February 19, 2004, Steel filed its Third-Party Complaint against Third-Party Defendant Marubeni-Itochu Steel America, Inc. (hereinafter, "MISA"), in which it asserts that pursuant to an Assignment Agreement between Steel and MISA, Steel is entitled to recover from MISA an amount equal to any

amount recovered by Debtor from Steel in this adversary proceeding.

On April 14, 2004, MISA filed its Answer to the Third-Party Complaint. On April 30, 2004, MISA filed its Motion for Judgment on the Pleadings, contending that the Assignment Agreement between Steel and MISA, attached to and therefore a part of the Third-Party Complaint, completely contradicts Steel's asserted claim against MISA.

On June 17, 2004, Steel filed its Memorandum in Opposition to MISA's motion asserting, *inter alia*, that construction of the Agreement between Steel and MISA raised a question of material fact that precluded judgment on the pleadings.

On July 16, 2004, MISA filed its Reply Memorandum in Support of its Motion. On July 21, 2004, a Notice of Completion of Briefing was filed. Thereafter, on motion by Steel, without objection and pursuant [*9] to Order of the Court, Steel filed its Surreply in Opposition to the Motion on August 31, 2004.

Briefing having been completed, the matter is now ripe for consideration and decision by the Court.

## II. Discussion and Decision

For the reasons that follow, the Court finds that it is without jurisdiction to hear or decide the Third-Party Complaint, and that it should therefore be dismissed. The Motion for Judgment on the Pleadings, therefore, need not be decided.

The issue of the Court's jurisdiction to hear the Third-Party Complaint was raised for the first time by MISA in its Reply in Support of its Motion for Judgment on the Pleadings. In view of the jurisdictional challenge, the Court permitted Steel to file its surreply.

Under 28 U.S.C. § 1334(b), the district courts have original and exclusive jurisdiction of all cases under title 11, and original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Under 28 U.S.C. § 157(a), the district court may provide for the reference to the bankruptcy judges of its district of all such cases and civil [*10] proceedings. Such reference has been provided for in this district, and so far as this Court is aware, in all other judicial districts as well.

In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), it was held that the outer boundary of "related to" jurisdiction was defined by those disputes whose outcomes "could conceivably have any effect on the estate being administered." *Id.* at 994. (emphasis omitted) Beyond that point, jurisdiction simply does not exist. In *Binder v. Price Waterhouse (In re Resorts International, Inc.)*, 372 F.3d 154 (3d Cir. 2004), the Court refers to the *Pacor* standard as the "seminal test for determining the boundaries of 'related to' jurisdiction." *Id.* at 164.

*Maislin Industries, U.S., Inc. v. Certified Brokerage Sys., Inc. (In re Maislin Industries, U.S., Inc.)*, 75 B.R. 170 (Bankr. E.D. Mich. 1987) addresses circumstances virtually identical to those presented here. There the debtor brought an adversary proceeding against the defendant for unpaid transportation charges. The defendant filed a third-party claim against AT&T, arguing that the services in question were [*11] to be performed for AT&T, and that if defendant was found liable, AT&T should be required to compensate defendant for any such liability. Essentially, defendant was seeking indemnification from AT&T. The Court in *Maislin* raised the jurisdictional issue *sua sponte* and applied the 6th Circuit's test for "related to" jurisdiction which was identical to that set forth in *Pacor*. *See also, Kelley v. Nodine (In re Salem Mort. Co.)*, 783 F.2d 626, 634 (6th Cir. 1986) (citing *In re General Oil Distributors, Inc.*, 21 B.R. 888, 892 n.13 (Bankr. E.D.N.Y. 1982)). The Court found that the dispute between defendant and AT&T in no way affected the debtor and dismissed the third-party claim.

Steel, in its surreply, initially quotes extensively from *Pacor* for the proposition that 28 U.S.C. § 1471(b) granted comprehensive jurisdiction to the bankruptcy courts. Included are citations of two 1980 decisions describing 28 U.S.C. § 1471(b) jurisdiction as "pervasive" and "broad," respectively. *See, Young v. Sultan, Ltd. (In re Lucasa International, Ltd.)*, 6 B.R. 717, 719 (Bankr. S.D.N.Y. 1980) and [*12] *Westinghouse Credit Corp. v. Yeary (In re Brothers Coal Co.)*, 6 B.R. 567 (Bankr. W.D. Va. 1980).

Although the *Pacor* makes reference to it in its opinion, Steel seems either oblivious to or ignores the fact that the 28 U.S.C. § 1471(b) grant of jurisdiction to the bankruptcy courts, enacted in 1978, was in 1982 declared unconstitutionally broad in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L. Ed. 2d 598 (1982). In 1984, it was repealed and replaced by the present jurisdictional provision, 28 U.S.C. § 1334.

Steel also states that the third-party plaintiff in *Maislin* relied upon *In re Lucasa International, Ltd.*, *supra*, in which the Court found bankruptcy jurisdiction over a third party complaint against a guarantor. Steel fails to mention that the *Maislin* Court found that such reliance was misplaced and was rejected by the Court.

## III. Conclusion

In this case, as in *Maislin*, the outcome of the dispute between the Third-Party Plaintiff, Steel, and the Third-Party Defendant, MISA, could not conceivably have any effect [*13] on the Estate of the Debtors being administered in their bankruptcy cases. Thus, this Court is without "related to" jurisdiction, and the Third-Party Complaint of Steel will be dismissed. An appropriate order will be entered this date.

**DATED** this **10th** day of **November, 2004** at Wilmington, Delaware.

PAUL B. LINDSEY

UNITED STATES BANKRUPTCY JUDGE

**ORDER DISMISSING THIRD-PARTY COMPLAINT FOR LACK OF JURISDICTION**

Upon consideration of the Motion filed by the Third-Party Defendant, Marubeni-Itochu Steel Ameria, Inc., the Opposition of Steel Technologies, Inc. thereto, and the Reply and Surreply,

**IT IS HEREBY ORDERED** for the reasons set forth in the Court's Memorandum Opinion of this date, the Third-Party Complaint filed by Steel Technologies, Inc. against Marubeni-Itochu Steel America, Inc. shall be dismissed with prejudice for lack of "related to" jurisdiction.

Dated: November 10, 2004

PAUL B. LINDSEY

UNITED STATES BANKRUPTCY, JUDGE