# EXHIBIT D

LEXSEE

GREGORY D. MARTIN, Plaintiff, v. PHILADELPHIA FACILITIES MANAGEMENT CORP., et al., Defendants.

CIVIL ACTION No. 04-1258

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2004 U.S. Dist. LEXIS 13578

July 16, 2004, Decided
July 16, 2004, Filed; July 16, 2004, Entered

**DISPOSITION:** Counts I, II, and IV of plaintiff's complaint and all counts of defendants' counterclaim remanded to Court of Common Pleas for Philadelphia County.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For GREGORY D. MARTIN, Plaintiff: GILBERT J. SCUTTI, DICKSTEIN & SCUTTI, PHILADELPHIA, PA.

For PHILADELPHIA FACILITIES MANAGEMENT CORPORATION, Defendant: HOWARD LEBOFSKY, PHILADELPHIA GAS WORKS, PHILADELPHIA, PA

For PHILADELPHIA GAS WORKS, Defendant: HOWARD LEBOFSKY, PHILADELPHIA GAS WORKS, PHILADELPHIA, PA.

**JUDGES:** Berle M. Schiller, J.

**OPINIONBY:** Berle M. Schiller

**OPINION:**

MEMORANDUM AND ORDER

Schiller, J.

July 16, 2004

Plaintiff Gregory Martin was terminated from his position as Chief Operating Officer of Defendants Philadelphia Facilities Management Corporation and Philadelphia Gas Works (collectively "PGW") after he was accused of stealing from PGW. Plaintiff now brings this action against his former employers alleging that he was (1) wrongfully terminated, (2) terminated in violation of his employment contract, (3) defamed, and (4) not given his procedural due process right to a pre-termination hearing. PGW has filed a counterclaim accusing Plaintiff of fraud, gross negligence in the oversight of the corporation, conversion of corporate property to his own use, and other looting of the company. For the reasons set out below, the Court declines to exercise supplemental jurisdiction [*2] over Plaintiff's state-law claims and PGW's counter claim and remands these claims to the Court of Common Pleas.

The supplemental jurisdiction statute provides that in any case in which a district court has original jurisdiction over one claim, the court has supplemental jurisdiction over state-law claims arising from the same case or controversy. See 28 U.S.C. § 1367. The statute also provides, however, that a district court "may decline to exercise supplemental jurisdiction over a [state-law] claim ... if ... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2) A district court will generally find that a state-law claim substantially predominates where it "constitutes the real body of a case, to which the federal claim is only an appendage," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966), and "where permitting litigation of all claims in the

district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) [*3] (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)). "The 'substantially predominate' standard, however, is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *Borough of W. Mifflin*, 45 F.3d at 789. Rather, as the Third Circuit has interpreted *Gibbs*, there are generally three ways in which a state-law claim may predominate for purposes of § 1367(c)(2): (1) quantity of evidence; (2) comprehensiveness of remedy; and (3) scope of issues raised. *Id.*

In the instant case, Plaintiff's state-law claims, especially when combined with Defendant's entirely state-law counterclaim, predominate over the sole federal claim in all three of these areas. First, evidence relating to the due process claim will be minimal: it will consist only of testimony regarding the discrete issue of the formal process accorded Plaintiff before he was terminated. In contrast, evidence regarding the other claims will involve complicated testimony into areas including corporate governance, employment contracts, and third-party payments, as well as physical [*4] records relating to all of the above. Second, Plaintiff's remedy for his due process claim would be limited to either a hearing regarding the reasons for his termination or nominal compensation for being deprived thereof. *Cf. Perry v. Sindermann*, 408 U.S. 593, 602-03, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972) (noting that remedy for violation of procedural due process could include hearing but "would not, of course, entitle [plaintiff] to reinstatement"); *Ersek v. Township of Springfield*, 102 F.3d 79, 84 (3d Cir. 1996) (holding that "principal relief" for termination of plaintiff in violation of due process was hearing). This remedy pales in comparison to the potential damages he might receive if he were to prevail on his wrongful termination or breach-of-contract claims (*See* Compl. Ex. C (setting base salary at $ 220,480 per year).) Finally, the scope of the state-law issues far exceeds that of Plaintiff's due process claim because the former involve application of state tort and contract doctrines spanning employment, defamation, negligence, and corporate law, while the federal claim turns on application of the fairly well-defined technical requirements imposed [*5] on government employers by the *Due Process Clause*. See generally *Perry*, 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694.

Although any one of these factors might provide sufficient grounds for the Court to decline to exercise supplemental jurisdiction, their combination persuades the Court that the state-law claims are more appropriately addressed in a state forum. Accordingly, the Court exercises its discretion and remands Plaintiff's state-law claims and Defendant's counterclaim to the Court of Common Pleas for Philadelphia County. n1 An appropriate Order follows.

> n1 At a scheduling conference held on May 27, 2004, the Court informed the parties of its intent to remand the state claims and gave Plaintiff the option of withdrawing his due process claim to allow the proceeding to be remanded in its entirety. Plaintiff's counsel indicated that Plaintiff would accept this option, but subsequently informed the Court that Plaintiff was unwilling to withdraw his due process claim, and therefore "the case will be tried in both federal and state court." (Letter from Scutti to Court of 7/13/04.)

[*6]

### ORDER

AND NOW, this 16th day of July, 2004, it is hereby **ORDERED** that:

Counts I, II, and IV of Plaintiff's Complaint and all Counts of Defendants' Counterclaim are **REMANDED** to the Court of Common Pleas for Philadelphia County.

**BY THE COURT:**

**Berle M. Schiller, J.**