# EXHIBIT E

LEXSEE 2003 US DIST LEXIS 17085

OCCUNOMIX INTERNATIONAL LLC, Plaintiff, -v- NORTH OCEAN VENTURES, INC., et al., Defendants.

03 Civ. 6047 (GEL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 17085

September 26, 2003, Decided
September 30, 2003, Filed

**DISPOSITION:** [*1] Plaintiff's motion to dismiss without prejudice granted and defendant's motion to dismiss with prejudice denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** James B. Zane, Zane and Rudofsky, New York, NY, for plaintiff OccuNomix International LLC.

Richard B. Cohen, Akabas & Cohen, New York, NY, for defendants North Ocean Ventures, Inc., et al.

**JUDGES:** GERARD E LYNCH, United States District Judge.

**OPINIONBY:** GERARD E. LYNCH

**OPINION:**

OPINION AND ORDER

GERARD E. LYNCH, District Judge:

Plaintiff OccuNomix International LLC sues defendants North Ocean Ventures, Inc., et al., for fraud, contract breach and violation of the Electronics Communications Privacy Act ("ECPA"), *18 U.S.C. §§ 2701 et seq.*, concerning plaintiff's acquisition of defendants' company. Following written submissions by the parties and oral argument, the Court denied plaintiff's motion for emergency relief in the form of a asset-freezing order on September 2, 2003.

Following a discussion of whether this case is properly brought [*2] in federal court, plaintiff moved the Court to abstain from exercising jurisdiction over the federal claim under *Colorado River Water Conservation District v. United States, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976)*, and to dismiss the state-law claims under *28 U.S.C. § 1367(c)(2)* because the state-law claims predominate over the federal claims. Essentially, plaintiff seeks to withdraw the Complaint without prejudice to its right to reinstitute the state court proceedings that it voluntarily discontinued on August 11, 2003. Defendants oppose a dismissal without prejudice, arguing that *Fed. R. Civ. P 41(a)(1)* requires dismissal with prejudice because plaintiff has previously brought and withdrawn an action in state court including the same state-law claims.

For the reasons that follow, the Court declines to exercise its discretion to take supplemental jurisdiction over the state-law claims pursuant to *28 U.S.C. § 1367(c)(2)*, since those claims substantially predominate over the sole federal claim. The remaining federal cause of action is dismissed without prejudice pursuant [*3] to *Fed. R. Civ. P. 41(a)(2)*.

I. State Law Claims

The Court declines to exercise jurisdiction over the state-law claims because those claims substantially predominate over the federal claim. As the Chief Judge of this District has noted, § 1367(c)(2) creates a limited exception to the exercise of supplemental jurisdiction, "that should be invoked only when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.' *Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)*." *Luongo v*

*Nationwide Mutual Insurance Co.*, 1996 U.S. Dist. LEXIS 11186, No. 95 Civ. 3190 (MBM), 1996 WL 445365 (S.D.N.Y. Aug. 7, 1996). In determining whether state law claims substantially predominate, courts consider "whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Diven v. Amalgamated Transit Union Int'l & Local 689*, 309 U.S. App. D.C. 23, 38 F.3d 598, 601 (D.C. Cir. 1994).

Here, twelve of the thirteen claims asserted [*4] in the complaint are state law claims describing a multitude of business torts as well as a religious discrimination claim. The state-law claims go to the very heart of, and largely seek to undo, a complex and contested corporate transaction. The sole federal claim is described in four paragraphs (less than one page) of a 115-paragraph (50-page) complaint, and regards allegations that defendants deleted some e-mails from an OccuNomix database after the transaction had closed. (Compl. PP 66-69.) Because the federal claim is only tangentially related to the real subject of this dispute, the "substantially predominates" standard of § 1367(c)(2) is easily met. Since the dismissal of the state-law claims is on jurisdictional grounds, this dismissal is by definition not an adjudication on the merits and is without prejudice.

