# EXHIBIT F

LEXSEE 1996 US DIST LEXIS 7368

GEORGE F. SCHOENER, JR., ET AL. v. M. MARK MENDEL, LTD, ET AL.

CIVIL ACTION No. 95-6002

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1996 U.S. Dist. LEXIS 7368*

May 24, 1996, Decided
May 24, 1996, Filed

**LexisNexis(R) Headnotes**

COUNSEL: [*1] For GEORGE F. SCHOENER, JR., GEORGE SCHOENER, JR., P.C., PLAINTIFFS: JAMES A. YOUNG, CHRISTIE, PABARUE, MORTENSEN AND YOUNG, PHILA, PA, USA.

For M. MARK MENDEL, LTD., M. MARK MENDEL, LTD., EMPLOYEE MONEY PURCHASE PLAN AND TRUST, M. MARK MENDEL, GRACE B. MENDEL, DANIEL E. MURRAY, THEODORE A. SCHWARTZ, AS FIDUCIARIES OF THE M. MARK MENDEL, LTD. MONEY PURCHASE PLAN AND TRUST, THEODORE A. SCHWARTZ, LINDA F. ROSEN, INDIVIDUALLY, DEFENDANTS: WALTER WEIR, JR., WEIR & PARTNERS, PHILADELPHIA, PA, USA.

For BEVERLY K. THOMPSON a/k/a BEVERLY CAMPBELL, RESPONDENT: FRANCIS J. HARTMAN, HARTMAN, MARKS & NUGENT, MOORESTOWN, NJ, USA.

JUDGES: JUDGE EDMUND V. LUDWIG

OPINIONBY: EDMUND V. LUDWIG

OPINION:
   MEMORANDUM

Ludwig, J.
   May 24, 1996

This is an ERISA action. Plaintiff George F. Schoener, Jr is a former member of the M. Mark Mendel law firm. Defendants, who are M. Mark Mendel, Ltd., M. Mark Mendel, Ltd., Employee Money Purchase Plan and Trust, M. Mark Mendel, Grace B. Mendel, Daniel E. Murray, Theodore A. Schwartz, and Linda F. Rosen, move for summary judgment on the ERISA claims and to dismiss the two supplemental state law claims for lack of subject matter jurisdiction. Fed.R.Civ.P. [*2] 56; 12(b)(1). Individual plaintiff and his corporation, plaintiff George F. Schoener, Jr., P.C., cross-move for summary judgment on the ERISA claims and also move for a preliminary injunction. Fed.R.Civ.P. 56; 65.

Of the 10 ERISA claims involving the administration of the M. Mark Mendel, Ltd., Employee Money Purchase Plan and Trust, seven contain, at least in part, triable issues. They will therefore survive defendants' summary judgment motion. As to the other three, defendants' motion for summary judgment will be granted as to two; and plaintiffs' cross-motion for summary judgment will be granted as to one.

Defendants' motion to dismiss the supplemental state claims will be granted. Plaintiffs' motion for injunctive relief will be denied. n1

---

n1 This motion originally sought a temporary restraining order Upon the parties' stipulation, the request became moot See infra at 7

---

I. The ERISA Claims

Under ERISA, individual plaintiff, a participant in the Plan, has standing to sue to enforce the Plan fiduciaries' [*3] obligations. Varity Corp. v. Howe, U.S.   ,  , 116 S. Ct. 1065, 1076,   L. Ed. 2d   (1996)

Case 1:04-cv-01268-***-MPT    Document 36-7    Filed 03/02/2005    Page 3 of 5

Page 2
1996 U.S. Dist. LEXIS 7368, *

(29 U.S.C. § 1132(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation."). Defendants' argument to the contrary is rejected.

A. Claims Involving Triable Issues. n2

> n2 Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The movant has the burden of showing that there is no triable issue. The opposing party must point to specific, affirmative evidence in the record - and not simply rely on allegations or denials in the pleadings - in order to defeat a properly supported motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir. 1994).

