# EXHIBIT G

LEXSEE 2004 US DIST LEXIS 15664

CHARLES STANZIALE, Plaintiff, v. MORRIS NACHTOMI, et al., Defendants.

Civil Action No. 01-403 KAJ

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 15664

August 6, 2004, Decided

**PRIOR HISTORY:** Stanziale v. Nachtomi, 2004 U.S. Dist. LEXIS 7375 (D. Del., Apr. 20, 2004)

**DISPOSITION:** [*1] Plaintiff's motion for reargument was denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** For CHARLES A. STANZIALE, plaintiff: John Leonard Reed, Duane Morris LLP, Wilmington, DE.

For STEVEN L. GELBAND, STEPHEN A. OSBORN, HENRY P. BAER, LEO-ARTHUR KELMENSON, ELI J. SEGAL, TERRY V. HALLCOM, defendants: Bruce E. Jameson, Prickett, Jones & Elliott, Wilmington, DE.

**JUDGES:** Kent A. Jordan, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Kent A. Jordan

**OPINION:**

## MEMORANDUM ORDER

### I. Introduction

Presently before me is a motion (Docket Item ["D.I."] 34; the "Motion") filed by plaintiff Charles A. Stanziale, Jr., in his capacity as Chapter 7 Trustee of Tower Air, Inc. ("Plaintiff"), seeking reargument of the Memorandum Opinion dated April 20, 2004 (D.I. 33) in which I granted the motion to dismiss filed by defendants Morris K. Nachtomi, Stephen L. Gelband, Stephen A. Osborn, Henry P. Baer, Leo-Arthur Kelmenso, Eli J. Segal, and Terry V. Hallcom (collectively the "Defendants"). I have jurisdiction over this case pursuant to 28 U.S.C. § 1334. For the reasons that follow, the motion will be denied.

### II. Background

Because the factual and procedural history of this case is set forth in the Memorandum [*2] Opinion dated April 20, 2004 (D.I. 33), it will not be repeated here. Rather, the facts pertinent to the motions currently before me are incorporated in the discussion below.

### III. Standard of Review

Motions for reconsideration or reargument should be granted only "sparingly." *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991). In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.*

Further, a district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment only when: (1) there [*3] has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. *See Max's Seafood Cafe by Lou*

Case 1:04-cv-01268-***-MPT    Document 38-8    Filed 03/02/2005    Page 3 of 5

Page 2
2004 U.S. Dist. LEXIS 15664, *

*Ann, Inc v Quinteros,* 176 F.3d 669, 677 (3d Cir 1999) (citation omitted).

## IV. Discussion

Plaintiff "moves for reargument and/or for alteration or amendment" of the April 20, 2004 Memorandum Opinion because the Plaintiff believes that I erroneously imposed the "heightened" pleading standard of Fed. R. Civ. P. 23.1, n1 which applies to shareholder derivative suits, in dismissing its claims. (D.I. 34 at 3-4.) Plaintiff claims that this is not a derivative lawsuit, but is "brought directly by the Debtor against former officers and directors for harm committed by them." (*Id.* at 7.)

> n1 Rule 23.1 specifies several pleading requirements "in a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it ..." Among those requirements is that the complaint "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort."

[*4]

Plaintiff's argument that I "misapprehended the proper standard or committed legal error in applying the Rule 23.1 standard" (*Id*) is not well founded for several reasons. First, the April 20, 2004 Memorandum Opinion does not rely upon, apply, or even mention Rule 23.1 in dismissing Plaintiff's Amended Complaint. Second, although I cited *In re General Motors Class E Sec. Litig.*, 694 F. Supp. 1119, 1132 (D. Del. 1988) and *Brehm v. Eisner,* 746 A.2d 244, 255 (Del. 2000), both of which involve shareholder derivative suits, Plaintiff wrongly believes that I applied the Rule 23.1 pleading standard by citing those cases. I cited *In re General Motors* and *Brehm* for the proposition that a plaintiff "may prevent the application of the business judgment rule with well-pleaded facts establishing that the directors acted out of self-interest," and that "in order to overcome the presumption of the business judgment rule," in the absence of any allegations of self-dealing, "plaintiffs must allege with particularity facts which establish that the contested decision was not a product of valid business judgment." *In re General Motors,* 694 F. Supp. at 1132. [*5]

