IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE IT GROUP, INC., et al. ) | Case No. 02-10118 (MFW) |
| Debtors, ) | Jointly Administered |
| ) | |
| ──────────────────────── ) | |
| ) | |
| IT LITIGATION TRUST ) | |
| Plaintiff, ) | Civ. A. No. 04-CV-1268 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. ) | |
| HARVEY, JAMES C. McGILL, RICHARD ) | |
| W. POGUE, PHILLIP B. DOLAN, E. ) | |
| MARTIN GIBSON, ROBERT F. ) | |
| PUGLIESE, CHARLES W. SCHMIDT, ) | |
| JAMES DAVID WATKINS, ANTHONY J. ) | |
| DeLUCA, HARRY J. SOOSE, THE ) | |
| CARLYLE GROUP, THE CARLYLE ) | |
| GROUP, L.L.C., CARLYLE PARTNERS II, ) | JURY TRIAL DEMANDED |
| L.P., CARLYLE SBC PARTNERS, II, L.P., ) | |
| CARLYLE INTERNATIONAL PARTNERS ) | |
| II, L.P., CARLYLE INTERNATIONAL ) | |
| PARTNERS III, C/S INTERNATIONAL ) | |
| PARTNERS, CARLYLE INVESTMENT ) | |
| GROUP, L.P., CARLYLE-IT ) | |
| INTERNATIONAL PARTNERS, L.P., ) | |
| CARLYLE-IT INTERNATIONAL ) | |
| PARTNERS II, L.P., CARLYLE-IT ) | |
| PARTNERS L.P., and T.C. GROUP, L.L.C., ) | |
| Defendants. ) | |

## SCHEDULING ORDER

AND NOW, this ___ day of _____, 2005, the Court having conducted

an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on

_____, 2005, and the parties having determined after discussion that the matter

cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

{10000606.DOC}

IT IS HEREBY ORDERED, that:

I. **GENERAL**

   A. <u>Scope</u>. The terms of this Scheduling Order shall be applicable and binding upon all parties presently named as well as other parties that may be joined or actions consolidated with this matter hereinafter to the extent practical.

   B. <u>Determination of Complexity</u>. Pursuant to the Stipulation and Order to Extend Time to Respond, to Stay Discovery and Request Certification of Complexity under Local Rule 16.1 entered by this Court on February 17, 2005, this Court hereby certifies pursuant to 28 U.S.C. § 473(a)(2)(B) that it has determined that a trial date cannot reasonably be scheduled within the time constraints set forth in Local Rule 16.2(c) because of the complexity of the case.

   C. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days following the final resolution of any motions to dismiss brought on grounds other than lack of personal jurisdiction.

   D. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before the 30th day following the final resolution of any motions to dismiss brought on grounds other than lack of personal jurisdiction.

   E. <u>Modification</u>. Any party may move for modification of this Scheduling Order, or an extension of the deadlines set forth in this Order, where good cause is shown.

## II.   FILING AND SERVICE OF PAPERS

The Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Delaware shall govern the filing and service of all pleadings and other papers in this action, with the following exceptions:

A.   All parties acknowledge that their respective counsel maintain e-mail addresses, that e-mail addresses have all been exchanged among counsel, and that the parties may select, as an alternative to service of process by mail, to serve parties with correspondence and pleadings via e-mail transmission.  For purposes of this section, the parties acknowledge that for documents or other items which cannot be fully transmitted via e-mail communication (*e.g.* documents attaching or referencing exhibits), those materials will continue to be served as contemplated in the Federal Rules and e-mail service will not be deemed complete until those materials are served.

B.   All parties agree that for purposes of serving discovery requests directed to another party, that those requests will be served in hard copy to all parties, and also in diskette or electronic form to the party who is obligated to respond to the requests.  For example, if one defendant serves the plaintiff with discovery requests directed to the plaintiff, the plaintiff shall be served with not only a hard copy of the discovery requests, but also with a computer diskette containing the requests; all other defendants would simply be served with a hard copy of the discovery requests.

### III. DISCOVERY PROCEDURES

A. <u>Written Discovery</u>.

*PLAINTIFF'S SUGGESTED LANGUAGE*

[**Commencement of Written Discovery Requests.** Written discovery requests will not be served prior to forty-five (45) days following the final resolution of any motions to dismiss brought on grounds other than lack of personal jurisdiction. Notwithstanding, upon resolution of any motion to dismiss brought on grounds other than lack of personal jurisdiction, the parties may conduct discovery with regard to non-parties or on the issue of persona jurisdiction.]

