# EXHIBIT I

Westlaw.

307 B.R. 787                                                                                                   Page 1
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))

▷

United States Bankruptcy Court,
D. Delaware.
In re MBC GREENHOUSE, CO., et al., Debtors.
Scott Peltz, as the Plan Administrator upon behalf of the substantively
consolidated estates of the Debtors, Plaintiff,
v.
CTC Direct, Inc. d/b/a CTC Distribution Direct and
R.R. Donnelley Logistics,
Defendants.
Bankruptcy No. 01-2175 PJW.
Adversary No. 03-54180 PJW.

March 12, 2004.

**Background:** Chapter 11 plan administrator moved for leave to file amended preference complaint after bar date for filing such complaints had passed.

**Holdings:** The Bankruptcy Court, Peter J. Walsh, J., held that:
(1) amended preference complaint that Chapter 11 plan administrator sought leave to file after bar date for filing such complaints had passed, to extent it sought to add 39 additional transfers aggregating more than $7.9 million, would not relate back to administrator's original complaint; but
(2) amended complaint would relate back to extent that it sought to add, as additional defendants, corporations that were related, as parent or subsidiary, to defendant originally named.
Motion granted in part and denied in part.

West Headnotes

[1] Bankruptcy ⚷2722
51k2722 Most Cited Cases
Amended preference complaint that Chapter 11 plan administrator sought leave to file after bar date for filing such complaints had passed, to extent it sought to add 39 additional transfers aggregating more than $7.9 million, would not relate back to administrator's original complaint, where additional transfers were not made pursuant to systematic course of dealing between parties and did not arise out same common scheme as six transfers specified in original complaint, but bore no relationship to these original six transfers apart from fact that they were likewise alleged to be preferential and involved similar payees; accordingly, to extent that administrator moved to amend complaint to add these additional transfers, his motion had to be denied. Bankr.Code, 11 U.S.C.A. § 547(b); Fed.Rules Bankr.Proc.Rule 7015, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

[2] Bankruptcy ⚷2722
51k2722 Most Cited Cases

[2] Bankruptcy ⚷2724
51k2724 Most Cited Cases
Amended preference complaint that Chapter 11 plan administrator sought leave to file after bar date for filing such complaints had passed, to extent it sought to add, as additional defendants on avoidance claims asserted in original complaint, corporate defendants that were related, as parent or subsidiary, to defendant originally named, would relate back to administrator's original complaint, and would be allowed as post-bar-date amendment, where original and additional defendants shared common officers, had same attorney and possessed sufficient identity of interest that notice which original complaint provided of administrator's claims had to be regarded as notice to these additional defendants as well, which made no showing of any prejudice. Bankr.Code, 11 U.S.C.A. § 547(b); Fed.Rules Bankr.Proc.Rule 7015, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

[3] Bankruptcy ⚷2157
51k2157 Most Cited Cases
In determining whether "prejudice" is present, of kind that may prevent amendment adding new defendant from relating back to date original complaint was filed, courts frequently evaluate good faith of party seeking amendment, extent to which there has been undue delay in proffering amendment, and degree to which amendment would needlessly delay final disposition of case. Fed.Rules Bankr.Proc.Rule 7015, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

*788 Laura Davis Jones, Curtis A. Hehn, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, DE, Andrew W. Caine, Jason S. Pomerantz, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Los Angeles, CA, for Scott Peltz, Plan Administrator upon behalf of Debtors' Post-Confirmation Bankruptcy Estates.

David B. Stratton, Wilmer C. Bettinger, Pepper

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

307 B.R. 787 Page 2
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
**(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))**

Hamilton LLP, Wilmington, DE, William M. Silverman, Peter H. Stolzar, Remy J. Ferrario, Ottorbourg, Steindler, Houston & Rosen, P.C., New York, NY, Co-Counsel for CTC Direct, Inc.

### MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

**\*\*1** This opinion is with respect to the motion to file an amended complaint (Doc. # 22) filed by Scott Peltz, as the Plan Administrator upon behalf of the substantively consolidated estates of the Debtors ("Plaintiff"). The amendment seeks to (1) increase the number and amount of the alleged preferential transfers and (2) add additional defendants. For the reasons discussed below, the Court will deny the motion with respect to the first proposed change and grant the motion with respect to the second.

### \*789 BACKGROUND

MBC Greenhouse Co., et al., ("Debtors") filed voluntary petitions for relief in this Court on July 2, 2001, under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq* (the "Bankruptcy Code"). [FN1] The Debtors' First Amended Joint Liquidating Plan of Reorganization was confirmed on May 9, 2002. The confirmation order authorized the Plaintiff to pursue retained bankruptcy causes of action, including preference actions.

> FN1. Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

On the eve of the § 546(a)(1)(A) two year statute of limitations, on July 1, 2003, the Plaintiff filed the complaint for avoidance and recovery of preferential transfers and named CTC Direct, Inc. d/b/a CTC Distribution Direct and R.R. Donnelley Logistics (collectively "Defendants"). The Defendants filed an answer to the complaint and pre-trial discovery ensued.

During the discovery period, the Defendants provided documents to the Plaintiff which showed that some of the alleged preferential payments were made to other entities, specifically R.R. Donnelley & Sons Company and R.R. Donnelley Receivables ("New Defendants"). Also, sometime during the discovery period, the Plaintiff "determined that it had mistakenly omitted from the Complaint additional payments the Debtors had made to defendants and their related entities, that should have been included in the Complaint's allegations as recoverable preferential payments." (Doc. # 22 at 4). On October 17, 2003, the Plaintiff filed the subject motion.

### DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure is made applicable to an adversary proceeding through Rule 7015 of the Federal Rules of Bankruptcy Procedure and states in pertinent part:

> (a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). The Supreme Court explained that leave should be granted

> [i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The Plaintiff seeks to file the amended complaint after the running of the two year statute of limitations, so in order for the amendment to be given effect it must be found to relate back to the date of the original complaint. According to Rule 15(c):

> **\*\*2** An amendment of a pleading relates back to the date of the original pleading when
>
> \* \* \* \* \* \*
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of \*790 the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)

The Plaintiff is attempting to increase the number of claims and number of defendants, therefore, each

307 B.R. 787   Page 3
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
**(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))**

proposed amendment implicates a different subsection of Rule 15(c).

A. Additional Preference Claims

[1] The Plaintiff is seeking leave from the Court to amend the complaint to increase the number and amount of the alleged preferences. Pursuant to § 546(a), the deadline for the Plaintiff to commence an avoidance action was July 2, 2003 (two years after the petition date). The subject motion was filed on October 17, 2003.

In order to relate back, Rule 15(c)(2) requires that the proposed claims must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). A number of bankruptcy courts have addressed the issue of whether newly identified avoidance transactions are deemed to have arisen "out of conduct, transaction, or occurrence" set forth in the original complaint.

In *Coan v. O & G Industries Inc. (In re Austin Driveway Services, Inc.),* 179 B.R. 390, 393 (Bankr.D.Conn.1995), the court found that the amendment did not relate back to the original complaint because the proposed additional preferential transfer was a separate transaction. The chapter 7 trustee filed a complaint that indicated the total amount of alleged preferential transfers. *Id.* After a motion for a more definite statement was granted, the first amended complaint was drafted to include six separate transactions aggregating $79,237.03. *Id.* After the statute of limitations had expired, the trustee filed a motion seeking leave to file an amended complaint that would describe a transfer already alleged, substitute a party's name and include a new claim. *Id.* at 393-94. The defendant objected to the inclusion of a new preferential claim and the court felt that its "primary task, then, [was] to define, as a matter of law, the parameters of the 'conduct, transaction, or occurrence' referred to by Rule 15(c)(2) in the preference context." *Id.* at 394. It explained that the rationale of Rule 15(c) "focuses on the notice given by the general fact situation stated in the original pleading." *Id.* at 395 (citations omitted). "One test of the sufficiency of the factual nexus between the original and the proposed allegations is whether the evidence with respect to the amendment could have been introduced under the original complaint." *Id.* The court further pointed out that the debtor-creditor relationship always exists in a preferential claim action and that does not establish a § 547 cause of action but that "[e]ach transfer between the debtor and a potential preference defendant is an isolated event." *Id.* at 397. The amendment was denied and the court held that the original complaint and first amended complaint were "a series of six distinct transactions, each of which was potentially voidable as a preference, but which were otherwise unrelated." *Id.* at 400.

