# EXHIBIT N

Westlaw.

Not Reported in B.R.

Page 1

2004 WL 483580 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 198

(Cite as: 2004 WL 483580 (Bankr.D.Del.))

C

United States Bankruptcy Court,
D. Delaware.
In re: WEBVAN GROUP, INC., et al., Debtors.
R. Todd NEILSON, as the Responsible Individual/Disbursing Agent for Webvan Group, Inc., et al., Reorganized Agent, Plaintiff,
v.
SHERI SOUTHERN, Defendant.
No. 01-2404 (CGC), ADV. 03-54375(CGC).

March 9, 2004.

Laura Davis Jones, James E. O'Neill, Curtis A. Hehn, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, DE, and Kevin W. Coleman, Scott H. McNutt, McNutt & Litteneker, LLP, San Francisco, CA, for the Reorganized Debtors, on behalf of R. Todd Neilson, as Responsible Individual/Disbursing Agent for Reorganized Debtors.

William D. Sullivan, Charles J. Brown, III, Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, DE, Counsel to Defendant, Sheri Southern.

*MEMORANDUM DECISION*

CASE, Bankruptcy J.

*1 Before this Court is Sheri Southern's Motion to Dismiss [Adv. Docket No. 6] R. Todd Neilson's Complaint, on the grounds that the complaint fails to state a claim upon which the plaintiff is entitled to relief, pursuant to Fed.R.Civ.P. 12(b)(6) made applicable to the adversary proceeding through Fed.R.Bankr.P. 7012. For the following reasons, the Court denies the Defendant's Motion to Dismiss.

*FACTS*

On July 11, 2003, R. Todd Neilson (the "Plaintiff") filed and served the above-referenced Complaint. Sheri Southern (the "Defendant") answered the Complaint on August 11, 2003, asserting the following affirmative defenses: (1) ordinary course of business pursuant to § 547(c)(2) of the Bankruptcy Code, (2) new value pursuant to § 547(c)(4) of the Bankruptcy Code, and (3) failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). On February 9, 2004, Defendant moved this Court to dismiss the Complaint. Completion of briefing was filed February 26, 2004.

Defendant seeks an Order dismissing Count One through Count Three of the Plaintiff's Complaint, which seeks to avoid preferential and fraudulent transfers, on the grounds that the Complaint fails to state a claim upon which relief may be granted. More specifically, the Defendant claims that the Plaintiff has merely recited the statute and has not provided factual information regarding (1) the date of the transfers, (2) the number of transfers, (3) what property was transferred, (4) the means of conveyance, (5) the amount of each individual transfer, and (6) the alleged antecedent debt on account of which the transfers were made. In the alternative, the Defendant seeks an order requiring the Plaintiff to provide a more definite statement of its claim pursuant to Fed.R.Civ.P. 12(c).

The Plaintiff objects to the Motion to Dismiss on the grounds that (1) the motion is untimely because the Defendant answered the Complaint, (2) Defendant's request for a more definite statement of the claim is untimely, (3) all facts germane to the claim have been stated as required by Fed.R.Civ.P. 8, and (4) the Complaint states a claim upon which relief may be granted. In the alternative, the Plaintiff seeks an order granting leave to file an amended complaint.

The Complaint alleges that Webvan acquired HomeGrocer.com, Inc. on September 5, 2000. Pursuant to Webvan and HomeGrocer.com's Merger Agreement, Webvan agreed to pay

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                                     Page 2
2004 WL 483580 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 198
(Cite as: 2004 WL 483580 (Bankr.D.Del.))

severance benefits to certain employees who were terminated after September 5, 2003. That after the acquisition, Sheri Southern, Vice President Technology Operations, remained employed by Webvan. On October 5, 2002, Webvan paid Sheri Southern a signing bonus in the amount of $35,000, and an additional $52,500 bonus on December 15, 2000. Sometime after September 5, 2000, Sheri Southern's employment was terminated. During the one-year preference period, July 13, 2000 and July 13, 2001, Webvan paid severance benefits to Sheri Southern in an amount of $98,437.50. Webvan's made one or more transfers to Sheri Southern in an aggregate amount not less than $185,937.50. Count One of the Complaint seeks to avoid the transfers made to Sheri Southern as preferences pursuant to § 547(b) of the Bankruptcy Code, Count Two seeks to avoid the transfers to Sheri Southern as fraudulent conveyances pursuant to § 548(a)(1)(B) of the Bankruptcy Code, and Count Three seeks to recover the avoided transfers for the benefit of the debtor pursuant to § 550(a)(1) of the Bankruptcy Code.

