# EXHIBIT O

Case 1:04-cv-01268-***-MPT    Document 60-16    Filed 06/03/2005    Page 2 of 5

Page 1
2004 Bankr. LEXIS 270, *; 42 Bankr. Ct. Dec. 198

LEXSEE 2004 BANKR. LEXIS 270

In re: WEBVAN GROUP, INC., et al., Debtors. R. TODD NEILSON, as the Responsible individual/Disbursing Agent for WEBVAN GROUP, INC., et al., Reorganized Agent, Plaintiff, v. COR KARAFFA, Defendant.

Chapter 11, Case No. 01-2404 (CGC), Adv. Proc. No. 03-54365 (CGC)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

2004 Bankr. LEXIS 270; 42 Bankr. Ct. Dec. 198

March 9, 2004, Decided

**DISPOSITION:** [*1] Defendant Cor Karaffa's motion to dismiss denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** For Reorganized Debtors, on behalf of R. Todd Neilson, as Responsible Individual/Disbursing Agent for Reorganized Debtors: Laura Davis Jones, James E. O'Neill, Curtis A. Hehn, Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, DE.

For Reorganized Debtors, on behalf of R. Todd Neilson, as Responsible Individual/Disbursing Agent for Reorganized Debtors: Kevin W. Coleman, Scott H. McNutt, McNutt & Litteneker, LLP, San Francisco, CA.

For Cor Karaffa, Defendant: William D. Sullivan, Charles J. Brown, III, Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, DE.

**JUDGES:** Charles G. Case, II, United States Bankruptcy Judge.

**OPINIONBY:** Charles G. Case

**OPINION:**

### MEMORANDUM DECISION

Dated: March 9, 2004

Case, J.

Before this Court is Cor Karaffa's Motion to Dismiss [Adv. Docket No. 6] R. Todd Neilson's Complaint, on the grounds that the complaint fails to state a claim upon which the plaintiff is entitled to relief, pursuant to *Fed.R.Civ.P. 12(b)(6)* made applicable to the adversary proceeding through *Fed.R.Bankr.P. 7012* [*2] . For the following reasons, the Court denies the Defendant's Motion to Dismiss.

### FACTS

On July 11, 2003, R. Todd Neilson (the "Plaintiff") filed and served the above-referenced Complaint. Cor Karaffa (the "Defendant") answered the Complaint on August 11, 2003, asserting the following affirmative defenses: (1) ordinary course of business pursuant to *§ 547(c)(2) of the Bankruptcy Code*, (2) new value pursuant to *§ 547(c)(4) of the Bankruptcy Code*, and (3) failure to state a claim upon which relief may be granted pursuant to *Fed.R.Civ.P. 12(b)(6)*. On February 4, 2004, Defendant moved this Court to dismiss the Complaint. Completion of briefing was filed February 24, 2004.

Defendant seeks an Order dismissing Count One through Count Three of the Plaintiff's Complaint, which seeks to avoid preferential and fraudulent transfers, on the grounds that the Complaint fails to state a claim upon which relief may be granted. More specifically, the Defendant claims that the Plaintiff has merely recited the statute and has not provided factual information regarding (1) the date of the transfers, (2) the number of transfers, (3) what property was [*3] transferred, (4) the means of conveyance, (5) the amount of each individual transfer, and (6) the alleged antecedent debt on account of which the transfers were made. In the alternative, the Defendant seeks an order requiring the Plaintiff to provide a more definite statement of its claim pursuant to

Case 1:04-cv-01268-***-MPT   Document 60-16   Filed 06/03/2005   Page 3 of 5

Page 2
2004 Bankr. LEXIS 270, *; 42 Bankr. Ct. Dec. 198

*Fed.R.Civ.P. 12(e).*

The Plaintiff objects to the Motion to Dismiss on the grounds that (1) the motion is untimely because the Defendant answered the Complaint, (2) Defendant's request for a more definite statement of the claim is untimely, (3) all facts germane to the claim have been stated as required by *Fed.R.Civ.P. 8*, and (4) the Complaint states a claim upon which relief may be granted. In the alternative, the Plaintiff seeks an order granting leave to file an amended complaint.

The Complaint alleges that Webvan acquired HomeGrocer.com on September 5, 2000. That after the acquisition, Cor Karaffa, Senior Vice President of Operations, remained employed by Webvan. An Employment Agreement dated June 15, 2000, between Webvan and Cor Karaffa, provided for a $ 175,000 signing bonus and $ 300,000 severance package. [*4] Sometime after September 5, 2000, Cor Karaffa's employment was terminated. During the one-year preference period, July 13, 2000 and July 13, 2001, Webvan made one or more transfers to Cor Karaffa in an aggregate amount not less than $ 300,000. Count One of the Complaint seeks to avoid the transfers made to Cor Karaffa as preferences pursuant to *§ 547(b) of the Bankruptcy Code*, Count Two seeks to avoid the transfers to Cor Karaffa as fraudulent conveyances pursuant to *§ 548(a)(1)(B) of the Bankruptcy Code*, Count Three seeks to recover the avoided transfers for the benefit of the debtor pursuant to *§ 550(a)(1) of the Bankruptcy Code*, and Count Four seeks to disallow Defendant's scheduled claim no. 452 to the extent that the transfers are avoided and the amounts are not turned over pursuant to *§ 502(d) of the Bankruptcy Code*

