# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| THE IT GROUP, INC., et al. ) | Case No. 02-10118 |
|    Debtors, ) | Jointly Administered |
| ) | |
| ——————————————— ) | |
| ) | |
| IT Litigation Trust, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 04-1268 KAJ |
| DANIEL A. D'ANIELLO, FRANCIS J. ) | |
| HARVEY, JAMES C. McGILL, RICHARD ) | |
| W. POGUE, PHILIP B. DOLAN, E. ) | |
| MARTIN GIBSON, ROBERT F. ) | |
| PUGLIESE, CHARLES W. SCHMIDT, ) | |
| JAMES DAVID WATKINS, ANTHONY J. ) | |
| DeLUCA, HARRY J. SOOSE, THE ) | |
| CARLYLE GROUP, THE CARLYLE ) | JURY TRIAL DEMANDED |
| GROUP, L.L.C., CARLYLE PARTNERS II, ) | |
| L.P., CARLYLE SBC PARTNERS, II, L.P., ) | |
| CARLYLE INTERNATIONAL PARTNERS ) | |
| II, L.P., CARLYLE INTERNATIONAL ) | |
| PARTNERS III, L.P., C/S ) | |
| INTERNATIONAL PARTNERS, ) | |
| CARLYLE INVESTMENT GROUP, L.P., ) | |
| CARLYLE-IT INTERNATIONAL ) | |
| PARTNERS, L.P., CARLYLE-IT ) | |
| INTERNATIONAL PARTNERS II, L.P., ) | |
| CARLYLE-IT PARTNERS L.P., and T.C. ) | |
| GROUP, L.LC., ) | |
|    Defendants. ) | |

**CERTIFICATE OF QUESTION OF LAW**

This __ day of _____, 2005, the Court having found that:

(1) The nature and stage of the proceedings are:

    This action was initially brought by the Official Committee of Unsecured
    Creditors of IT Group, Inc. ("IT Group") as an adversary proceeding in the
    Bankruptcy Court for the District of Delaware in the proceeding captioned *In re*

1

RLF1-2951682-1

*the IT Group, Inc. et al.*, Case No. 02-10118 (MFW), as Adversary Proceeding No. 04-51336. By a Stipulation among the parties dated August 27, 2004, the parties agreed to substitute the IT Litigation Trust as Plaintiff, and on September 8, 2004, this Court withdrew the reference of this adversary proceeding to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

On March 2, 2005, Defendants moved to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In a decision dated November 15, 2005, this Court issued a Memorandum Opinion and Order denying Defendants' Rule 12(b)(1) Motion, but granting the Rule 12(b)(6) Motion as to the claims for breach of the fiduciary of care, and claims of corporate waste and aiding and abetting a breach of fiduciary duty predicated on the same conduct as the claims for breach of the duty of care. The Court declined to dismiss fiduciary duty claims for breach of the duty of loyalty, corporate waste claims, and aiding and abetting claims predicated on the same conduct. The Court also declined to dismiss claims for recovery of preferential transfers, constructively fraudulent transfers, and fraudulent transfers pursuant to the Bankruptcy Code, and a claim for payment of unlawful dividends pursuant to 8 Del. Code § 174. One Defendant, Harry Soose, was dismissed from the case entirely.

The case is now before this Court on the remaining Defendants' Motion For Reconsideration And Request For Certification Of Issues Of Law To The Supreme Court of Delaware. Defendants seek reconsideration of this Court's denial of their Rule 12(b)(6) Motion with respect to the duty of loyalty claims and the related claims for corporate waste and aiding and abetting, arguing that the FAC's allegations of breach of the duty of loyalty are insufficiently pled to overcome the presumptions of the Delaware Business Judgment Rule. Defendants also ask this Court to add an additional ground for its dismissal of the duty of care claims and related corporate waste and aiding abetting claims, namely that the allegations of the FAC supporting a breach of the duty of care are insufficiently pled to overcome the presumptions of the Delaware Business Judgment Rule.

