IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE IT GROUP, INC., *et al*, ) | Case No. 02-10118 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| IT LITIGATION TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 04-CV-1268 (KAJ) |
| ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. HARVEY, ) | |
| JAMES C. MCGILL, RICHARD W. POGUE, ) | |
| PHILLIP B. DOLAN, E. MARTIN GIBSON, ) | |
| ROBERT F. PUGLIESE, CHARLES W. ) | |
| SCHMIDT, JAMES DAVID WATKINS, ) | |
| ANTHONY J. DeLUCA, HARRY J. SOOSE, ) | |
| THE CARLYLE GROUP, THE CARLYLE ) | |
| GROUP L.L.C., CARLYLE PARTNERS II, L.P., ) | |
| CARLYLE SBC PARTNERS II, L.P., CARLYLE ) | |
| INTERNATIONAL PARTNERS II L.P., ) | |
| CARLYLE INTERNATIONAL PARTNERS III, ) | |
| C/S INTERNATIONAL PARTNERS, CARLYLE ) | |
| INVESTMENT GROUP, L.P., CARLYLE-IT ) | |
| INTERNATIONAL PARTNERS, LP, ) | |
| CARLYLE-IT INTERNATIONAL PARTNERS II, ) | |
| L.P., CARLYLE-IT PARTNERS L.P., ) | |
| and T.C. GROUP, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' JOINT MOTION FOR RECONSIDERATION
AND DEFENDANTS' PETITION FOR CERTIFICATION OF ISSUES
OF LAW TO THE SUPREME COURT OF DELAWARE**

613805v1

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

I. DEFENDANTS' MOTION FOR RECONSIDERATION IS NOT PROPER AND SHOULD BE DENIED ................................................................................................. 1

    A. Defendants' Have Failed to Establish Any Grounds for Reconsideration ........................... 1

    B. The Court's Decision Concerning the Duty of Loyalty Claims is Proper ........................... 1

        1. The Wrongful Conduct Occurred After The Carlyle Defendants' Investment ................ 2

        2. Shareholder Ratification Provides No Grounds For Dismissal ....................................... 3

    C. Reconsideration Is Improper ................................................................................................ 4

II. CERTIFICATION IS IMPROPER AND UNNECESSARY .................................................... 5

    A. Certification is Improper ...................................................................................................... 5

    B. Certification is Unnecessary ................................................................................................. 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Blasband v. Rales*, 979 F.2d 324 (3rd Cir. 1992) .................................................................. 5, 6

*Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239 (D.Del. 1990) ............................................. 1

*Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526 (D.Del. 2005) ....................................... 1, 2, 5

*Continuing Creditors' Committee of Star Communications, Inc. v. Edgecomb*, 385 F.Supp.2d 449 (D.Del. 2004) .................................................................................................................. 7

*In re Walt Disney Co. Derivative Litig.*, 2004 WL 2050138 (Del. Ch. 2004) .......................... 2, 3

*In re Wheelabrator Technologies, Inc. Shareholders Lit.*, 663 A.2d 1194 (Del. Ch. 1995) ........... 4

*Karr v. Castle*, 768 F.Supp. 1087 (D.Del. 1991) ........................................................................ 1

*Max's Seafood*, 176 F.3d at 677 ................................................................................................ 1

*Michelson v. Duncan*, 407 A.2d 211 (Del. 1979) ....................................................................... 3

*Rales v. Blasband*, 634 A.2d 927 (Del. 1993) ........................................................................ 5, 6

*Remington Arms Co. v. Liberty Mutual Ins. Co.*, 796 F.Supp. 117, 120 (D. Del. 1992) ............. 7

*Solomon v. Armstrong*, 747 A.2d 1098 (Del.Ch. 1999) .............................................................. 3

*Stanziale v. Nachtomi* ("*Tower Air*"), 416 F.3d 229 (3rd Cir. 2005) ............................ 1, 4, 5, 7, 8

## Other Authorities

Delaware Supreme Court Rule 41 ................................................................................................ 5

