IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE IT GROUP, INC., et al.<br>　　　Debtors,<br>_____<br><br>IT Litigation Trust,<br>　　　Plaintiff,<br><br>v.<br><br>DANIEL A. D'ANIELLO, FRANCIS J. HARVEY, JAMES C. McGILL, RICHARD W. POGUE, PHILIP B. DOLAN, E. MARTIN GIBSON, ROBERT F. PUGLIESE, CHARLES W. SCHMIDT, JAMES DAVID WATKINS, ANTHONY J. DeLUCA, HARRY J. SOOSE, THE CARLYLE GROUP, THE CARLYLE GROUP, L.L.C., CARLYLE PARTNERS II, L.P., CARLYLE SBC PARTNERS, II, L.P., CARLYLE INTERNATIONAL PARTNERS II, L.P., CARLYLE INTERNATIONAL PARTNERS III, L.P., C/S INTERNATIONAL PARTNERS, CARLYLE INVESTMENT GROUP, L.P., CARLYLE-IT INTERNATIONAL PARTNERS, L.P., CARLYLE-IT INTERNATIONAL PARTNERS II, L.P., CARLYLE-IT PARTNERS L.P., and T.C. GROUP, LLC,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 04-1268 KAJ<br>)<br>)<br>)<br>)<br>)  Chapter 11<br>)  Case No. 02-10118<br>)  Jointly Administered<br>)<br>)  Adversary Proceeding No. 04-51336-MFW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT HARRY J. SOOSE, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

|  |  |
|---|---|
| | SMITH, KATZENSTEIN & FURLOW LLP<br>Roger D. Anderson (ID No. 3480)<br>800 Delaware Avenue, 7th Floor |
| Charles A. De Monaco | Wilmington, DE 19801 |
| Kimberly L. Haddox | Telephone: (302) 652-8400 |
| DICKIE MCCAMEY & CHILCOTE, P.C. | Email: randerson@skfdelaware.com |
| Two PPG Place, Suite 400 | |
| Pittsburgh, PA 15222 | |
| Telephone: (412) 392-5523 | |
| Email: demonac@dmclaw.com | |
| *Attorneys for Defendant Harry J. Soose, Jr.* | |

February 6, 2006

{10010953.DOC}

## TABLE OF CONTENTS

**PAGE #**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT AND AUTHORITY ..................................................................................... 2

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re: Vision Metals, Inc. v. SMS Demag, Inc.*,
    311 B.R. 692 (Bankr. D. Del. 2004) .................................................................................... 2

*Foman v. Davis*,
    371 U.S. 178 (1962) ............................................................................................................... 2

*Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*,
    113 F.3d 405 (3d Cir. 1997) ................................................................................................ 2-3

**Statutes and Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 2, 4

Fed. R. Civ. P. 15(a) ..................................................................................................................... 2

Fed. R. Civ. P. 54(b) ..................................................................................................................... 4

D. Del. LR 7.1.1 ............................................................................................................................ 2

I.  **INTRODUCTION**

Plaintiff's First Amended Complaint included nine (9) counts or "Claims for Relief." Of these nine (9), only counts one (1), two (2) and three (3) were directed at Defendant Harry J. Soose, Jr. (breach of fiduciary duties and waste of corporate assets, as an officer of the IT Group). *See* First Amended Complaint, Paragraphs 13 & 58-71. Defendants (including Soose) filed a Motion a Dismiss the First Amended Complaint arguing, *inter alia*, lack of subject matter jurisdiction and failure to state a claim.[1]

On November 15, 2005, this Honorable Court granted in part, and denied in part, the Motion to Dismiss. *See* Memorandum Opinion and Order dated November 15, 2005 (DK. No. 71)("Mem. Op."). As to Defendant Soose, this Court dismissed Counts I, II and III in their entirety (the only counts applicable to him). *Id.* Plaintiff's failure to make any allegations as to Defendant Soose (other than his residence and position in the company) resulted in the dismissal of the claims:

> Counts I and II allege that IT Group's officers breached their fiduciary duties, based on the same allegations that were made against the directors. Defendant Soose is the only officer named in the Complaint who was not also a director, but **the Complaint alleges nothing about Soose other than his residence and position with the Company . . . . Soose is not alleged to have benefited from any payments or to have been involved in the decisions to make payments. Therefore, the duty of loyalty claims in Counts I and II must be dismissed as to Soose**.
>
> * * * *
>
> Again, Counts I and II allege that the IT Group's officers breached their fiduciary duties, based on the same allegations that were made against the directors. And again, the Complaint alleges nothing about defendant Soose other than his residence and position with the Company . . . . **Because he is not alleged to have taken part in the decisions that form the basis of Plaintiff's complaint, the duty of care claims against Soose in Counts I and II must be dismissed**.

---

[1] The within Brief addresses only Plaintiff's Motion for Leave to File a Second Amended Complaint. Defendant Soose does not waive any arguments previously raised in the Motion to Dismiss filed on or about March 2, 2005, which is incorporated herein by reference.

{10010953.DOC}   1

>    Therefore, these two counts are dismissed in their entirety as to Soose.

* * * *

>    The allegations in Count III mirror those in Counts I and II.  **And just as Counts I and II make no allegations against defendant Soose . . . Count III likewise makes none, and that count against Soose will be dismissed as well**.

*See* Mem .Op., pp. 21, 25 and 29 (emphasis added).

