IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| THE IT GROUP, INC., et al. ) | Case No. 02-10118 |
| Debtors, ) | Jointly Administered |
| ) | |
| ──────────────────────── ) | |
| ) | |
| IT Litigation Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-1268 KAJ |
| ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. ) | |
| HARVEY, JAMES C. McGILL, RICHARD ) | |
| W. POGUE, PHILIP B. DOLAN, E. MARTIN ) | |
| GIBSON, ROBERT F. PUGLIESE, CHARLES ) | |
| W. SCHMIDT, JAMES DAVID WATKINS, ) | |
| ANTHONY J. DeLUCA, HARRY J. SOOSE, ) | |
| THE CARLYLE GROUP, THE CARLYLE ) | JURY TRIAL DEMANDED |
| GROUP, L.L.C., CARLYLE PARTNERS II, ) | |
| L.P., CARLYLE SBC PARTNERS, II, L.P., ) | |
| CARLYLE INTERNATIONAL PARTNERS ) | |
| II, L.P., CARLYLE INTERNATIONAL ) | |
| PARTNERS III, L.P., C/S INTERNATIONAL ) | |
| PARTNERS, CARLYLE INVESTMENT ) | |
| GROUP, L.P., CARLYLE-IT ) | |
| INTERNATIONAL PARTNERS, L.P., ) | |
| CARLYLE-IT INTERNATIONAL ) | |
| PARTNERS II, L.P., CARLYLE-IT ) | |
| PARTNERS L.P., and T.C. GROUP, L.LC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE A SECOND
AMENDED COMPLAINT**

Date: February 6, 2006

RLF1-2978127-1

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................1

PROCEDURAL POSTURE ..............................................................................................2

ARGUMENT ......................................................................................................................3

I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT, EVEN IF PERMITTED, WOULD BE FUTILE ..................................................................3

    A. The Proposed Amendment Is Futile Because Secretary Harvey's Testimony Only Reiterates Facts Already Alleged Twice Before, And Thus Cannot Moot Defendants' Petition For Certification ....................4

        1. Secretary Harvey's Testimony Refers Only To The Carlyle Defendants' Right to Appoint A Majority of the Board Not To Any "Control and Domination" Of Individual Directors ............4

        2. Plaintiff's Allegation of "Control" By The Carlyle Defendants Is A Legal Conclusion That Remains Unsupported by Any Allegation of Fact ..............................................7

    B. The Proposed Amendment Is Futile And Must Be Rejected Because It Improperly Attempts To Restate Allegations Already Dismissed ..............................................................................................8

    C. Leave To Amend Should Be Denied Because Of Plaintiff's Undue Delay ..........................................................................................................9

II. CERTIFICATION IS NOT RENDERED IMPROPER BY THE COURT'S PRIOR RULING .......................................................................10

CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Adams Golf Sec. Litigation*, 381 F.3d 267 (3d Cir. 2004) .................................................. 6

*In re Alpharma, Inc. Sec. Litigation*, 372 F.3d 137 (3d Cir. 2004) ............................................. 4

*Arizona v. California*, 460 U.S. 605 (1983) ............................................................................... 10

*Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) ........................................................................... 6, 8

*Continuing Creditors' Comm. of Star Telecommunications, Inc. v. Edgecomb*,
385 F. Supp. 2d 449 (D. Del. 2004) .......................................................................................... 7

*Cureton v. National Collegiate Athletic Association*, 252 F.3d 267 (3d Cir. 2001) ................... 10

*Garcia v. City of Chicago*, 24 F.3d 966 (7th Cir. 1994) .............................................................. 8

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993) .................................................................. 6, 9

*Messelt v. Security Storage Co.*, 11 F.R.D. 342 (D. Del. 1951) .................................................. 4

*Moore v. Delaware*, No.CIV.A.04-1396, 2005 WL 1799947 (D. Del. July 27, 2005) ............... 9

*Oran v. Stafford*, 226 F.3d 275 (3d Cir. 2000) ............................................................................ 6

