# EXHIBIT A

| NOT FOR PUBLICATION |
|---|

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

QUALITY STORES, INC., et al.,

    Debtor.
_____/

QSI HOLDINGS, INC., et al.,

    Plaintiffs,

-vs-

DAVID C. BLISS, et al.,

    Defendants.
_____/

Case No. GG 01-10662

Chapter 11

Adversary Proceeding No.
03-88076

## OPINION REGARDING DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' AMENDED COMPLAINT

On December 5, 2003, QSI Holdings, Inc. filed its amended complaint against twenty-six Defendants. The Defendants are former officers and/or directors of Quality Stores, Inc., a chapter 11 debtor which has been liquidated in accordance with a confirmed plan, or related corporate entities who are also debtors, collectively "Quality Stores." The Plaintiff, QSI Holdings, is a Delaware corporation which is continuing the liquidation of Quality Stores; among other activities, the Chief Liquidation Officer of QSI Holdings is pursuing various lawsuits, including the above adversary proceeding.

Pursuant to the amended complaint, which consists of 141 separate paragraphs, QSI Holdings alleges that the Defendant officers and/or directors "made a series of grossly negligent decisions in acting, and were negligent or grossly negligent in failing to act--all of which caused severe cashflow problems for Quality Stores and destroyed any chance the Company had of surviving post-merger." Amended Complaint, ¶ 3.

Becoming slightly more specific, QSI Holdings alleges that some of the decisions made by the Defendants "that caused financial problems for the Company were: (i) the adoption of a business model that failed to provide for revenues sufficient to service debt; (ii) an inventory over-buy that resulted from the Company's failure to integrate the computer systems of the merged companies into a properly functioning computer system; (iii) the institution of an imprudent accounts payable strategy; (iv) the disproportionate allocation of inappropriate amounts of Company's resources to advertisement and promotional pricing; (v) an ill-advised launch of an internet retail site; and (vi) the continued payment of 'management fees' to companies affiliated with members of the Board of Directors that were not providing management services." Amended Complaint, ¶ 4. (QSI Holdings' asserts that these bad management decisions may rise to the level of gross negligence.)

The amended complaint lists six "Claims for Relief," referred to herein as "Counts." In Count I, QSI Holdings objects to the Defendants' proofs of claim; in Count II, QSI Holdings alleges that the directors breached their fiduciary obligations; in Count III, QSI Holdings alleges that the officers breached their fiduciary duties; in Count IV, QSI alleges that the officers and directors engaged in negligent inaction; in Count V, it is alleged the directors committed waste with knowledge that they were dissipating Quality Stores' assets; and, finally in Count VI, it is alleged that QSI Holdings is entitled to attorneys' fees and costs.

On or about February 14, 2005, the Defendants filed their motion to dismiss this adversary proceeding. As stated in the motion to dismiss, QSI Holdings filed an original complaint, which listed forty-two Defendants. Addressing a motion to dismiss the original complaint, this court ruled that QSI Holdings would be permitted an opportunity to conduct additional discovery and to amend its complaint. This was done.

In now seeking to dismiss the amended complaint, the Defendants assert that the new complaint "continues to (i) lack any specific factual allegations facts [sic] that

could overcome the business judgment rule, and require these director and officer Defendants to defend their decision-making in a courtroom; (ii) shows on its face that the director Defendants are exculpated from any liability as a matter of law; and (iii) improperly lumps together directors and officers who are dissimilarly situated, both by their vastly different responsibilities to Quality, and by the widely divergent time frames in which they served the company." Motion to Dismiss Amended Complaint, ¶ 1. More specifically, the Defendants assert that the new complaint "fails to allege sufficient facts impugning the rationality of the corporate decision-making process so as to overcome the presumption under the business judgment rule that the Defendants acted in good faith; consequently Plaintiffs cannot contest any of the disputed business decisions . . . [and] . . . no actionable claim for breach of fiduciary duty is stated [for the Defendants' actions or inaction]." Motion to Dismiss Amended Complaint, ¶ 2.

QSI Holdings and the Defendants have each submitted lengthy legal memoranda in support of their respective positions. Numerous cases have been cited to support the parties' respective arguments. As courts have rendered opinions after submission of the initial legal memoranda, those additional opinions have been brought to this court's attention. There are many cases to read. This court has read them all.

Perhaps it is an understatement to say that the parties are passionate about their legal positions. Incivility is barely hidden in the written submissions. For example, QSI Holdings characterizes the Defendants' papers as "long on hyperbole and insults." The Defendants berate the "pejorative conclusions" by QSI Holdings. The court cautions the parties' respective attorneys that such language adds nothing to the force, or lack thereof, of their respective arguments. The court expects that the parties' attorneys will soon refrain from such phraseology in their future pleadings.

The major difficulty that the court now faces, at this stage of the adversary proceeding, is the tension between pleading standards imposed by the Federal Rules of Civil Procedure (incorporated by the Federal Rules of Bankruptcy Procedure) and the

substantive Delaware law, under which this adversary proceeding must be decided. "[W]hen a state procedural rule conflicts with an on-point Federal Rule of Civil Procedure, a federal court should apply the Federal Rule." IT Litigation Trust v. D'Aniello (In re IT Group, Inc.), ___ B.R. ___, 2005 WL 3050611, *8 n. 10 (D. Del. Nov. 15, 2005) (recognizing the difficult-to-reconcile tension between the requirement of more than conclusory allegations under state law against the federal rule requiring only notice pleading).

This court believes that under Delaware law, QSI Holdings' amended complaint should be dismissed; however, under the less stringent federal pleading requirements, dismissal is inappropriate at this time. Instead, the adversary proceeding should proceed for the time being. After further discovery, some, or many, of the counts may be eliminated at the summary judgment stage. For example, some of the defendants may prevail under the "exculpatory" affirmative defense. To the contrary, if QSI Holdings discovers specific facts that demonstrate more than conclusory allegations, this adversary proceeding will likely continue to trial.

The Defendants have not yet answered QSI Holding's Amended Complaint. Because of the extensive allegations, and the large number of Defendants, the court determines, on its own initiative, that it is appropriate to extend the time period to file an answer, or answers. The court will grant all Defendants sixty (60) days after the date of this Opinion, and the attendant order, to file an answer or answers.

_____
Hon. James D. Gregg
United States Bankruptcy Judge

Dated this 11th day of January, 2006
at Grand Rapids, Michigan.

| NOT FOR PUBLICATION |
|---|