IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IT GROUP INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 02-10118 |
| | ) | Jointly Administered |
| IT LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. | ) | |
| HARVEY, JAMES C. McGILL, RICHARD | ) | Civil Action No. 04-1268-KAJ |
| W. POGUE, PHILIP B. DOLAN, E. MARTIN | ) | |
| GIBSON, ROBERT F. PUGLIESE, | ) | |
| CHARLES W. SCHMIDT, JAMES DAVID | ) | |
| WATKINS, ANTHONY J. DELUCA, HARRY | ) | |
| J. SOOSE, THE CARLYLE GROUP, THE | ) | |
| CARLYLE GROUP L.L.C., CARLYLE | ) | |
| PARTNERS II, L.P., CARLYLE SBC | ) | |
| PARTNERS, II, L.P., CARLYLE | ) | |
| INTERNATIONAL PARTNERS II, L.P., | ) | |
| CARLYLE INTERNATIONAL PARTNERS | ) | |
| III, L.P., C/S INTERNATIONAL | ) | |
| PARTNERS, CARLYLE INVESTMENT | ) | |
| GROUP, L.P. CARLYLE-IT | ) | |
| INTERNATIONAL PARTNERS, L.P., | ) | |
| CARLYLE-IT INTERNATIONAL | ) | |
| PARTNERS II, L.P., CARLYLE-IT | ) | |
| PARTNERS L.P., and T.C. GROUP, L.L.C., | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM ORDER**

## I.   INTRODUCTION

This case involves alleged breaches of fiduciary duty by former directors and

shareholders of the IT Group, Inc. (the "IT Group" or the "Company").  Before me now is

Defendants' Joint Motion for Reconsideration and Petition for Certification of Issues of

Law to the Supreme Court of Delaware. (D.I. 74; the "Motion.") For the reasons that follow, I will deny the Motion.

## II.    BACKGROUND

The background of this action was described in the November 15, 2005 Memorandum Opinion. *IT Litig. Trust v. D'Aniello (In re IT Group, Inc.)*, No. 02-10118, C.A. 04-1268, 2005 WL 3050611, at \*1-\*5 (D. Del. Nov. 15, 2005).

In short, IT Litigation Trust ("Plaintiff") alleges that the Individual Defendants[1] breached their fiduciary duties as directors and officers of the IT Group by, *inter alia*, approving payments, including dividends and consulting fees, to the Carlyle Defendants[2] while the IT Group was insolvent or in the zone of insolvency. *Id.* at \*4. Plaintiff further alleges, based on those payments, that the Carlyle Defendants (1) breached their fiduciary duties as controlling shareholders of the IT Group and (2) aided and abetted the Individual Defendants' breaches. *Id.* Finally, Plaintiff also makes claims for waste of corporate assets, unlawful payment of dividends, avoidance of preferential transfers, and recovery of fraudulent transfers. *Id.*

On consideration of Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), I held that, under the pleading standard set forth by the United

---

[1]The "Individual Defendants" are: Daniel A. D'Aniello, Francis J. Harvey, James C. McGill, Richard W. Pogue, Philip B. Dolan, E. Martin Gibson, Robert F. Pugliese, Charles W. Schmidt, James David Watkins, Anthony J. DeLuca, and Harry J. Soose.

[2]The "Carlyle Defendants" are: The Carlyle Group, The Carlyle Group, L.L.C., Carlyle Partners II, L.P., Carlyle SBC Partners, II, L.P., Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle Investment Group, L.P., Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P., Carlyle-IT Partners L.P., and T.C. Group, L.L.C..

2

States Court of Appeals for the Third Circuit, Plaintiff had stated claims for breach of the duty of loyalty by the Carlyle Defendants and by all Individual Defendants except for Harry J. Soose. *Id.* at *7-*10 (applying the pleading standard set forth in *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 236-39 (3d Cir. 2005)). Those claims were supported, in part, by Plaintiff's allegations of (1) the Carlyle Defendants' control over the IT Group's board and (2) the consequent lack of independence of the IT Group's directors in approving payments to the Carlyle Defendants. *Id.*

Defendants now ask me to reconsider that decision. First, Defendants argue that the decisions to make payments to the Carlyle Defendants were made by the IT Group's board and approved by the shareholders before the Carlyle Defendants were in control of the board, and so those payments cannot form the basis for breaches of the duty of loyalty. (D.I. 75 at 3-5.) Second, Defendants argue that I should reconsider the question of whether the *Tower Air* pleading standards are consistent with the business judgment rule of Delaware corporate law. (*Id.* at 5-17.) If I were to agree to reconsider that issue, Defendants request that I then certify the following questions to the Delaware Supreme Court:

1.   Is the requirement that a plaintiff alleging a breach of fiduciary duty plead specific facts sufficient to overcome the presumptions of the Business Judgment Rule a requirement of Delaware's substantive law?