II. Federal Claim

The sole remaining federal claim will be dismissed without prejudice pursuant to *Fed. R. Civ. P. 41(a)(2)*. Plaintiff's request for Colorado River abstention is unavailing. That case authorizes abstention in certain narrow circumstances involving concurrent federal and state proceedings, despite [*5] the federal courts' usual "virtually unflagging obligation ... to exercise the jurisdiction given to them." 424 U.S. at 817. Here, there are no pending state proceedings, so the fundamental prerequisite for Colorado River abstention is not met.

What plaintiff really seeks is a dismissal without prejudice, despite defendants' argument that any dismissal must be with prejudice under *Fed. R. Civ. P. 41(a)(1)*. Defendants' argument that *Rule 41(a)(1)* provides the sole vehicle to dismiss the federal claim is incorrect, however. *Rule 41(a)(1)*, as its title suggests, concerns voluntary dismissal "By Plaintiff; By Stipulation." Here there is no stipulation. In the absence of a stipulation by the parties, *Rule 41(a)(2)*, concerning voluntary dismissal "By Order of Court," is the applicable rule. At any rate, even if *Rule 41(a)(1)* were applicable, this is not a case in which plaintiff seeks to withdraw from federal court a claim previously made and withdrawn in state court. The federal claim under the ECPA, the only claim remaining in the case in light of the jurisdictional dismissal of the state-law claims, was not included in the original [*6] state complaint and has never been made in state court.

Where defendants do not stipulate to the voluntary dismissal of the action, a dismissal may be granted only "upon such terms and conditions as the court deems proper." *Fed. R. Civ. P. 41(a)(2)*. In deciding whether a voluntary dismissal under *Rule 41(a)(2)* is proper, the appropriate terms of such a dismissal (including whether the dismissal should be without prejudice) courts consider, among other factors, "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on the plaintiff's part; (3) the extent to which the suit has progressed ...; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001). None of these factors warrant a denial of the motion to withdraw the Complaint: (1) plaintiff was not dilatory in filing the motion; (2) the motion was not made to harass, but rather in response to the Court's invitation to reconsider where to bring the action; (3) the federal litigation is in the very early stages and there has been no discovery [*7] or even a fully-briefed motion to dismiss; (4) relitigation would not be duplicative of anything that has occurred in this forum; and (5) plaintiff's explanation for the withdrawal is adequate, in that it responds to the Court's suggestion that the dispute may be more appropriately tried before a state court because state law claims predominate.

The purpose of *Rule 41(a)(2)* "is primarily to prevent voluntary dismissals which unfairly affect the other side." *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961), cited in 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364, at 279 (2d ed. 1995). See also *Correspondent Services Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 126 (2d Cir. 2003). Here, there is no indication that defendants will be prejudiced by the withdrawal of the federal claim, which plaintiff brought for the first time in this proceeding.

Defendants suggest, with some justification, that plaintiff has engaged in unjustified forum-shopping. But the gravamen of defendants' forum-shopping charge is that plaintiff unjustifiably withdrew its state-court suit and sought to proceed [*8] in federal court on a slim jurisdictional reed. The present order does not reward or facilitate forum-shopping; rather, it returns the case to the court where it was first brought and has always belonged.

As noted above, a dismissal under *Rule 41(a)(2)* may be granted "upon such terms as the court deems proper." Defendants' argument that the dismissal should be with prejudice must be rejected. However meritless

Page 3

2003 U.S. Dist. LEXIS 17085, *

defendants believe plaintiff's claims to be, they have never been addressed on the merits. Plaintiff's jurisdictional maneuverings have wasted some time and effort, but that does not warrant denying it the opportunity to have its claims adjudicated.

For the foregoing reasons, it is hereby ORDERED that:

1. The state law claims (Claims Two through Thirteen) are dismissed for lack of subject matter jurisdiction pursuant to *28 U.S.C. § 1367(c)(2)*; and

2. The remaining federal claim (Claim One) is dismissed without prejudice on plaintiff's motion pursuant to *Fed. R. Civ. P. 41(a)(2)*.

The Clerk of Court is respectfully directed to mark the case closed.

Dated: September 26, 2003

SO ORDERED: [*9]

GERARD E. LYNCH

United States District Judge