The following ERISA claims have been shown to involve genuine issues of material fact and, as such, cannot be [*4] decided on summary judgment: A loan by the Plan to defendant Mr. Mendel of $ 220,000; the propriety of the Plan's 1994 investments; the status as fiduciaries of defendants Theodore A. Schwartz and Daniel E. Murray; the alleged inadequacy of Plan information supplied to Mr. Schoener; and the Plan's dealings with premises 113 Dalton Terrace.

In addition, issues involving the originations of two loans made by the Plan, one for $ 20,000 to Campbell, the other for $ 250,000 to the Auspitzes, are barred by the statute of limitations. n3 However, these loans are alleged not to have been fully repaid. The ongoing non-collection of them, assertedly amounting to fiduciary breaches, contains triable issues that must be submitted to the fact finder. See *Katsaros v. Cody*, 744 F.2d 270, 280 (2nd Cir. 1984) (trustee's failure to recover loan may constitute a violation).

> n3 29 U.S.C. § 1113:
>
> "(a) No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation ..., after the earlier of --
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, . except that in case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation."

[*5]

B. Summary Judgment for Defendants

From 1990, the amount of the bond covering the Plan appears to have been sufficient. Under 29 U.S.C. § 1112, the fiduciary's bond "... shall not be less than 10 per centum of the amount of the funds handled." That amount is "determined by the funds handled ... during the preceding reporting year...." Id. So calculated, the bonding levels from 1990 to 1994 were not inadequate. n4

> n4 Pre-1990 bond amount contentions are barred by the limitations statute.

As to the $ 8,611.98 that was distributed to three of the Plan participants' children, the claim that these payments constituted ERISA violations was asserted for the first time in plaintiffs' cross-motion for summary judgment. It is not set out either in the complaint or in plaintiffs' ERISA case statement. As such, it is deemed to have been waived for the purpose of these motions. *McNeil v. Aguilos*, 831 F. Supp. 1079, 1087 (S.D.N.Y. 1993).

C. Summary Judgment for Plaintiffs

The loan of $ 75,000 [*6] made in 1994 to a Plan participant, R. Szostak, violated the Plan's $ 50,000 limitation. While this loan was reduced by partial payment to $ 38,000, the Plan's lack of any pecuniary loss is not dispositive. "Under 29 U.S.C. § 1106(a)(1)(D) ... an ERISA plaintiff may prosecute for a fiduciary's transfer of plan assets to a party-in-interest regardless of cost or loss to the plan." *Ziegler v. Connecticut Gen. Life Ins. Co.*, 916 F.2d 548, 551 (9th Cir. 1990). However, absent a showing of loss, relief may be granted only if the fiduciary's conduct was "dishonest" - and not simply "imprudent." See *Brock v. Robbins*, 830 F.2d 640, 647 (7th Cir. 1987). A triable issue therefore remains as to the degree of fiduciary culpability. As to the nature of affordable relief, there may also be a standing problem given that this claim is not brought on behalf of the Plan.

II. The Supplemental State Claims - Defendants' Motion to Dismiss. Fed.R.Civ.P. 12(b)(1). n5

n5 A Rule 12 motion looks exclusively to the material facts alleged in the complaint. If it cannot be said with certainty that there is no set of facts under which plaintiff could recover, the motion must be denied. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, , 113 S. Ct. 2891, 2917, 125 L. Ed. 2d 612 (1993).

[*7]

Count II claims damages for alleged waste of defendant law firm's corporate assets; Count III is in the nature of an accounting claim involving 30-some plaintiff personal injury actions that Mr. Schoener has continued to handle since he left the firm in February, 1995. n6

n6 It is undisputed that Mr. Schoener owned a 12 percent interest in the Mendel law firm as of the time of his departure. Defendants contest his right to retain cases that they contend were and continue to be the Mendel firm's property.