The requirement of well-pleaded facts to overcome the business judgment rule, which is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company, is well established in Delaware. n2 The requirement also applies where, as here, a bankruptcy trustee brings suit against former directors and officers of the Debtor. In *In re RSL Com Primecall, Inc.,* 2003 Bankr. LEXIS 1635, Nos. 01-11457 et. al., 2003 WL 22989669 (Bankr. S.D.N.Y. Dec. 11, 2003), the trustee alleged that the defendants wrongfully concealed RSL's insolvency and wrongfully prolonged the corporate existence of RSL. In granting defendant's motion to dismiss several of the trustee's duty of care claims, n3 the court held that a "plaintiff bears the burden of alleging well pleaded facts to overcome the presumption [of the business judgment rule] and survive a motion to dismiss," and that "absent well pleaded allegations of specific acts of self-dealing or even bad faith, Plaintiff's cannot overcome the presumption afforded by the business judgment rule that the directors acted reasonably [*6] and in good faith." 2003 Bankr. LEXIS 1635, [WL] at *9-10.

> n2 *See Cinerama, Inc. v. Technicolor, Inc.,* 663 A.2d 1156 (Del. 1995) ("unless effectively pled factual allegations in the ... plaintiff's complaint successfully rebut the presumption of the business judgment rule, the Directors would be protected by the substantive operation of the business judgment rule"); *Crescent/Mach I Partners L.P.,* 846 A.2d 963, 984 (Del. Ch. 2000) ("In order for plaintiffs' duty of care claims to survive a motion to dismiss, they must sufficiently plead facts which if true would take defendants' actions outside the protection afforded by the business judgment rule."); *Ash v. McCall,* 2000 Del. Ch. LEXIS 144, No. Civ. A. 17132, 2000 WL 1370341 at *10 (Del. Ch. Sept. 15, 2000) ("This Court has stated on several occasions that mere allegations that directors made a poor decision - absent some showing of self-dealing or suspect motivation -- does not state a cause of action ...").

> n3 The court denied defendants' motion to dismiss the claims premised on the alleged issuance of $ 1.6 billion guarantee of the outstanding debt of the parent corporation by RSL USA, without any board approval, at a time both entities were allegedly insolvent. 2000 Del. Ch. LEXIS 144, [WL] at *11. In permitting the

trustee to proceed on claims for breach of the director's duty of care relating to the issuance of the guarantees, the court determined that the trustee's factual allegations "adequately alleged self-dealing." 2000 Del. Ch. LEXIS 144, [WL] at *11-12.

[*7]

Plaintiff cites *Grimes v. Donald*, 673 A.2d 1207 (Del. 1996) and *Pereira v. Cogan*, 2001 U.S. Dist. LEXIS 2461, 2001 WL 243537 (S.D.N.Y. Mar. 13, 2001) for the notion that in breach of duty cases that are direct, the less stringent notice pleading standards of Fed. R. Civ. P. 8 apply, rather than the heightened standards of Rules 9 or 23.1. Plaintiff states that "the Court was required to assume the truthfulness of all well-pleaded allegations in the Amended Complaint and dismiss the [Plaintiff's] claims only if it determined with reasonable certainty that the [Plaintiff] could not have prevailed on any set of facts that could be inferred from the Amended complaint." (D.I. 34 at 8-9.) I do not disagree with Plaintiff with respect to what the pleading standards of Rule 8 require.