*DEFENDANTS' SUGGESTED LANGUAGE*

[**Commencement of Written Discovery Requests.** Written discovery requests will not be served prior to forty-five (45) days following the final resolution of any motions to dismiss brought on grounds other than lack of personal jurisdiction; <u>provided, however</u>, that upon final resolution of any motions to dismiss on grounds other than lack of personal jurisdiction the parties shall confer regarding issues pertaining to written discovery on non-parties and the issue of personal jurisdiction.]

    1. **Requests for Documents**

        a. **Inadvertent Production**. To facilitate speedy production of documents, and in recognition of the large quantity of documents potentially subject to production in this action, inadvertent production of a privileged document during discovery shall not, subject to the following conditions, constitute a waiver of the attorney-client, work-product,

{I0000606.DOC}

4

or other privileges applying to that document. The production of any document shall not constitute a waiver of any right to request return of documents produced inadvertently.

(i) If a party determines that a document was inadvertently produced, return of the document shall be requested from the other parties in writing within five (5) business days of the date the inadvertent production was discovered.

(ii) Subject to subsection c. *infra*, the original and all duplicates of an inadvertently produced document shall be returned within five business days of such a request.

(iii) If the party to whom the document was produced does not agree with the assertion of inadvertent production, that party may raise the issue with the Court by filing an appropriate motion within ten (10) business days of a notification under section a. *supra*. Failure to file such a motion within that period shall be deemed a withdrawal and waiver of any assertions as to the document, and the document shall be returned to the producing party under section b. *supra*.

(iv) If a claim that a document was inadvertently produced is made by any party during a deposition, the document is not to be used in a deposition. Upon request of any party, questioning on a document believed to have been inadvertently produced shall immediately cease, provided that any party shall have the right to continue the deposition to question the witness about a document that the Court determines is not privileged or as to which the Court determines that privilege was waived.

b. **Document Labeling.** All documents produced by any party shall be produced with a bates number. The bates number shall be composed of two parts: a short alphabetical abbreviation that gives some indication of the party producing the documents; followed by the page number of the document. Each party shall identify in a cover letter the documents being produced therewith.

    c.    **Privilege Logs.**

        (i)    <u>Generally</u>. Within 14 days of each production of documents, the party claiming the privilege shall provide all other parties with a privilege log identifying the following information for each document and attachment to each document for which privilege is claimed:

            1.    the Bates range of the document;

            2.    the date of the document;

            3.    the author(s) of the document;

            4.    all indicated addressee(s) and recipient(s) of the document;

            5.    a description of the subject matter of the document; and

            6.    a statement of the privilege pursuant to which the document was withheld.

        (ii)    To the extent that itemized logs would reveal privileged information, group designations will be permissible.

    d.    **Document Inspection.** To the extent that documents are produced for inspection rather than copied, those documents may be produced where they are located, provided such location is reasonably accessible to the Court, or any other place as the parties may agree or the Court may order. The documents shall be reviewed promptly, and they shall be returned in the same condition and order in which they were made available to the inspecting party.

    e.    **Coordination of Document Requests.** To avoid duplicative discovery, the defendants may coordinate requests for production of documents on behalf of all defendants. Nothing in this section, however, shall limit the right of any party to propound any document requests to which it is entitled under the Federal Rules of Civil Procedure.

{10000606.DOC}

6

f.     **E-Discovery Default Standard.** The Court's Default Standard for Discovery of Electronic Documents is incorporated herein by reference as a non-binding guide for each party for discovery of electronic documents.

2.     **Interrogatories and Requests for Admission**

a.     **Coordination of Requests.** To avoid unnecessary duplication, the defendants may serve on plaintiff master sets of interrogatories and requests for admission on behalf of all defendants. Nothing in this section, however, shall limit the right of any party to propound any interrogatories or requests for admission to which it is entitled under the Federal Rules of Civil Procedure. Each defendant shall have the right to propound ___ written interrogatories to plaintiff.