**\*\*3** In *Gordon v. Slaughter (In re Slaughter Co. & Assoc., Inc.),* 242 B.R. 97, 103 (Bankr.N.D.Ga.1999), the court reached a similar conclusion and denied the trustee's motion to amend to add preferential transfers. **\*791** A few days before the two-year statute of limitations, the trustee filed the complaint for the recovery of alleged preferential transfers in the amount of $12,289.17. *Id.* at 99. Five months later, the trustee filed a third motion to amend to include a $32,000 transfer and the defendant opposed the amendment. *Id.* The court distinguished this case from the Supreme Court's *Foman* factors and stated that the trustee was not adding a new legal theory but attempting "to add a claim which will require proof of its own unique set of facts." *Id.* at 101. The trustee's argument that the amendment was only increasing the amount of the original claim was rejected. The court explained that "to allow Trustee to use the relation-back doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate." *Id.* at 102-03. Furthermore, the court noted that "[t]he only common relationship that the transaction added by the [amendment] has with the transactions in the original Complaint is that they all occurred during the year before the petition was filed." *Id.* at 102. Persuaded by the holding in *Coan*, the court denied the motion to amend. *Id.* at 103.

Similarly, in *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.),* 301 B.R. 375, 380 (Bankr.D.Mass.2003), the court found that not all payments made during the preference period were necessarily part of the same conduct and held that the addition of a new transaction claim would not relate back. On the last day of the limitations period the debtor filed a complaint to avoid and recover seven transfers made to the defendant totaling $276,561.02 in net preferential payments. *Id.* at 378. Several weeks later the debtor filed an amended complaint and claimed one additional preferential payment of $31,696.00 (for a total of $308,257.02). *Id.* Relying on *Coan* and *Gordon*, the court found that "the debtor-creditor relationship alone [was] insufficient to warrant the conclusion that all payments during the preference

307 B.R. 787                                                                                           Page 4
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
**(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))**

period [were] part of the same conduct, transaction or occurrence" and held that relation back was not "warranted or permissible." *Id.* at 380; *see also Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 B.R. 304, 308 (Bankr.S.D.N.Y.1986) (finding that the amendment alleging an additional preferential action would not relate back because it did not arise out of the same conduct and stating that since "they are all labelled preferential is of no significance").

In *Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379, 392 (Bankr.N.D.Ill.1994), the court reached a different result based on the facts before it; it denied a motion to dismiss the amended complaint and held that the amended complaint related back to the original complaint. The trustee filed a complaint to recover $22,500.00, which consisted of a series of $1,500.00 checks tendered weekly for fifteen weeks (December 29, 1989 through April 7, 1990), in violation of the state fraudulent conveyance statute. *Id.* at 383. After the expiration of the statute of limitations, the trustee filed an amended complaint for fraudulent transfers alleging that from April 20, 1990 until September 22, 1990, twenty-four weekly payments of $1,500.00 were made by the debtor from two bank accounts and that on April 13, 1990 another $1,500.00 payment was made. *Id.* at 384. Finally, the amended complaint claimed that the transactions would constitute preferential transfers and should be avoided pursuant to § 547. *Id.* at 385. The trustee argued that the allegations in the amended complaint should relate back to the original complaint. *Id.* at 388. The court found that "[t]he most *792 important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether the original complaint provided the defendant with sufficient notice of what must be defended against in the amended pleading." *Id.* The court set forth the test to determine if the transactions arose out of the same conduct and held that "[t]he test under Rule 15(c) of whether a sufficient factual nexus exists to permit relation back is whether 'the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed.' " *Id.* (citations omitted). The court held that the transfers alleged in both the original and amended complaint were "systematic," since a series of weekly payments for $1,500.00 were made. *Id.* at 390. The court also noted that following the conclusion of the original payments, the transactions in the amended complaint began immediately thereafter in the same amount and with the same frequency. *Id.* "Facially, these two streams of payments may be part of a single pattern of conduct" and, as a result, the court permitted them to relate back. *Id.*