*DISCUSSION*

*2 A defendant may move to dismiss a complaint on the grounds that the complaint fails to state a claim upon which relief may be granted pursuant to the Fed.R.Civ.P. 12(b)(6) made applicable by Fed .R.Bankr.P. 7012. A motion to dismiss on these grounds is a drastic remedy, thus, the complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) . This defense may be raised at any time prior to trial or at trial. In addition, the defendant may choose not to file a motion and may raise the defense in his answer.

In determining whether to grant a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted, the Court is required to accept all of the allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *See Hechinger Inv. Co. of Delaware Inc., v. M.G.H. Home Improvement (In re Hechinger Inv. Co. of Delaware Inc.),* 288 B.R. 398, 400 (Bankr.D.Del.2003).

The Federal Rules of Civil Procedure merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Thus, this Court disagrees with a heightened pleading standard set forth in *TWA Inc v. Marsh USA Inc.,* 2004 WL 180421 *1 (Bankr.D.Del. January 20, 2004) and *Valley Media, Inv. v. Borders, Inc. (In re Valley Media, Inc.),* 288 B.R. 189, 192 (Bankr.D.Del.2003). [FN1]

> FN1. In those cases, the court determined that a complaint seeking to avoid a transfer as a preference must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *TWA Inc,* 2004 WL 180421 at *3, *citing, In re Valley Media,* 288 B.R. at 192 (*citation omitted* ). The court held that in a preference action "simply quoting the statutory language is not sufficient to survive a motion to dismiss." *TWA Inc.,* 2004 WL 180421 at *2; *In re Valley Media,* 288 B.R. at 192. In addition, a party cannot provide specifics necessary to survive a motion to dismiss in its reply. *See TWA Inc.,* 2004 WL 180421 at *3. In both cases, the court granted the defendants' motion to dismiss and granted leave to plaintiffs to amend their respective complaints.

This Court must take the facts alleged in the Complaint as true, that the transfers made to the Defendant, an insider, are transfers to a creditor, on account of an antecedent debt (the Merger Agreement), while the company was insolvent, within one year prior to the petition date, and received more than it would have under chapter 7, if the transfer was never made, and received payment of its debt to the extent provided under the Bankruptcy Code. Thus pursuant to § 547(b) of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R. Page 3
2004 WL 483580 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 198

(Cite as: 2004 WL 483580 (Bankr.D.Del.))

Bankruptcy Code, the Defendant has set forth a claim upon which relief may be granted.

In addition, according to the facts alleged in the Complaint, the Plaintiff received less than the reasonable equivalent value in exchange for the $185,937.50 transfer to the Defendant, and that Webvan was insolvent at the time. Pursuant to § 548(a)(1)(B) the Plaintiff has set forth a claim upon which relief may be granted.

This Court agrees with Judge Bernstein that (1) the Federal Rules of Bankruptcy Procedure does not impose a heightened pleading standard on preference claims, and (2) the heightened pleading standard could cut off valid claims prematurely. *In re Randall's Island Family Golf Centers, Inc.*, 290 B.R. 55, 65 (Bankr.S.D.N.Y.2003). Although a debtor should provide specific information when available, requiring such information at the pleading stage is a heavy burden given the time constraints for filing preference actions and the condition of the debtor's books and records. [FN2]

> FN2. Even in the *TWA Inc.* case, Judge Walsh indicated that the debtor might face difficulty in satisfying the elements set forth in the *In re Valley Media* case, thus the situation would warrant relaxation of the rule and the debtor would be entitled to pursue these details in discovery. *TWA Inc.*, 2004 WL 180421 *4.

*3 Lastly, the Court finds that the Plaintiff's reply is procedurally timely.

### CONCLUSION
For the reasons set forth above, the Defendant's Motion to Dismiss is denied. If the Defendant wishes to proceed by dispositive motion at a later date, he may do so.

### ORDER
AND NOW, this 9 day of March, 2004, upon consideration of Defendant Sheri Southern's Motion to Dismiss (Adv. Docket No. 6) and the opposition thereto, and for the reasons set forth in the accompanying Memorandum Decision; it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED.

2004 WL 483580 (Bankr.D.Del.), 42 Bankr.Ct.Dec. 198

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.