## DISCUSSION

A defendant may move to dismiss a complaint on the grounds that the complaint fails to state a claim upon which relief may be granted pursuant to the *Fed.R.Civ.P. 12(b)(6)* made applicable by *Fed.R.Bankr.P. 7012*. A motion to dismiss on these grounds is a drastic remedy, [*5] thus, the complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*. This defense may be raised at any time prior to trial or at trial. In addition, the defendant may choose not to file a motion and may raise the defense in his answer.

In determining whether to grant a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted, the Court is required to accept all of the allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *See Hechinger Inv Co of Delaware Inc., v. M.G.H. Home Improvement (In re Hechinger Inv. Co. of Delaware Inc.), 288 B.R. 398, 400 (Bankr. D.Del. 2003).*

The Federal Rules of Civil Procedure merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)(2).* Thus, this Court disagrees with a heightened pleading standard set forth in *TWA Inc. Post Comfirmation Estate v. Marsh USA Inc (In re TWA Inc Post Confirmation Estate), 305 B.R. 22, 2004 WL 180421* [*6] *1 (Bankr. D.Del. 2004)* and *Valley Media, Inc. v. Borders, Inc. (In re Valley Media), 288 B.R. 189, 192 (Bankr. D.Del. 2003)* n1

---

n1 In those cases, the court determined that a complaint seeking to avoid a transfer as a preference must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *TWA Inc., 305 b.r. 22, [WL] at *3, citing, In re Valley Media., 288 B.R. at 192 (citation omitted).* The court held that in a preference action "simply quoting the statutory language is not sufficient to survive a motion to dismiss." *TWA Inc., 305 b.r. 22, [WL] at *2; In re Valley Media, 288 B.R. at 192.* In addition, a party cannot provide specifies necessary to survive a motion to dismiss in its reply. *See TWA Inc., 305 B.R. 22, [WL] at * 3.* In both cases, the court granted the defendants' motion to dismiss and granted leave to plaintiffs to amend their respective complaints.

---

[*7]

This Court must take the facts alleged in the Complaint as true, that the transfers made to the Defendant, an insider, are transfers to a creditor, on account of an antecedent debt (the Employment Agreement), while the company was insolvent, within one year prior to the petition date, and received more than it would have under chapter 7, if the transfer was never made, and received payment of its debt to the extent provided under the Bankruptcy Code. Thus pursuant to *§ 547(b) of the Bankruptcy Code*, the Defendant has set forth a claim upon which relief may be granted.

In addition, according to the facts alleged in the

Case 1:04-cv-01268-***-MPT    Document 60-16    Filed 06/03/2005    Page 4 of 5

Page 3
2004 Bankr. LEXIS 270, *; 42 Bankr. Ct. Dec. 198

Complaint, the Plaintiff received less than the reasonable equivalent value in exchange for the $ 300,000 transfer to the Defendant, and that Webvan was insolvent at the time. Pursuant to § 548(a)(1)(B) the Plaintiff has set forth a claim upon which relief may be granted.

This Court agrees with Judge Bernstein that (1) the Federal Rules of Bankruptcy Procedure does not impose a heightened pleading standard on preference claims, and (2) the heightened pleading standard could cut off valid claims prematurely. *See In re Randall's Island Family Golf Centers, Inc., 290 B.R. 55, 65 (Bankr. S.D.N.Y. 2003).* [*8] Although a debtor should provide specific information when available, requiring such information at the pleading stage is a heavy burden given the time constraints for filing preference actions and the condition of the debtor's books and records. n2

---

n2 Even, in the *TWA Inc.* case, Judge Walsh indicated that the debtor might face difficulty in satisfying the elements set forth in the *In re Valley Media* case, thus the situation would warrant relaxation of the rule and the debtor would be entitled to pursue these details in discovery. *See TWA Inc., 305 B.R. 22, [WL] *4.*

Lastly, the Court finds that the Plaintiff's reply is procedurally timely.

**CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss is denied. If the Defendant wishes to proceed by dispositive motion at a later date, he may do so.

Charles G. Case, II

United States Bankruptcy Judge

**ORDER**

AND NOW, this 9 day of March, 2004, upon consideration of Defendant Cor Karaffa's Motion [*9] to Dismiss (Adv. Docket No. 6) and the opposition thereto, and for the reasons set forth in the accompanying Memorandum Decision; it is hereby

**ORDERED** that Defendant's Motion to Dismiss is DENIED.

Charles G. Case II

United States Bankruptcy Judge