(2) The following facts are undisputed:

Defendants are the former directors of IT Group (the "Director Defendants") and various entities which made a substantial equity investment in IT Group in November 1996 (the "Carlyle Defendants"). Plaintiff is the IT Litigation Trust, successor in interest to the Official Committee of Unsecured Creditors in the IT Group bankruptcy, the original plaintiff in this action.

IT Group was a publicly-traded company headquartered in Monroeville, Pennsylvania and incorporated in Delaware that provided environmental consulting, engineering and construction, remediation, and facilities management

services for both government and private sector commercial clients. The Carlyle Defendants invested $45 million in IT Group in November 1996, purchasing 45,000 shares of 6% Cumulative Convertible Participating Preferred Stock. In 2001, the Carlyle Defendants added nearly $6 million dollars to their investment, purchasing over one million shares of IT Group common stock in the open market. As a result of their investment, the Carlyle Defendants obtained the right to appoint a majority of the IT Group Board of Directors for a five-year period, a measure specifically authorized by IT Group's shareholders in a special meeting. After May 1999, however, following IT Group's decision to increase the Board's size to eleven members, the Carlyle Defendants declined to exercise this right, and appointed only five of the Company's Directors, with one board seat remaining vacant.

Following the Carlyle Defendants' investment, IT Group embarked on a strategy of acquiring competitors and companies in complementary lines of business, hoping that these acquisitions would generate additional revenue while achieving economies of scale through synergies and reduction of redundant costs, thereby improving overall profitability. This strategy generated a significant increase in the Company's revenue but did not achieve the hoped-for synergies, costs savings and boost in earnings. Accordingly, in mid-2000, IT Group suspended its strategy to grow through acquisitions and instead implemented cost-cutting measures to improve its financial situation.

Despite these measures, the Company's liquidity and cash flow problems worsened, and then were exacerbated by the effects of the September 11, 2001 terrorist attacks on the economy in general and governmental spending priorities in particular. In the last half of 2001, the Company rescinded two quarters of preferred stock dividends, with the Carlyle Defendants' approval. Nonetheless, IT Group declared bankruptcy on January 16, 2002. Throughout this time period, the Carlyle Defendants did not sell any of their holdings. When IT Group declared bankruptcy, the Carlyle Defendants lost their equity investment of over $50 million. The members of the IT Group Board continued to serve throughout IT Group's bankruptcy process, without compensation, until the confirmation of the IT Group Chapter 11 Plan of Reorganization in April 2004.

(3) The questions of law set forth below should be certified to the Supreme Court of the State of Delaware for the following reasons:

Defendants present important questions of the interpretation of Delaware substantive law. The central issue in this case is whether a plaintiff appearing in federal court alleging breaches of fiduciary duties must plead with sufficient factual specificity to overcome the Delaware Business Judgment Rule's presumption. In *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229 (3d Cir. 2005) (*"Tower Air"*), the Third Circuit held that the heightened pleading requirements applied by the Delaware courts to claims for breach of fiduciary duty are merely a function of Delaware Court of Chancery Rule 8, and that

3

because they are thus procedural in nature, they should be supplanted by the notice pleading requirements of Fed. R. Civ. P. 8 in cases brought in federal court. *Id.* at 236-39. By contrast, the Delaware courts have generally held that the Business Judgment Rule, and its inherent presumption that directors act on an informed basis, in good faith, and loyally, is a <u>substantive</u> rule of Delaware law. In applying the Business Judgment Rule to claims for breach of fiduciary duty, the Delaware courts, and most federal courts applying the Delaware Business Judgment Rule, have required plaintiffs to plead with sufficient factual specificity to overcome the Delaware Business Judgment Rule's presumptions. The *Tower Air* decision called into question this Delaware precedent. Certification is therefore warranted because a clear statement from the Delaware courts regarding the nature of pleading requirements of the Delaware Business Judgment Rule will assist the federal courts – including the Court in this case – in properly applying Delaware law to fiduciary duty claims brought in federal court.