## ARGUMENT

I.  **DEFENDANTS' MOTION FOR RECONSIDERATION IS NOT PROPER AND SHOULD BE DENIED**

    A.  <u>Defendants' Have Failed to Establish Any Grounds for Reconsideration</u>

"Motions for reargument or reconsideration should be granted sparingly and **may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.** *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D.Del. 1991) (emphasis added); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del. 1990). Thus, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood*, 176 F.3d at 677." *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527 (D.Del. 2005). Defendants claim that the Court's decision was the result of an error of law "forced by the Third Circuit's decision in *Tower Air*." (Defendants' Brief at p. 2) This is not proper grounds for a Motion for Reconsideration. As Defendants concede, the Court was "[b]ound" by the Third Circuit's decision in *Tower Air* and followed the Third Circuit's binding precedent. (Defendants' Brief at p.1) Thus, there are no grounds for reconsideration.

    B.  <u>The Court's Decision Concerning the Duty of Loyalty Claims is Proper</u>

Defendants' argue that regardless of *Tower Air* the Court may still dismiss the duty of loyalty claims because: (i) the decision to pay the Carlyle Defendants fees and dividends occurred prior to the Carlyle Defendants' investment; and (ii) the Carlyle investment and accompanying agreements for fees and dividends were ratified by a majority of IT Group's stockholders. Both of these arguments are red-herrings. First, the Amended Complaint does not base any of its claims on the underlying decision to enter into the Securities Purchase Agreement, whereby the Carlyle Defendants obtained the right to receive fees and dividends.

613805v1

Second, Defendants' argument ignores the fact that there was more than *one* decision to pay the Carlyle Defendants dividends. The decision referred to by Defendants was merely the 1996 board decision to give the Carlyle Defendants the *right* to receive dividends. Specifically, the Carlyle Defendants were only "entitled to receive, when and as declared by the Board of Directors out of funds legally available therefore, cumulative annual dividends." Second Declaration of David A. Becker, Ex. A., p. 22 (Doc. No. 61).

Defendants' argument disregards the "when and as declared" aspect of the dividend payments. The Board was supposed to meet and determine whether funds were legally available to pay the dividends. The Company, however, was insolvent during the time that Board was under the control of the Carlyle Defendants, when the Board voted to pay the Carlyle Defendants dividends, and when such dividends were paid. As such, the Amended Complaint states that the wrongful conduct occurred after the Carlyle Defendants' investment, when the Company was insolvent or in the zone of insolvency. The Amended Complaint alleges that this occurred beginning in March 1998. (Amended Complaint ¶ 42)

Defendants' arguments concerning shareholder approval of their investments as defenses, pursuant to Section 144, to Plaintiff's claims were already briefed and argued before this Court. Accordingly, these issues are not proper grounds for reconsideration. *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527.

1. <u>The Wrongful Conduct Occurred After The Carlyle Defendants' Investment</u>

If the Court, however, does choose to entertain Defendants' argument, Defendants' reliance on *In re Walt Disney Co. Derivative Litig.*, 2004 WL 2050138 (Del. Ch. 2004), is misplaced. Specifically, Defendants argue that the terms of the Carlyle investments cannot form the basis of liability for the Carlyle Defendants "because the Carlyle Defendants could not have

owed any fiduciary duties at that time." (Motion at p. 3) As previously stated, this argument ignores the wrongful conduct alleged in the Amended Complaint, as Plaintiff's allegations against Defendants for breach of fiduciary duties are based on the conduct that occurred **after** the Carlyle Defendants took control of the IT Group board. (First Amended Complaint, ¶¶ 72-75)

Moreover, the court in *In re Walt Disney Co. Derivative Litig.*, 2004 WL 2050138 at *4, recognized that a claim for breach of fiduciary duty could be predicated on conduct that occurred pre-agreement if such actions "amounted to aiding and abetting a breach of" the officers and directors' fiduciary duties. Plaintiff has asserted a claim against the Carlyle Defendants for aiding and abetting the Officer and Director Defendants' breach of fiduciary duties. (First Amended Complaint, ¶¶ 76-79) Consequently, the Carlyle Defendants are not insulated by the *In re Walt Disney Co. Derivative Litig.* decision.