On January 10, 2006, Plaintiff, pursuant to Federal Rule of Civil Procedure 15(a), filed a Motion for Leave to File a Second Amended Complaint, attaching a copy of the Proposed Second Amended Complaint. Plaintiff's Motion should be denied and Defendant Soose should be dismissed for at least three (3) reasons: (1) the Proposed Second Amended Complaint completely fails to cure the deficiencies expressly identified by this Court; (2) the Proposed Second Amended Complaint could not withstand a renewed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6); and (3) Plaintiff's blatant disregard of this Court's Memorandum Opinion and Order represents, in essence, an attempted motion for reconsideration well beyond the permissible period of time.[2]

## II.   ARGUMENT AND AUTHORITY

Under Rule 15, "leave to amend the complaint will be denied if the amendment is futile, would cause undue prejudice, or the plaintiff was unduly delayed in seeking relief." *See In re: Vision Metals, Inc. v. SMS Demag, Inc.*, 311 B.R. 692, 701 (Bankr. D. Del. 2004) (citation omitted); *see also, Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment is futile if it would not cure a deficiency in the original complaint or if the complaint as amended would not withstand a renewed motion to dismiss." *See Vision Metals*, 311 B.R. at 701 (citation omitted);

---

[2] It should also be noted that Plaintiff's Motion does not include the statement required under District Court Local 7.1.1 regarding the moving party's obligations to make a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion.  Counsel for Soose was not contracted by Plaintiff's counsel to discuss matters set forth in the Motion prior to its filing with the Court.  Plaintiff's failure to comply with its Rule 7.1.1 obligations provides further grounds for the Court to deny this Motion as to Soose.

*see also, Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 419 (3d Cir. 1997) ("If further amendment of the Amended Complaint will not result in a determination that the newly amended complaint is sufficient to withstand a renewed motion under Rule 12(b)(6), we need not permit the amendment.") (citation omitted).

In the instant action, only Counts I, II and III of the First Amended Complaint were directed at Defendant Soose. This Court dismissed all three (3) counts, in their entirety, as to Defendant Soose, because the Complaint "alleges nothing about Soose other than his residence and position with the Company." *See* Mem. Op., pp. 21, 25 and 29. However, like the First Amended Complaint, the Proposed Second Amended Complaint makes absolutely no such allegations against Defendant Soose, and therefore, the deficiencies as to him have not been cured.

Specifically, the proposed Second Amended Complaint adds five (5) "new" paragraphs (¶s 31, 32, 33, 34 and 102) and an additional clause to one sentence in three (3) paragraphs from the First Amended Complaint.[3] However, not one of these additions refers to, relates to or even mentions Defendant Soose. To be sure, "new" paragraphs 31 through 34 and 102 exclusively involve allegations pertaining to the Board of Directors and the Carlyle Defendants, not Defendant Soose. Further, the clause added to the allegations contained within three (3) paragraphs of Counts I through III ("including but not limited to discretionary dividend payments at times when the Company was insolvent") does nothing to implicate Defendant Soose and he is still "not alleged to have benefited from any payments or to have been involved in the decisions to make payments." *See* Mem. Op., p. 21; see also Mem. Op. at 25.

---

[3] These paragraphs list the alleged breaches of fiduciary duty and waste of corporate assets. Plaintiff's Proposed Second Amended Complaint adds "including but not limited to discretionary dividend payments at times when the Company was insolvent" to follow "making transfers for the benefit of insiders." *See* First Amended Complaint, ¶s 61, 65 and 69 and Proposed Second Amended Complaint ¶s 64, 68 and 72.

{10010953.DOC}                           3

Therefore, with respect to Defendant Soose, Plaintiff's Proposed Second Amended Complaint ignores this Court's Memorandum Opinion and Order as it does <u>nothing</u> to cure the fatal deficiencies expressly identified by this Court. Further, the Second Amended Complaint could not, as a matter of law, withstand a renewed motion to dismiss under Rule 12(b)(6). Accordingly, as to Defendant Soose, this Court should deny Plaintiff's Motion for Leave to File a Second Amended Complaint. Because Plaintiff's efforts to cure the defects to its Complaint—as to Defendant Soose—have proven futile, and because Counts I, II and III are the <u>only</u> counts directed at him, this Court should dismiss this action, in its entirety, as to Defendant Soose, with prejudice.

Finally, because Plaintiff made <u>absolutely</u> <u>no</u> <u>effort</u> to cure the deficiencies of the First Amended Complaint as to Defendant Soose, it is apparent that the Motion for Leave is an attempted "end run" around the Court's ruling on the Motion to Dismiss. If Plaintiff disagreed with the Court's November 15, 2005 dismissal of Counts I, II and III in their entirety, it could have filed a timely Motion for Reconsideration, sought an interlocutory appeal, or certification under Federal Rule of Civil Procedure Rule 54(b). It did not. Instead, nearly two (2) months later, Plaintiff now proposes a Second Amended Complaint that does not even remotely begin to address the clear deficiencies outlined by this Court.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Harry J. Soose, Jr. respectfully requests that this Honorable Court rule in his favor, and against the Plaintiff, and deny the Plaintiff's Motion for Leave to File a Second Amended Complaint as to him, and accordingly dismiss the action, in its entirety, with prejudice, as to Defendant Harry J. Soose, Jr.

Dated: February 6, 2006

SMITH, KATZENSTEIN & FURLOW LLP

Roger D. Anderson (ID No. 3480)
800 Delaware Avenue, 7th Floor,
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Email: randerson@skfdelaware.com

-and-

Charles A. De Monaco
Kimberly L. Haddox
DICKIE MCCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
Telephone: (412) 392-5523
Telecopier: (412) 392-5367
Email: demonac@dmclaw.com

*Attorneys for Defendant,*
*Harry J. Soose, Jr.*