*Orman v. Cullman*, 794 A.2d 5 (Del. Ch. 2002) .......................................................................... 7

*Rales v. Blasband*, 634 A.2d 927 (Del. 1993) ....................................................................... 10, 11

*Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998) ................................ 9

*Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229 (3d Cir. 2005) ................................ 3

*United States v. Baskes*, 649 F.2d 471 (7th Cir. 1980) ................................................................ 7

*United States v. Crawford*, 239 F.3d 1086 (9th Cir. 2001) .......................................................... 7

*Williams v. Runyon*, 130 F.3d 568 (3d Cir. 1997) ...................................................................... 10

*In re W. National Corp. S'holders Litigation*, No. 15927, 2000 WL 710192 (Del. Ch.
May 22, 2000) ............................................................................................................................ 8

## DOCKETED CASES

*In re Quality Stores, Inc.*, No. 03-88076 (Bankr. W.D. Mich Jan. 11, 2006) .............................. 3

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff seeks leave to file a Second Amended Complaint to moot Defendants' pending motion for reconsideration of this Court's November 15, 2005, order sustaining Plaintiff's claims alleging that Defendants breached their fiduciary duties of loyalty.[1] In connection with that motion, Defendants have asked this Court, *inter alia*, to certify to the Supreme Court of Delaware the question of whether Delaware law, requiring plaintiffs to plead particularized facts in order to overcome the business judgment rule's presumptions of disinterest and independence, is substantive and not merely procedural and thus required to be applied by the federal courts. Rather than have the Court certify this issue, Plaintiff seeks to amend by adding purportedly new "facts" which it claims are sufficient to meet Delaware's heightened pleading standard and, thus, would moot the need for certification.

Plaintiff's proposed amendment should be denied. The additional "facts" that Plaintiff seeks to include are neither "new," nor "newly discovered," nor – as Plaintiff wrongly interprets them – are they "facts" at all. The "new" allegation that Plaintiff cites in support of its request for amendment consists of a snippet of deposition testimony from Secretary Francis Harvey, one of the Director Defendants. That deposition was taken in February 2002 <u>by Plaintiff's counsel</u>. Not only are the "facts" stated in Plaintiff's cherry-picked fragment of testimony thus not new or newly-discovered, they also add nothing "new" or additional to Plaintiff's allegations in this case: Secretary Harvey merely reiterated the undisputed, previously-alleged "fact" that Carlyle had the authority to appoint a majority of the IT Group Board, something this Court – and others – have rejected as insufficient to demonstrate "control" or lack of independence. The real reason Plaintiff latches onto Secretary Harvey's testimony is that he describes this right to appoint a majority of the Board as "control." Plaintiff now seeks to interpret this lay testimony as a substitute for the factual

---

[1] This Court dismissed Plaintiff's claims for breach of the fiduciary duty of care on the basis of the exculpatory provisions of IT Group's Certificate of Incorporation adopted pursuant to 8 Del. Code § 102(b)(7) and insufficient pleading under federal and Delaware law. *See* November 15, 2005 Memorandum Opinion ("Mem. Op.") at 23-30.

allegations it lacks to prop up its still-factually-unsupported legal conclusion of dominance or control, as required to overcome the business judgment rule's presumptions under Delaware law. Because such factually-deficient legal conclusions would still fall short under the Delaware business judgment rule, Plaintiff's claim that its amendment will moot Defendants' pending Petition For Certification is incorrect, and must be rejected.

At the same time that Plaintiff seeks to insert these not-new and not-sufficient facts to avoid reconsideration by this Court or review by the Supreme Court of Delaware of their duty of loyalty claims, Plaintiff also seeks to sneak back into the complaint the already-dismissed claims based on alleged breaches of the duty of care. Plaintiff attempts this tactic without even a mention, much less any basis, and despite the fact that the time for reconsideration of the dismissal of those claims has long passed.

For each of these reasons, Plaintiff's request for leave to amend must be denied.