2.   Does the holding in *Tower Air* that a plaintiff must only satisfy federal notice pleading requirements with respect to fiduciary duty claims conflict with the business judgment rule's requirement that a plaintiff plead specific facts sufficient to overcome that rule's presumption that the defendant directors acted loyally and with due care?

3

(*Id.* at 23.)

## III.   STANDARD OF REVIEW

Motions for reconsideration are to correct manifest errors of law or fact or to present newly discovered evidence. *Seawright v. Carroll*, No. 02-1258, 2004 WL 396310, at *1 (D. Del. Mar. 2, 2004) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration is not appropriate to reargue issues that the court has already considered and denied." *Id.* (internal citation omitted). A court may grant a motion for reconsideration "if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a manifest injustice." *Id.* (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Prior to the entry of final judgment, this court may, on motion or *sua sponte*, certify a question of law to the Delaware Supreme Court if (1) there is an important and urgent reason for an immediate determination of that question by the Court and (2) this court has not decided the question in the case. Del. Sup. Ct. Rule 41(a)(ii).

## IV.   DISCUSSION

### A.   *Timing and Shareholder Approval of the Payments*

Defendants first argue that the decisions to pay dividends and consulting fees to the Carlyle Defendants cannot be the basis for a breach of the duty of loyalty because those decisions were made before the Carlyle Defendants invested in the IT Group and allegedly took control of the Company's board. (D.I. 75 at 3-4.) Defendants also argue that there is no breach of the duty of loyalty because those earlier decisions were

4

approved by the shareholders, again before the Carlyle Defendants were shareholders themselves. (Id. at 4-5.) Because those arguments, and the facts behind them, were presented to and considered by the court pursuant to the motion to dismiss, I will deny Defendants' request for reconsideration.

In support of their motion to dismiss, Defendants argued that "the terms of the Carlyle Defendants' investments, including the provisions for dividends and consulting fees, were approved by IT Group's Board and its shareholders before the Carlyle Defendants made their investment [in the IT Group]." (D.I. 60 at 4.) That is precisely the argument made here.[3] Because Defendants have failed to raise new facts or show the need to correct a manifest injustice, I will not reconsider the issue.

B.    Pleading Standard

Defendants next ask that I reconsider the pleading standards applied to Plaintiff's fiduciary duty claims, because they conflict with the Delaware business judgment rule and are therefore based on an error of law. (D.I. 75 at 5-17.) Defendants note their disagreement with the standard set forth by the Third Circuit in Tower Air, but that disagreement is irrelevant. The Tower Air decision addressed the issue of the pleading standard, 416 F.3d at 236-39, and I have noted the problems I perceive in that opinion. In re IT Group, 2005 WL 3050611, at *8 & n.10. But I do not

---

[3]I note that Defendants' evidence in support of that argument shows only that the Carlyle Defendants were "entitled to receive, when and as declared by the Board of Directors out of funds legally available therefore, cumulative annual dividends." (D.I. 61, Ex. A at 22.) Defendants concede that "each individual payment had to be approved by the IT Group Board." (D.I. 60 at 5.) Those approvals took place after the Carlyle Defendants' investment, and apparently were not approved by the shareholders. Thus, Defendants' argument fails according to their own description of the circumstances surrounding the payments.

5

agree that certification of the question is appropriate.  I am bound by Third Circuit precedent and will rely upon the litigants to address their concerns, and perhaps mine, regarding the pleading standard, if this matter is heard by the Third Circuit on appeal. In short, I have decided the question of the proper pleading standard, based on binding precedent.  Thus, I may not certify the question to the Delaware Supreme Court.  *See* Del. Sup. Ct. Rule 41(a)(ii) (allowing certification if the certifying court has not yet decided the question).

## IV.    CONCLUSION

Accordingly, for the reasons set forth herein, it is hereby ORDERED that the Motion (D.I. 74) is DENIED.

UNITED STATES DISTRICT JUDGE

February 9, 2006
Wilmington, Delaware