Where there is original jurisdiction over claims set forth in a complaint: "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *28 U.S.C. § 1367*(a). Our Circuit this year delineated the following:

> First, 'the federal claim must have substance sufficient to confer subject matter jurisdiction on the [*8] court.' [citations omitted] ... The other two requirements before federal courts may exercise supplemental jurisdiction to hear state law claims are: [1] The state and federal claims must derive from a common nucleus of operative facts. [2] But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*Lyon v. Whisman*, 45 F.3d 758, 760 (3rd Cir. 1996).

Here, the issue is whether the ERISA claims and the corporate waste and accounting claims grow out of a "common nucleus of operative fact." Under supplemental jurisdiction principles, "mere tangential overlap of facts is insufficient, but total congruity between the operative facts of the two cases is unnecessary." *Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 105 (3rd Cir. 1988). Only one ERISA claim - the $ 220,000 loan to Mr. Mendel - can be said to relate directly to the corporate waste count. The other ERISA claims involve the handling of Plan assets and investments, while the corporate [*9] waste claims concern the alleged misuse of the law firm's assets. The evidentiary interrelationship of these matters is insubstantial. From the standpoint of operative fact, these claims cannot be considered to be so intertwined as to be part of the same case or controversy. See *McCarthy v. Pelino & Lentz*, 1995 U.S. Dist. LEXIS 7940, 1995 WL 347001, *4 (E.D.Pa 1995); *Vanguard Savings and Loan Ass'n. v. Banks*, 1994 U.S. Dist. LEXIS 11764, 1994 WL 456361, *2 (E.D.Pa. 1994).

Even less of a factual nexus inheres between the ERISA and accounting claims. n7 The argument that the accounting is "directly related to the Mendel firm's annual profits and the funding of the Plan" is not persuasive. Pl. Resp. Def. Mot Dis., 9.

n7 At oral argument, plaintiffs conceded "there is not an immediate nexus." Tr., May 8, 1996, at 37.

III. Plaintiffs' Motion for Injunctive Relief

When this action was filed, plaintiffs moved for a temporary restraining order or a preliminary injunction to prohibit defendants from initiating an action in state court. In general terms, the [*10] reasons given were that a state court should not be permitted to exercise jurisdiction over the same matters as those to be adjudicated in the present action. Otherwise, it was argued, a state court could enter orders affecting this proceeding. No hearing was held; and instead, upon conference, the parties entered into a stipulation, filed of record - in which defendants agreed not to begin a state court action before giving plaintiffs 10 days written notice following the disposition of the ERISA summary judgment motions. Stipulation, October 30, 1996. Thereafter, extensive but unsuccessful settlement discussions occurred.

An injunction may not be issued. There is no basis for a finding of irreparable harm. The ERISA bond protects Mr. Schoener's interest in the Plan. The supplemental state claims are now relinquished. Moreover, under any circumstances, to enjoin the filing of an action in a state court would amount to highly extraordinary relief. "Any doubts ... should be resolved in favor of permitting the state courts to proceed in an

orderly fashion...." *Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630, 97 S. Ct. 2881, 2887, 53 L. Ed. 2d 1009 (1977)* (quoting Atlantic Coast [*11] *Line R. Co. v Brotherhood of Locomotive Engineers, 398 U.S. 281, 297, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970))*

Edmund V. Ludwig, J.

**ORDER**

AND NOW, this 24th day of May, 1996 the parties' motions are ruled on as follows:

1. Defendants' motion for summary judgment as to Count I, ERISA claims: Granted as to occurrences predating the six-year limitations period and as to the amount of the Plan's bond from 1990 to 1994. Otherwise, denied. See Memorandum at 3-4.

2. Plaintiffs' cross-motion for summary judgment as to ERISA claims: Granted as to the Szostak loan, subject to a determination at trial as to fiduciary's scienter. Otherwise, denied. The claim as to distributions to children is not considered.

3. Defendants' motion to dismiss Counts II and III, the supplemental state claims: Granted.

4. Plaintiffs' motion for injunctive relief: Denied.

Edmund V. Ludwig, J.