However, what Plaintiff evidently fails to comprehend is that the business judgment rule applies to this case and means that Plaintiff was required to rebut the presumption of that rule with well-pleaded facts, not conclusory allegations. *See Grobow v. Perot*, 539 A.2d 180, 188 n.6 (Del. 1988) ("Even under the less stringent standard of a [Rule [*8] 12(b)(6)] motion to dismiss, all facts of the pleadings and reasonable inferences to be drawn therefrom are accepted as true, but neither inferences nor conclusions of fact unsupported by allegations of specific facts upon which the inferences or conclusions rest are accepted as true"); *McMillan v. Intercargo Corp.*, 768 A.2d 492, (Del. Ch. 2000) (granting motion dismissing claims for breach of fiduciary duties because "as on a Rule 12(b)(6) motion ... a court ... will not rely upon conclusory allegations of wrongdoing or bad motive unsupported by pled facts"); *Weinberger v. UOP, Inc.*, 409 A.2d 1262, 1264 (Del. Ch. 1979); *Cohen v. Mayor of Wilmington*, 34 Del. Ch. 39, 99 A.2d 393, 395 (Del. Ch. 1953).

Plaintiff's conclusory allegations that the Defendants breached their fiduciary duties of care, loyalty, and good faith did not rebut the presumption of the business judgment rule, and that is the holding of the April 20, 2004 Memorandum Opinion. (D.I. 33 at 8, 10, 15, 16, 17.) Because I have neither misapprehended nor committed legal error in granting the Defendants' motion to dismiss, and because Plaintiff has not alleged any new, well-pleaded [*9] facts that were not available at the time Defendants' motion to dismiss was granted, Plaintiff's Motion must be denied.

Plaintiff also believes that I "misapprehended and/or erred as a matter of law" in interpreting Delaware case law governing claims with respect to a board of directors' duty to oversee the corporation's affairs. (D.I. 34 at 4.) Specifically, Plaintiff states that my construction of *Caremark Int'l, Inc., Deriv. Litig*, 698 A.2d 959 (Del. Ch. 1996)) "is premised on a misapprehension of the law." (D.I. 34 at 14.) In the April 20, 2004 Memorandum Opinion, I held that *Caremark* was inapplicable to Plaintiff's claim that the Defendants were liable for their failure to monitor the conditions or activities of the corporation because Plaintiff did not allege that the Defendants failed to comply with the law. (D.I. 33 at 13.) In *Caremark*, Chancellor Allen stated:

> a director's obligation includes a duty to attempt in good faith to assure that a corporate information and reporting system, which the board concludes is adequate, exists, and that failure to do so under some circumstances may, in theory at least, render a director liable for losses [*10] caused by non-compliance with applicable legal standards.

698 A.2d at 970. Even if Chancellor Allen intended "applicable legal standards" to include "the legal standards governing the fiduciary duties owed by directors," n4 as Plaintiff alleges (D.I. 34 at 14-15), and not just compliance with criminal and regulatory law (which defendant Caremark violated, resulting in $ 250 million in costs and liability being imposed on the corporation), this case is not one of the "circumstances" where the directors will be liable.

n4 Specifically, the duty of care, which, according to Plaintiff, includes a duty to monitor. (See D.I. 34 at 15.)

In *Caremark*, Chancellor Allen said:

> Generally, where a claim of directorial liability for corporate loss is predicated upon ignorance of liability creating activities within the corporation ... only a sustained or systematic failure of the

board to exercise oversight ... will establish the lack of good faith that is a necessary condition to liability. [*11] Such a test of liability -- lack of good faith as evidence by sustained or systematic failure of a director to exercise reasonable oversight -- is quite high.

698 A.2d at 971. In this case, as in *Caremark*, there apparently "is no evidence that the director defendants were guilty of a sustained failure to exercise their oversight function." *Id.* (*See* D.I. 33 at 13-15.) More to the point, though, there are no facts alleged to support "the conclusion that the defendants either lacked good faith in the exercise of their monitoring responsibilities or conscientiously permitted a known violation of law by the corporation to occur." 698 A.2d at 972; *see also Guttman v. Huang*, 823 A.2d 492, 506-507 (Del. Ch. 2003) (to proceed on *Caremark* claim, plaintiff must plead a conscious dereliction of duty; plaintiff's "conclusory complaint is empty of the kind of fact pleading that is critical to a *Caremark* claim ..."). Therefore, Plaintiff's Motion must be denied.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reargument (D.I. 34) is denied.

Kent A. Jordan

UNITED STATES DISTRICT JUDGE

August 6, 2004
Wilmington, [*12] Delaware