B.     <u>Depositions</u>.

1.     **Commencement of Oral Discovery.** The parties agree that there will be no depositions noticed prior to one hundred thirty (130) days following the commencement of written discovery. The parties also agree that thirty (30) days before depositions are to begin, that they will all meet and confer in an attempt to develop a consensual schedule for the orderly taking of depositions in this litigation.

2.     **Location and Subpoenas.** All depositions of party witnesses and non-party witnesses shall be taken at a convenient location in the United States near their residence or place of employment, unless otherwise agreed to by the parties. Non-party witnesses who reside outside the subpoena power of this Court shall be taken at such location as the noticing party designates pursuant to Federal Rule of Civil Procedure 45. The noticing party may include a request for documents in the subpoena served on any witness who is not a party or employed by a party and who has not produced documents in this matter. Such subpoena may request

{10000606.DOC}

production of the requested documents at least 10 days prior to the date on which the deposition of the witness is scheduled. If a witness who is not a party or employed by a party actually produces documents (as opposed to making documents available for inspection) in response to such a subpoena, the party who served the subpoena shall immediately thereafter notify the other parties of the production of such documents and shall be responsible for distributing such documents to opposing counsel within two (2) business days of receipt. If the recipient of the subpoena makes documents available for inspection (as opposed to producing copies), the party who served the subpoena shall notify all parties of the time and place the documents are available for inspection.

3. **Notice.** Unless otherwise agreed between the parties, parties shall give opposing counsel at least thirty (30) days advance notice of the date of each deposition of a witness resident in the United States. Unless otherwise agreed between the parties, parties shall give opposing counsel at least forty-five (45) days advance notice of the date of each deposition of a witness who is not a resident of the United States.

4. **Protective Orders and Motions To Quash.** Unless good cause is shown, a party seeking to challenge the taking of a deposition shall follow the procedure set forth below in Section IV.B at least five (5) business days prior to the day the deposition is scheduled to commence. The initiation of procedure set for in Section IV.B shall stay the deposition until the Court decides the discovery dispute.

5. **Court Reporter.** The parties shall use their best efforts to agree on a limited number of court reporting services to be utilized for the taking of depositions in this litigation.

6. **Cooperation.** The parties shall use their best efforts to cooperate in scheduling depositions.

7. **Original Exhibits.** The court reporter shall send to the party noticing the deposition, who shall retain, the original exhibits for each deposition, as well as the original videotape, if any, for each deposition.

8. **Videotaped Depositions.** Any deposition may be videotaped in accordance with Local Rule 30.4, provided that notice of videotaping is given no later than five (5) business days before the deposition commences.

9. **One Deposition Per Day Limit.** Unless otherwise agreed, no more than one deposition may be scheduled on any one day, regardless of whether the deposition is noticed by the Plaintiff or the Defendants. Any deposition that is scheduled for one day, but is not completed on that day, shall continue on the next available day mutually convenient to all parties.

10. **Use of Documents.** To the extent practicable, a party questioning a deponent with respect to a document shall provide a copy of the document for use as an exhibit and a copy for all parties attending the deposition. The copies of documents used at depositions shall bear the appropriate identification number.

11. **Stipulations.** Unless otherwise noted on the record, the following stipulations shall apply to all depositions in this action, in addition to the provisions of the Federal Rules of Civil Procedure:

> a.  All objections, except those as to privilege and the form of the question, are reserved until time of trial and the failure to raise reserved matters during the deposition does not constitute a waiver of the right to object thereafter.

  b. Unless otherwise noted, an objection by a single defendant shall be deemed to be an objection by all defendants.

  c. Upon a witness' refusal to answer a question, any party at a deposition may, by telephone or otherwise, immediately bring a motion to compel or a motion for protective order with the Court. A party's failure to bring a motion to compel or a motion for protective order during the deposition, however, shall not constitute a waiver of any party's rights to file such motions at a later date.

  d. Transcription error corrections to a deposition shall be listed in an Errata Sheet. Counsel for the deponent or the deponent shall submit an Errata Sheet to the court reporter, who shall serve copies on all parties purchasing the transcript.

C. <u>Expert Discovery.</u>

 1. **Commencement of Expert Discovery.** The parties agree that there will be no expert depositions noticed prior to one hundred thirty (130) days following the commencement of oral discovery. The parties also agree that thirty (30) days before expert depositions are to begin, that they will all meet and confer in an attempt to develop a consensual schedule for the orderly taking of expert depositions in this litigation.