**\*\*4** In the context of other Bankruptcy Code sections, courts have found that amendments could relate back. In *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757 (Bankr.D.Mass.1995), the trustee by its complaint alleged that the defendant received payments on numerous dates in 1991 and 1992 that were recoverable under § 548(a)(2). *Id.* at 759. The complaint also reserved the right to amend the complaint and bring preferential transfer claims under §§ 544 and/or 547. *Id.* An amended complaint was filed to recover additional fraudulent transfers that allegedly occurred from 1987 until 1991. *Id.* at 759-60. The court found that "the original complaint made allegations and contained facts that could be said to give the defendants fair notice that the trustee was complaining about transactions occurring during the entire history of the defendants' relationship with the debtor corporation ...." *Id.* at 763.

Likewise, in *Fiber-Lite Corp. v. Molded Acoustical Products (In re Molded Acoustical Prods., Inc.)*, 150 B.R. 608 (E.D.Pa.1993), the plaintiff was attempting to amend its complaint to include an additional count. The plaintiff instituted an adversary proceeding to recover alleged preferential transfers. *Id.* at 611. Prior to trial, it discovered that an alleged pre-petition transfer occurred post-petition and moved to amend its complaint to pursue that count under § 549 instead of § 547. *Id.* The court permitted the amendment to relate back because the defendant admitted "that the check was factually related to the pre-petition transfers alleged in the original complaint and because [the defendant] had notice throughout the litigation that [the plaintiff] sought to recover this transfer under a pre-petition claim." *Id.* at 613.

I find the analysis in *Coan, Gordon* and *New Bedford* to be on point with the facts here and I find the facts in *Brandt, Grella* and *Fiber-Lite Corp.* to be quite distinguishable from the facts here. Here, the initial complaint included six separate transactions aggregating $2,830,141.32; the proposed amendment identifies thirty nine separate transactions aggregating $7,911,935.66. Except as to one transaction, it is not possible to reconcile the list of the transactions in the proposed amended complaint with those in the original complaint. Essentially we have a whole new set of specific transactions set forth in the proposed amended complaint. There is no claim that these payments are systematic or part of a

307 B.R. 787                                                                                                          Page 5
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
**(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))**

"scheme," like the *793 claim in *Brandt.* [FN2] Here, the Plaintiff is attempting to add new preferential transfers that are, except as to one transaction, distinct from the ones set forth in the original complaint. This results in different essential facts giving rise to different alleged recoveries. Furthermore, these additional transactions may be subject to different § 547(c) defenses than those identified in the original complaint. Aside from their characterization as preferential transfers and similar payees there is no commonality between the thirty nine transactions (except as to one) and the six separate transactions alleged in the original complaint. Furthermore, just as the court in *Gordon* distinguished *Grella,* here too, the original complaint was not intended to avoid all transfers to the Defendants which occurred during the 90 day period. *Gordon,* 242 B.R. at 102. The Plaintiff has not produced any evidence to suggest that the Defendants had notice that the new transactions were subject to recovery. Thus, I conclude that the new transactions do not fall within the previously alleged "conduct, transaction, or occurrence" as contemplated by Rule 15(c)(2).

> FN2. The Plaintiff's original complaint is short and specific as to the essential facts regarding the transactions. Complaint paragraphs 12 and 13 state:
> Within ninety (90) days prior to the Petition Date, one or more of the Debtors made transfers to Defendant in the amount of $2,830,141.32 (the "Transfer").
> A summary of the information concerning the Transfer is attached hereto on Exhibit A, and incorporated herein by this reference.
> The Exhibit A is a table identifying the six alleged preference transfers by (1) date of payment, (2) the check or wire transfer number, (3) the payment amount and (4) the payment vendor. The proposed amended complaint reads the same except that Exhibit A is a table identifying thirty nine separate transactions.