Additionally, certification is needed because the *Tower Air* decision appears to directly undercut the substantive protections of the Delaware Business Judgment Rule. On the one hand, Delaware has decided to apply the Business Judgment Rule to shield directors and officers from suit where the plaintiff alleges insufficient facts to overcome the Business Judgment Rule's presumptions. The *Tower Air* approach eviscerates that rule by requiring a plaintiff asserting a breach of fiduciary duty claim on to meet the bare notice pleading standard of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The *Tower Air* opinion, by viewing the appropriate pleading standard for fiduciary duty claims as purely procedural and consequently requiring only notice pleading, significantly diminishes the protection afforded to directors by the Delaware Business Judgment Rule in the federal courts.

(4) The important and urgent reasons for an immediate determination by the Supreme Court of the question certified are:

Absent any statement by the Supreme Court of Delaware clearly stating that Delaware's requirement that a plaintiff must plead with sufficient factual specificity to overcome the Business Judgment Rule's presumption is a substantive rule of Delaware law, federal district courts in the Third Circuit must follow *Tower Air*. This will inevitably lead to forum shopping: plaintiffs will have tremendous incentives to file cases asserting breaches of fiduciary duties under Delaware law in federal courts to bypass the application of the more stringent pleading requirements that accompany the Business Judgment Rule in the Courts of Delaware.

Further, there is an important and urgent need for the Supreme Court of Delaware to resolve the questions presented because it is likely to reoccur. Indeed, as noted in the Memorandum Of Law In Support Of Defendants' Petition For Certification, this Court alone has decided four cases in the last two years that turned on the proper pleading requirements accompanying the Business Judgment Rule.

4

Certification is therefore needed to clarify the law before future district courts are obliged to apply the *Tower Air* holding without guidance from this Court as to its validity.

Finally, there is an important and urgent need for the Supreme Court of Delaware to resolve the questions presented in this case because it may terminate a significant portion of this litigation. Of the fiduciary duty claims which comprise the great majority of Plaintiff's case, the only surviving allegations are that the Defendants breached (or aided and abetted a breach of) the duty of loyalty, and there is significant doubt that the FAC alleges facts with sufficient specificity to surmount the Business Judgment Rule's presumption of loyalty under the standards applied by the Delaware Courts. A determination by this Court that the Business Judgment Rule's presumptions and pleading burdens are a matter of substantive Delaware law, and that the Third Circuit's decision in *Tower Air* conflicts with this substantive law, would terminate this aspect of the litigation, leaving only significantly narrower issues for resolution.

(5) If certification is accepted, it is recommended that <u>Defendants</u> be appellant for purposes of the caption on any filings in the Supreme Court of Delaware and that <u>Plaintiff</u> be appellee for purposes of the caption on any filing in the Supreme Court of Delaware with respect to the questions certified.

NOW, THEREFORE, IT IS ORDERED that the following questions of law are certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

1. Is the requirement that a plaintiff alleging a breach of fiduciary duty plead specific facts sufficient to overcome the presumptions of the Business Judgment Rule a requirement of Delaware's substantive law?

2. Does the holding in *Tower Air* that a plaintiff must only satisfy federal notice pleading requirements with respect to fiduciary duty claims conflict with the business judgment rule's requirement that a plaintiff plead specific facts sufficient to overcome that rule's presumption that the defendant directors acted loyally and with due care?

In accordance with Supreme Court Rule 41, it is recommended that briefs shall be filed in the Supreme Court in the following order: <u>Defendants should brief first, followed by Plaintiff</u>.

Dated: _____

_____
Judge Kent A. Jordan

Jeffrey M. Scherf (No. 3047)
Thomas H. Kovach (No. 3964)
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Richard S. Wayne
Thomas P. Glass
STRAUSS & TROY, LPA
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, Ohio 45202-4018

Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899

Thomas L. Patten
Laurie B. Smilan
David A. Becker
Greg Harris
LATHAM AND WATKINS, LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304

Ronald S. Gellert (No. 4259)
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
The Towne Center
4 East 8th Street, Suite 200
Wilmington, DE 19801
Telephone: (302) 425-0430
Email: rgellert@eckertseamans.com

Mark A. Willard
Robert V. Campedel
ECKERT SEAMANS CHERIN & MELLOT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219-2788