Finally, a key fact that Defendants ignore is that the dividend payments were discretionary. Defendants' argument presupposes that the board had no choice but to declare these dividends and make such payments. However, that is not the case. Furthermore, the Amended Complaint alleges that a majority of these payments were made at a time when the Company was insolvent, and were therefore constructively fraudulent. At no time did the shareholders approve constructively fraudulent transfers to the Carlyle Defendants.

2. Shareholder Ratification Provides No Grounds For Dismissal

Moreover, "[n]o amount of shareholder ratification validates acts repugnant to public policy (e.g.,fraud), and which are therefore void ab initio." *Solomon v. Armstrong*, 747 A.2d 1098, 1114 (Del.Ch. 1999); *see also Michelson v. Duncan*, 407 A.2d 211, 218-19 (Del. 1979)

("... where a claim of gift or waste of assets, fraud or ultra vires is asserted, . . . less than unanimous shareholder ratification is not a full defense.")

In *In re Wheelabrator Technologies, Inc. Shareholders Litigation*, 663 A.2d 1194 (Del. Ch. 1995), the court addressed whether a fully informed shareholder vote extinguishes a claim for breach of the duty of loyalty. Acknowledging that shareholder ratification might cause the application of different standards or the shifting of burdens, the court found that "in duty of loyalty cases arising out of transactions with a controlling shareholder, our Supreme Court would reject the proposition that the Delaware courts will have no reviewing function in cases where the challenged transaction is approved by an informed shareholder vote." *Id.* at 1204. Thus, the court denied the defendants' motion for summary judgment on the plaintiffs' duty of loyalty claim. *Id.* at 1205.

C.   Reconsideration Is Improper

Defendants' dissatisfaction with *Tower Air* is not a proper basis for reconsideration. While Defendants' assert two superficial arguments in support of reconsideration, the essence of their Motion is that the Third Circuit's *Tower Air* was erroneously decided. This is not proper grounds for reconsideration. What Defendants really seek, at length and under the guise of a motion for reconsideration, is to have this Court reverse *Tower Air*. In other words, the Defendants wish to effect an appeal of the Third Circuit's decision to this Court and seek a reversal of *Tower Air*.

Defendants' arguments concerning the nature of the Business Judgment Rule and the application of *Tower Air* to the allegations of the Amended Complaint were already briefed and argued before the Court. Defendants should not be permitted to renew this issue and the Court

613805v1                                    4

should not consider these arguments. *Ciena Corp. v. Corvis Corp.*, 352 F.Supp.2d 526, 527. Consequently, Defendants' motion for reconsideration should be denied.

## II.  CERTIFICATION IS IMPROPER AND UNNECESSARY

Alternatively, Defendants seek to have the Court certify a question to the Delaware Supreme Court concerning the nature of the business judgment rule. Delaware Supreme Court Rule 41 ("Delaware Rule 41") does not permit certification because this Court has already decided the questions of law. Additionally, certification is not proper because there is no urgent need for certification.

### A. Certification is Improper

Delaware Rule 41(a) provides in relevant part: "…the United States District Court…may, on motion or *sua sponte*, certify to this Court for decision a question or questions of law arising in any case before it prior to the entry of final judgment if there is an important and urgent reason for an immediate determination of such question or questions by this Court **and the certifying court has not decided the question or questions in the case.**" (emphasis added) "The scope of the issues that may be considered in addressing a certified question is limited by the procedural posture of the case." *Rales v. Blasband*, 634 A.2d 927, 931 (Del. 1993). Defendants seek to have the Court certify two questions to the Delaware Supreme Court. (*See* Defendants' Memorandum) However, following the binding precedent in *Tower Air*, this Court has already decided these questions. (*See* Entry) "That ruling therefore is the law of the case, and cannot be reconsidered by [the Delaware Supreme] Court…" *Id*; *see also Blasband v. Rales*, 979 F.2d 324 (3rd Cir. 1992). If Defendants wanted the Delaware Supreme Court to review the proposed questions of law, they were required to file their Motion for Certification before the Court issued its decision, not afterwards.