## PROCEDURAL POSTURE

This action was initially brought in the Bankruptcy Court by the Official Committee of Unsecured Creditors of the IT Group on January 15, 2004. After Plaintiff filed its First Amended Complaint, Defendants moved to dismiss the breach of fiduciary duty claims, asserting that the Court lacked subject matter jurisdiction over those counts and that they failed to state a claim.

In their Opposition, Plaintiff contended that it intended "to file a motion for leave to file a Second Amended Complaint" to include "deposition testimony that counsel for Plaintiff recently obtained from Defendant Harvey in a related case..." *See* Plaintiff's Memorandum In Opposition To Defendants' Joint Motion To Dismiss For Failure To State A Claim ("MTD Opp.," Docket Entry No. 54), at 3 n.2. Defendants pointed out at that time that this information was neither "recently obtained" nor newly-discovered since Secretary Harvey's testimony was given in February 2002 and counsel for Plaintiff in this action was present and asked questions of Secretary Harvey. *See, e.g.,* Excerpts of Feb. 6, 2002 Testimony of Francis J. Harvey, Exhibit A to Declaration of Amanda P. Biles ("Biles Dec."), at 37, 39-40

(reflecting questioning by Mr. Schlerf). Plaintiff did not seek to amend its complaint again at that time.

By its Order dated November 15, 2005, this Court dismissed Plaintiff's claims for alleged breaches of the duty of care. The Court sustained Plaintiff's claims that IT Group's directors breached their fiduciary duty of loyalty, however, following the Third Circuit's ruling in *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229 (3d Cir. 2005) (*"Tower Air"*), while expressing "serious[] doubt" that Plaintiff's "conclusory allegations of control…would survive a motion to dismiss in the Delaware Court of Chancery…" Mem. Op. at 16. Defendants then sought reconsideration of the Court's decision on several grounds, and requested certification to the Delaware Supreme Court as to whether the *Tower Air* court's ruling, that the federal courts need not apply the Delaware requirement that plaintiff plead specific facts sufficient to overcome the presumptions of the business judgment rule, because the requirement is procedural and not substantive, was correct.[2]

Plaintiff now seeks to amend its complaint for a second time, submitting a proposed amended complaint that includes its dismissed duty of care claims and adds Secretary Harvey's "newly-discovered" four-year old testimony in an effort to satisfy the Delaware standards for overcoming the Business Judgment Rule's presumptions and, thus, to moot the request for certification.

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT, EVEN IF PERMITTED, WOULD BE FUTILE

Although leave to amend may freely given when justice so requires, it is not

---

[2] As Defendants pointed out in their Petition For Certification, Docket Entry No. 75 at 21-22, the confusion and incongruities created by the *Tower Air* ruling are likely to recur. Indeed, one district court recently cited this Court's decision in determining that a fiduciary duty claim that should be dismissed under Delaware law nevertheless survived under "less stringent federal pleading requirements. *See In re Quality Stores, Inc.*, Adversary Proceeding No. 03-88076 (JDG), slip op. at 3-4 (Bankr. W.D. Mich. Jan. 11, 2006) (Ex. A hereto).

automatic. Where amendment would be futile, leave to amend may be denied. *See, e.g., In re Alpharma, Inc. Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004) (leave to amend denied where "the complaint, as amended, would fail to state a claim"); *Messelt v. Security Storage Co.*, 11 F.R.D. 342, 344 (D. Del. 1951) ("[A]n amendment may not be permitted if it is obviously and palpably insufficient as a matter of law.").

Plaintiff's proposed amendment should be rejected for at least two reasons. First, the newly-added excerpt of Secretary Harvey's February 2002 deposition testimony – added for the express purpose of seeking to moot Defendants' Petition For Certification by purportedly providing new "particularized facts" sufficient under Delaware law to overcome the presumptions of the business judgment rule – in fact adds nothing. As shown below, Secretary Harvey's testimony (1) is not "new," (2) is not different (the previous two versions of the complaint also allege that Carlyle had the right to appoint the majority of the Board), and (3) does not provide facts but rather an incompetent legal conclusion of "control" not susceptible to lay testimony. Second, the proposed amendment improperly seeks to re-allege allegations of a breach of the duty of care, which are identical to allegations the Court has already dismissed.