 2. **Background information.** Ten (10) days before the scheduled date of the deposition of an expert, the party producing the expert shall make available for inspection and copying by the party taking the deposition:

  a. A list of all publications authored or co-authored by the expert within the last ten years, together with copies of all such publications that are in the possession of the expert;

  b. A list of any other cases in which the expert has testified at trial, in arbitration or by deposition within the preceding three years; and

  c. To the extent not previously provided or otherwise available to the party taking the deposition, a list of all documents and other material relied upon by the expert in forming an opinion, together

with all such documents and other material, except transcripts, pleadings, and material produced in discovery in that action.

3. **Disclosure of Expert Testimony.** Unless otherwise agreed to by the parties, the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of oral discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

D. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed within 365 days following the following the final resolution of any motions to dismiss brought on grounds other than lack of personal jurisdiction.

IV. **COURT INVOLVEMENT**

A. Coordination with other Litigation. Nothing in this scheduling order shall prevent or limit a party from seeking relief from this Court or any other Court to coordinate discovery in this or any other proceeding, including but not limited to the actions denominated as *Payne v. Deluca, et al.*, C.A. No. 02-1927, *Highland Capital Management et al v. Ernst & Young, LLP, et al.*, C.A. No. 03-4530, *Highland Capital Management et al v. TC Group, L.L.C.*, C.A. No. 04C-06-068, and *Staro Asset Management, LLC v. Soose*, C.A. 02-0886.

B. Resolution of Discovery Disputes. The parties shall meet and confer to attempt to resolve any and all discovery disputes. Except in emergencies, for good cause shown, or as set

forth above in Section III.B.11.c. of this Order, should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing is necessary upon conclusion of the telephone conference, the Court will order it. As referenced above, disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

      C.     <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court. Should counsel be unable to reach an agreement on a proposed form of order, then counsel must first follow the provisions of Section IV.B above.

      Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

D.  <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers.

E.  <u>Settlement Conference</u>.  Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The Magistrate Judge will schedule a settlement conference with counsel and their clients to be scheduled at the convenience of the Court.

F.  <u>Status Conferences</u>.

1.  On _____, 200_, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m. Plaintiff's counsel shall initiate the telephone call.  If all parties agree that there is nothing to report, nor anything to add to the latest quarterly status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

2.  Pursuant to Local Rule 16.1(b)(1), ninety (90) days following the final resolution of any motion to dismiss brought on grounds other than the lack of personal jurisdiction, the parties shall begin to file joint quarterly reports concerning the status of discovery and any motions or procedural matters that are pending or anticipated.  Following the filing of the initial quarterly report, each successive report shall be filed on ninety (90) day intervals unless otherwise ordered by the Court.

3.  **Schedule.**  At the Court's discretion, the Court may hold status conferences at regular intervals or as needed or requested by the parties.

4.  **Submissions Prior To Status Conferences.**

    a.  <u>Moving Party's Submissions</u>:  The submissions of any party for an item to be ruled upon at a status conference must be filed with the Court and served upon and received by all other parties no later than ten (10) business days before the status conference.

    b.  <u>Opposing Party's Submissions</u>:  Any submissions of the opposing party must be filed with the Court and served upon and received by all other parties no later than five (5) business days before the status conference.

    c. <u>Reply Submissions</u>: Reply submissions, if any, must be filed with the Court and served upon and received by all other parties no later than two (2) business days before the status conference.

 G. <u>Case Dispositive Motions</u>. Unless otherwise agreed to by the parties, all case dispostive motions, and opening brief, and affidavits, if any, in support of the motion shall be served and filed no later than the 60th day following the close all discovery. Briefing will be conducted according to a schedule agreed to by the parties, or as otherwise ordered by the Court.

 H. <u>Application by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

 I. <u>Pretrial Conference</u>. The Court shall schedule a Final Pretrial Conference with counsel at a time to be determined by the Court following the close of discovery or the completion of briefing of any dispositive motion filed by any of the parties. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of the Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in accordance with Local Rule 16.4.

 J. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission,

{10000606.DOC}

14

unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

    K.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rule 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three (3) business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

    L.    <u>Trial</u>. This matter is scheduled for a ____ day trial beginning at 9:30 a.m. on _____, 200_.


By the Court,


_____
UNITED STATES DISTRICT JUDGE