**5 I also note that while the Plaintiff goes into some detail as to how it discovered, or indeed how the Defendants revealed to the Plaintiff, the true identity of the defendants, the motion is silent on how it is that the Plaintiff discovered the additional transactions which it now seeks to assert. It appears that the Plaintiff may simply have performed an inadequate examination of the Debtors' records leading up to the filing of the preference actions on the eve of the statute of limitations.

Finally, in its supplement, the Plaintiff argues that *New Bedford* is not precedential because it is First Circuit law and not Third Circuit law. I am not aware of a difference between the First Circuit and Third Circuit on this issue.

B. Additional Defendants

[2] With respect to adding the New Defendants, Rule 15(c)(3) applies to the change of a party name or the addition of a party. The Rule requires (1) the claim to arise out of the transaction set forth in the original pleading and (2) the time limit for service set forth in Fed.R.Civ.P. 4(m) must be satisfied. Since the amendment to increase the number and amount of preferential transfers is being denied, by adding the New Defendants the Plaintiff is not asserting new facts or claims. The proposed amended complaint would be based on the preferential transfers identified in the original complaint.

*E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.,* 621 F.Supp. 310, 314 (D.Del.1985), provides guidance here. In that case the plaintiff filed the motion to amend a complaint for patent infringement in order to add an additional defendant. *Id.* at 311. The court said that Rule 15(c) was composed of three elements whereby the second required the party being added to receive " 'within the period provided by law for commencing the action against [it],' such notice of the institution of the action that it will not be prejudiced in maintaining *794 its defense on the merits." *Id.* at 313. The court further explained that this element would be satisfied if the new defendant had an "identity of interest." *Id.* at 314. " 'Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.' " *Id* (citing *6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1499 (Supp.1985)).* The court found that the identity of interest test was met because the additional defendant was a wholly-owned subsidiary of the named defendant in the original complaint. *Id.* The court explained that "because the parent corporation had actual notice, adding its wholly-owned subsidiary as a party defendant does not prejudice the subsidiary." *Id.*; *see also State Farm Mutual Auto Ins. Co. v. Red Lion Med. Ctr., Inc.,* No. 95-2542, 2001 U.S. Dist. LEXIS 24101, at * 13 n. 3 (D.Pa. Oct. 17, 2001) ("The necessary constructive notice can be established by the fact that the same attorney represents both the original defendants and those

307 B.R. 787
307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197
**(Cite as: 307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.))**

Page 6

sought to be added by the amended complaint." (citations omitted)).

**\*\*6** In the matter here, notice can be established under the "identity of interest" test set forth in *Phillips Petroleum* The four entities involved have parent or subsidiary relationships. Moreover, the entities have corporate officers in common and are represented by the same counsel. This is sufficient to have put the New Defendants on notice. None of the assertions made by the Plaintiff in this regard are denied by the Defendants in their opposition.

[3] The Defendants make no showing of prejudice to the New Defendants. As articulated in *Phillips Petroleum,* "[i]n determining whether prejudice is present, courts frequently evaluate the good faith of the party seeking the amendment, the extent to which there has been undue delay in proffering the amendment, and the degree to which the amendment would needlessly delay the final disposition of the case." 621 F.Supp. at 314. The sequence of events here support a finding in favor of the Plaintiff on this issue. In *New Bedford Capacitor, Inc.,* the court also rejected the debtor's argument regarding prejudice, noting that "[u]nless, relation back applies, lack of prejudice is not dispositive under applicable case law as the Court's focus is upon fair notice based on the four corners of the original Complaint." 301 B.R. at 380.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion to amend its complaint is denied as to the request to add new and different preference transactions and is granted as to the request to add defendants R.R. Donnelley & Sons Company and R.R. Donnelley Receivables as additional defendants.

307 B.R. 787, 2004 WL 489091 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 197

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.