Defendants chose to allow the Court to decide these issues. Dissatisfied with the Court's decision, Defendants do not get a second bite at the apple under the guise of a motion for certification. Their motion is late and this defect is fatal. The Court's ruling is the law of the case, and its decision cannot be reconsidered by the Delaware Supreme Court. *Rales v. Blasband*, 634 A.2d at 931. Consequently, the Court should deny Defendants' Motion for Certification.

Additionally, in *Tower Air*, the Third Circuit did not hold that the business judgment rule was merely procedural. Rather, the Third Circuit limited its holding to the applicable federal pleading standard. Nowhere in its opinion did the Third Circuit hold that the business judgment rule did not apply in federal courts. Indeed, the Third Circuit did not change the business judgment rule. Instead, it only ruled on the timing of when the defense can be raised and considered. The standard remains the same. Consequently, what Defendants seek from the Delaware Supreme Court is a ruling as to what the federal pleading standard should be—a ruling the Delaware Supreme Court cannot issue.

B. Certification is Unnecessary

Furthermore, certification is unnecessary because a simple amendment to the Amended Complaint can rectify the essential question raised by the Defendants—whether the Amended Complaint alleges facts that survive dismissal under the pleading standards utilized by Delaware state courts. The allegations that Defendants attack relate to whether the Carlyle Defendants dominated and controlled the board so as to remove the protections of the business judgment rule.

During his deposition, Defendant Francis J. Harvey, who served as an officer and director of IT Group from June 1999 through 2002, admitted that the Carlyle Group controlled the IT Group directors. Specifically, Harvey testified as follows:

> Q: What is the relationship between Carlysle [sic] and the IT Group?
>
> A **Carlysle [sic] up until November controlled the board**. They had approximately, they had 20 plus percent ownership of the company.
>
> Q: That changed in November 2001?
>
> A: Right. My understanding is they no longer had control of the board after November 2001.
>
> Q: Did that coincide at all with your appointment as acting CEO?
>
> A: No. The election of the next board of directors would have been the May 2002 meeting, May 2002 board meeting. So until May 2002 they had a majority of the board of directors appointed.

(Declaration of Thomas P. Glass, Ex. 1).

An admission by one of the Defendants that the Board was controlled by the Carlyle Defendants, not only goes well beyond the pleading requirements imposed by the Third Circuit in *Tower Air*, such an admission also meets the pleading requirements under Delaware state law. The deposition testimony contains particularized facts from which a reasonable doubt as to the disinterestedness of the IT Group board arises. *See Continuing Creditors' Committee of Star Communications, Inc. v. Edgecomb*, 385 F.Supp.2d 449, 459 (D.Del. 2004). "Where a resolution of the questions presented may not be necessary to the resolution of the case, certification runs the risk of offending the policies that prohibit the federal courts from undertaking advisory opinions." *Remington Arms Co. v. Liberty Mutual Ins. Co.*, 796 F.Supp. 117, 120 (D. Del. 1992).

As a result, a simple amendment to Plaintiff's pleading can resolve the issue currently pending before the Court without the need for certifying a question to the Supreme Court of

Delaware.[1] Once the above-allegations are included in the Amended Complaint, the question as to whether *Tower Air* is correct or not becomes moot, as the allegations would then contain particularized facts that would survive dismissal even under Delaware state law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion.

Dated: January 10, 2006

THE BAYARD FIRM

By: _____
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

- and -

STRAUSS & TROY
Richard S. Wayne
Thomas P. Glass
John M. Levy
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120
Fax: (513) 629-9426

CO-COUNSEL TO THE
IT LITIGATION TRUST

---

[1] The Trust has filed a Motion for Leave to File a Second Amended Complaint concurrently with this Memorandum.