> A. **The Proposed Amendment Is Futile Because Secretary Harvey's Testimony Only Reiterates Facts Already Alleged Twice Before, And Thus Cannot Moot Defendants' Petition For Certification**
>
> 1. *Secretary Harvey's Testimony Refers Only To The Carlyle Defendants' Right to Appoint A Majority of the Board Not To Any "Control and Domination" Of Individual Directors*

Plaintiff claims that amendment should be permitted because "[t]he deposition of Defendant Harvey provides particularized facts that establish the Board was dominated and controlled by the Carlyle Defendants." Pl. Mem. at 2. Even a cursory review of the testimony excerpted demonstrates that Secretary Harvey used the term "control" only to refer to the Carlyle Defendants' right, pursuant to the terms of its preferred stock, to appoint a

4

majority of the board of directors for a prescribed period. The proposed excerpt of Secretary Harvey's testimony, in its entirety, states:

> Q. What is the relationship between Carlyse [sic] and the IT Group?
>
> A. ***Carlylse [sic] up until November controlled the board.*** They had approximately, they had 20 plus percent ownership of the company.
>
> Q. That changed in November 2001?
>
> A. Right. My understanding is they no longer had control of the board after November 2001.
>
> Q. Did that coincide at all with your appointment as acting CEO?
>
> A. No. The election of the next board of directors would have been the May 2002 meeting. So until May 2002 they had a majority of the board of directors appointed.

Proposed Second Amended Complaint ("PSAC"), Exhibit A to Plaintiff's Motion for Leave to File a Second Amended Complaint, at ¶ 31 (emphasis in original). Though Plaintiff does not include this in its proposed amendment, later in the same deposition Secretary Harvey testified:

> Q. Why did Carlysle's control with the board change in November?
>
> A. My understanding, **that was the nature of the agreement that they had with IT Group when they made a investment in IT in the '96 time frame.**

*See* Excerpt of February 6, 2002 Deposition of Francis Harvey, Ex. A to Biles Dec., at 79. In other words, the "control" Secretary Harvey refers to was the right granted at the time of Carlyle's investment in November 1996 to appoint a majority of the Board – a right that expired five years later in November 2001, as Defendants demonstrated in their previous filings to this Court.[3] As Secretary Harvey notes, the composition of the Board did not change at that time; all that changed is that Carlyle no longer had the right to reappoint them.

---

[3] *See* Defendants' Brief In Support Of Joint Motion to Dismiss For Failure To State A Claim, filed March 2, 2005, (the "MTD," Docket Entry No. 38), at 3-4 (explaining that the Carlyle Defendants' right to appoint a majority of the IT Group board expired after five years). As Plaintiff's proposed Second Amended Complaint acknowledges, the Carlyle investment occurred on November 20, 1996 (PSAC ¶ 30). The five-year anniversary and expiration of that right thus occurred on November 20, 2001.

Nowhere does Secretary Harvey suggest, nor does Plaintiff allege, that the Carlyle Defendants ever exerted any influence, control, dominion, or duress over <u>any</u> Board member or his decision-making, at any time before <u>or</u> after November 2001.

Secretary Harvey's acknowledgment that the Carlyle Defendants held the right until November 2001 to appoint a majority of the Board is nothing new – indeed, Plaintiff alleged that fact in both the initial Complaint filed January 15, 2004 (*see* ¶ 31), and the First Amended Complaint filed January 28, 2005 (*see* ¶ 30). The Court has already explicitly considered – and rejected – the notion that this right to appoint a Board majority supports Plaintiff's duty of loyalty claims. The Court concluded that the mere appointment of Board members by the Carlyle Defendants, as well as the alleged "connection" between Secretary Harvey and the Carlyle Defendants, "would not be enough on their own to prove that these six directors lacked independence" and thus breached their duty of loyalty. Mem. Op. at 15-16, *citing Aronson v. Lewis,* 473 A.2d 805, 816 (Del. 1984).[4]

As Courts have recognized, where, as here, "the purported new allegations consist not of new information, but, rather, information available at all times relevant to this action and facts not necessarily curative of the pleading problems at issue," the requested amendment should be denied. *In re Adams Golf Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004) (denying amendment as futile). *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) (affirming denial of amendment where "the inclusion of the[] additional allegations would [not] change the analysis underpinning the District Court's dismissal"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (affirming denial of amendment where "even if [the new facts] were pled, these additional facts would not breathe life into her RICO claim").

---

[4] Moreover, Plaintiff's proposed amendment continues to ignore the fact that, after May 1999, the Carlyle Defendants did not actually appoint a majority of the IT Group board. As Defendants have repeatedly demonstrated in their briefs and as the Court's Opinion acknowledged, after May 1999, the Carlyle Defendants appointed only five members of a ten-member board, with the eleventh seat remaining open. *See, e.g.,* Mem. Op. at 16; MTD at 9 n.3.

6

### 2. *Plaintiff's Allegation of "Control" By The Carlyle Defendants Is A Legal Conclusion That Remains Unsupported by Any Allegation of Fact*

Even if Secretary Harvey's testimony regarding "control" of IT Group's Board referred to something beyond the Carlyle Defendants' mere right to appoint Board members, that testimony would then reflect an incompetent legal conclusion not supportable by Secretary Harvey's lay testimony and unsubstantiated by a single fact demonstrating control, influence, or domination. *See, e.g., United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) (holding that a lay witness may not testify to a legal conclusion); *United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980) (holding that a witness's opinion testimony is inadmissible when it concerns the legal implications of certain conduct).

As this Court held in *Continuing Creditors' Committee of Star Telecommunications, Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 460 (D. Del. 2004) ("*Star*"), "[t]o allege a breach of the duty of loyalty . . . the Plaintiff must plead <u>facts</u> demonstrating that a majority of a Board that approved the transaction in dispute was interested and/or lacked independence," *i.e.*, "that the director was on both sides of a transaction or received a benefit not received by the shareholders" (citing *Orman v. Cullman*, 794 A.2d 5, 23 (Del. Ch. 2002) (emphasis added). Here there are no such facts. Which directors did the Carlyle Defendants control? What method of domination – or coercion, influence, or duress – was employed? What decisions were affected and how? There are no "particularized facts" supporting the conclusion of "control".[5] Like this Court, the Delaware courts have explicitly rejected allegations that a less-than-majority shareholder (such as the Carlyle Defendants here), merely by "play[ing] some role in the nomination process" for directors, could be deemed to have "exercised

---

[5] Plaintiff's proposed amendments at paragraphs 32-34 of the SAC, setting forth various contractually entitled payments received by the Carlyle Defendants, likewise fail to address the merits of Defendants' reconsideration motion. As Defendants have shown, the Delaware Courts have consistently rejected the receipt of dividends or consulting fees as a support for an alleged breach of the duty of loyalty absent a showing that the payment was material to the recipient. (*See* Defendants' Motion For Reconsideration and Petition for Certification at 11-12 and cases cited therein). These proposed amendments make no such showing, and thus, as with Secretary Harvey's testimony, are futile and should be denied.

actual control over the Company's business and affairs" or "dominated the Company's board of directors generally." *In re W. Nat. Corp S'holders Litig.*, No. 15927, 2000 WL 710192, at *1, *11-17 (Del. Ch. May 22, 2000) (dismissing duty of loyalty claims). Indeed, the Delaware courts have held that even appointing the entire Board is not sufficient to show control or domination for purposes of a breach of the duty of loyalty claim. *See Aronson*, 473 A.2d at 815 (47-percent stockholder's selection of all directors of corporation was not sufficient to establish the stockholder dominated and controlled the corporation's board).

In sum, Plaintiff offers no new facts sufficient to surmount the presumptions of the business judgment rule as applied by the Delaware courts. *See* Mem. Op. at 16 ("I seriously doubt that the conclusory allegations of control in the Complaint would survive a 12(b)(6) motion in the Delaware Court of Chancery..."). Accordingly, even under the most charitable interpretation of Secretary Harvey's testimony, the proposed amendment cannot render Defendants' Petition for Certification moot, and the amendment should be denied.

### B. The Proposed Amendment Is Futile And Must Be Rejected Because It Improperly Attempts To Restate Allegations Already Dismissed

This Court must also reject Plaintiff's attempt to reassert its claims for breach of the duty of care, and corporate waste predicated on breach of the duty of care. This Court dismissed those claims in its November 15, 2005 opinion (*see* Mem. Opp. at 25-29). Plaintiff does not even argue that it has cured the deficiencies that led to the dismissal of these claims, but simply re-alleges them verbatim, hoping to sneak them back in the case. *See* Proposed Second Amended Complaint, Exhibit A to Plaintiff's Motion To Amend, at pp. 2-3 (introduction) ¶¶ 53-59, 62-63, 64(a)-(f) and (i)-(j), 65, 68(a)-(f) and (i)-(j), 69, 72(a)-(e) and (h), 73-74, 76, 77(a)-(f) and (i)-(j), 78, 80-82. This backdoor attempt to revive Plaintiff's claims must be rejected out of hand. *See, e.g., Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (upholding a denial of a motion to amend where the amendment merely restated claims the district court had previously dismissed and noting that "futile pleadings include restating the same facts using different language . . . [and] reasserting claims

8

previously determined"); *Moore v. Delaware,* No.CIV.A.04-1396, 2005 WL 1799947, at *2 (D. Del. July 27, 2005) (denying motion to amend as futile where plaintiff's allegations depended on the "same factual bases" as the original complaint which the court had already held was frivolous).[6]

### C. Leave To Amend Should Be Denied Because Of Plaintiff's Undue Delay

Plaintiff's motion for leave to amend should also be denied because of Plaintiff's undue and inexplicable delay in seeking the amendments proposed here. Although Plaintiff and its counsel (who attended and participated in Francis Harvey's February 6, 2002 deposition) have long been on notice of the contents of Secretary Harvey's testimony, Plaintiff failed to include it in the original complaint filed in January 2004 (nearly two years after Harvey's deposition) or its First Amended Complaint filed a year later in January 2005. Indeed, despite hinting that it might include this testimony in an amendment in its Opposition to Defendants' Motion to Dismiss in April 2005, Plaintiff waited another 8 months – until after this Court's decision and Defendants' Motion for Reconsideration and Petition for Certification – before attempting to doing so.[7]

Courts routinely deny motions for leave to amend where, as here, the plaintiff knew – or even should have known – the facts on which the proposed amendment was based, yet failed to include them in earlier versions of the complaint. *See Lorenz v. CSX Corp.,* 1 F.3d at 1414 (rejecting proposed second amended complaint due to undue delay where facts available to plaintiff when the original complaint was filed three years before); *Rolo v. City*

---

[6] Moreover, to the extent that Plaintiff's re-incorporation of the duty of care allegations in the proposed amendment is an undeclared attempt to seek reconsideration of the Court's dismissal of those claims, it is untimely and has not properly been noticed, and must be denied. Defendants also note that Plaintiff did not contact Defendants regarding their proposed amendment in accordance with District Court Local Rule 7.1.1.

[7] It is thus ironic that Plaintiff, in its Opposition to Defendants' Motion For Reconsideration and Petition For Certification, attempts to chastise Defendants for seeking certification regarding the legal issues relating to *Tower Air* after this Court's decision (Opp. Br. at 5) – when, in fact, the *Tower Air* decision issued after briefing on Defendants' Motion To Dismiss was completed. Plaintiff has no such justification for its delay in amending.

9

*Investing Co. Liquidating Trust,* 155 F.3d 644, 654-55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs repled facts that could have been pled earlier); *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (noting that delay becomes "undue" when a movant has had previous opportunities to amend a complaint but has failed to add the facts available to him at the time of the prior amendment).[8] Plaintiff's motion for leave to amend should, therefore, be denied on this basis as well.

## II. CERTIFICATION IS NOT RENDERED IMPROPER BY THE COURT'S PRIOR RULING

Plaintiff argues that this Court is not entitled to amend or alter its prior ruling and seek certification because its November 15, 2005 decision constitutes "law of the case." Opp. Br. at 5-6. Plaintiff is incorrect. The law of the case doctrine does not, as Plaintiff suggests, foreclose a district court's ability to reconsider its decisions. To the contrary, "[u]nder law of the case doctrine…, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California,* 460 U.S. 605, 619 n.8 (1983); *see also Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997) ("it is often said that the law of the case doctrine does not limit the power of trial judges to reconsider their prior decisions").

Plaintiff's reliance on *Rales v. Blasband,* 634 A.2d 927 (Del. 1993), is misplaced. In *Rales,* the Delaware Supreme Court held that under Delaware Supreme Court Rule 41(a), it could not decide the certified question of law because the Third Circuit had resolved <u>in that litigation,</u> on interlocutory appeal, the very question sought to be certified, and thus could not

---

[8] Plaintiff's contention that the proposed amendment is not inequitable because it would not cause any greater delay than briefing of the key issues to the Delaware Supreme Court, Pl. Mtn. at 2, misses the mark. The proposed amendment would require Defendants to engage in a <u>third</u> round of motions to dismiss, file a motion to dismiss, which will raise, once again, the question of whether Delaware's business judgment rule is a matter of substantive law, necessitating another round of briefing on certification. This Court may avoid such duplicative motion practice, and the accompanying delay, by granting the Carlyle Defendants' Petition for Certification now, and denying the requested amendment.

10

RLF1-2978127-1

be reconsidered by the District Court. *Id* at 931. *Rales* says nothing about the Court's well-established power to revisit its own prior rulings.

## CONCLUSION

For the reasons set forth herein, the Carlyle Defendants and defendant Anthony J. DeLuca respectfully request that the Court deny Plaintiff's Motion for Leave to Amend.

Dated: February 6, 2006

/s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: ramos@rlf.com

Thomas L. Patten
Laurie B. Smilan
David A. Becker
Amanda P. Biles
LATHAM AND WATKINS, LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Telecopier: (202) 637-2201
E-mail: tom.patten@lw.com

*Attorneys for Defendants Daniel A. D'Aniello, Francis J. Harvey, James C. McGill, Richard W. Pogue, Phillip B. Dolan, E. Martin Gibson, Robert F. Pugliese, Charles W. Schmidt, James David Watkins, The Carlyle Group, The Carlyle Group L.L.C., Carlyle Partners II, L.P., Carlyle SBC Partners II, L.P., Carlyle International Partners II, L.P., Carlyle International Partners III, C/S International Partners, Carlyle Investment Group, L.P., Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P., Carlyle-IT Partners L.P. and T.C. Group, L.L.C.*

11

/s/ Ronald S. Gellert
Ronald S. Gellert (No. 4259)
ECKERT, SEAMANS, CHERIN & MELLOTT, LLC
The Towne Center
4 East 8th Street, Suite 200
Wilmington, DE 19801
Telephone: (302) 425-0430
Email: rgellert@eckertseamans.com

Mark A. Willard
Robert V. Campedel
ECKERT SEAMANS CHERIN & MELLOT, LLC
U.S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219-2788
Telephone: (412) 566-6000
Telecopier: (412) 566-6099
Email: mwillard@eckertseamans.com

*Attorneys for Defendant, Anthony J. DeLuca*