## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE IT GROUP, INC., *et al.*, | ) | Case No. 02-10118 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| IT LITIGATION TRUST, | ) | Civ. A. No. 04-CV-1268 (KAJ) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. HARVEY, | ) | |
| JAMES C. MCGILL, RICHARD W. POGUE, | ) | |
| PHILLIP B. DOLAN, E. MARTIN GIBSON, | ) | |
| ROBERT F. PUGLIESE, CHARLES W. | ) | |
| SCHMIDT, JAMES DAVID WATKINS, | ) | |
| ANTHONY J. DeLUCA, HARRY J. SOOSE, | ) | |
| THE CARLYLE GROUP, THE CARLYLE | ) | |
| GROUP L.L.C., CARLYLE PARTNERS II, L.P., | ) | |
| CARLYLE SBC PARTNERS II, L.P., CARLYLE | ) | |
| INTERNATIONAL PARTNERS II L.P., | ) | JURY TRIAL DEMANDED |
| CARLYLE INTERNATIONAL PARTNERS III, | ) | |
| L.P., C/S INTERNATIONAL PARTNERS, | ) | |
| CARLYLE INVESTMENT GROUP, L.P., | ) | |
| CARLYLE-IT INTERNATIONAL PARTNERS, | ) | |
| LP, CARLYLE-IT INTERNATIONAL | ) | |
| PARTNERS II, L.P., CARLYLE-IT PARTNERS | ) | |
| L.P., and T.C. GROUP, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## ANTHONY J. DELUCA TO THE FIRST AMENDED COMPLAINT

Defendant Anthony J. DeLuca ("DeLuca"), through his counsel, answers the

allegations of Plaintiffs' First Amended Complaint (the "Complaint") as follows. To the extent

not explicitly admitted, all other allegations of the First Amended Complaint are denied.

## INTRODUCTION

1.      Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations is required. To the extent a response is required, Defendant DeLuca admits that Plaintiff purports to bring this action to, among other things, redress breaches of fiduciary duty, including breaches of loyalty and due care, by the Directors, Officers and controlling shareholders of the IT Group. Defendant DeLuca also admits that Plaintiff purports to seek not less than $150 million in damages on these claims and that Plaintiff purports to assert claims to avoid and recover preferential and constructively fraudulent transfers to certain of the Defendants. Except as so expressly admitted, Defendant DeLuca denies the remaining allegations in Paragraph 1 of the Complaint and specifically denies that Plaintiff is entitled to any of the relief sought by its Complaint.

## PARTIES

2.      In response to Paragraph 2 of the Complaint, Defendant DeLuca admits that Plaintiff purports to bring this action in its capacity as the representative of the Debtors and their estates and for the benefit of the estates' creditors, and that Plaintiff purports to bring this action pursuant to the authority granted to it under law and the Court's Orders dated March 12, 2004, December 22, 2003, and November 6, 2003, and the Stipulation and Order dated September 1, 2004. Except as so expressly admitted, Defendant DeLuca denies the remaining allegations in Paragraph 2 of the Complaint.

3.      Defendant DeLuca admits that D'Aniello was a director of the IT Group and a member of the Executive Committee and Compensation Committee of the board of directors of

2

the IT Group from 1996 through 2002. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant DeLuca admits that Harvey was a director of the IT Group from 1999 through 2002 and served as a member of the Executive Committee and Compensation Committee of the board of directors of the IT Group. Defendant DeLuca further admits that in November 2001, Harvey was appointed acting CEO and President of the Company. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendant DeLuca admits the allegations in Paragraph 5 of the Complaint.

6.      Defendant DeLuca admits the allegations in Paragraph 6 of the Complaint.

7.      Defendant DeLuca admits that Dolan was a director of the IT Group and a member of the Compensation Committee of the board of directors of the IT Group after November 20, 1996. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant Gibson admits the allegations in Paragraph 8 of the Complaint.

9.    Defendant DeLuca admits the allegations in Paragraph 9 of the Complaint.

10.    Defendant DeLuca admits the allegations in Paragraph 10 of the Complaint.

11.    Defendant DeLuca admits that Watkins was a director of the IT Group and a member of the Compensation Committee of the board of directors of the IT Group from 1996 through 2002.  Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint, and on that basis denies the remaining allegations in Paragraph 11 of the Complaint.

12.    Defendant DeLuca admits that he was named IT Group's CEO and President on July 22, 1997 and President and Acting CEO and a director as of July 1, 1996.  DeLuca further admits that he resigned as Chief Executive Officer, President and director of IT Group on or about November 13, 2001.  Defendant DeLuca denies all of the remaining allegations in Paragraph 12 of the Complaint.

13.    Defendant DeLuca admits that Soose was appointed Vice President, Controller of IT Group in 1995 and became Senior Vice President and Chief Financial Officer in July, 1999. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 13 of the Complaint.

4

14.     Defendant DeLuca admits that the Carlyle Group is a private entity with a place of business in Washington, D.C. and that it invested in the IT Group through a number of entities which the Carlyle Group owned or controlled.    Defendant DeLuca denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains no factual allegations, and therefore no response is required.

## JURISDICTION AND VENUE

27.    The allegations in Paragraph 27 of the Complaint state a legal conclusion to which no response is required.

28.    The allegations in Paragraph 28 of the Complaint state a legal conclusion to which no response is required.

## FACTUAL SUPPORT OF CLAIMS FOR RELIEF

29.    The First Amended Complaint does not contain a Paragraph 29.

30.    Defendant DeLuca admits that the IT Group was a Delaware Corporation with its principal office in Monroeville, Pennsylvania at certain times.  Defendant DeLuca further admits that at certain times, the IT Group was a provider of services in the areas of consulting, engineering, construction, environmental remediation, facilities and waste management; that the IT Group's projects ranged in length from one month to many years; that IT Group's range of services included the identification of contaminants in soil, air and water, as well as the subsequent design and execution of remedial solutions; and that IT Group also provided project and facilities management capabilities and other related services to non-environmental civil construction, watershed restoration and the outsourcing privatization markets.  Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 30 of the Complaint.

7

31.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 31 of the Complaint.

32.    Defendant DeLuca admits that, beginning in or about 1998, the IT Group acquired approximately eleven companies over the next two years.  Except as so expressly admitted, Defendant DeLuca denies the remaining allegations in Paragraph 32 of the Complaint.

33.    Defendant DeLuca admits that in or about February and June 1998, the IT Group acquired OHM Corporation.  Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 33 of the Complaint.

34.    Defendant DeLuca admits that in or about December 1998, the IT Group acquired Groundwater Technology, Inc.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 34 of the Complaint.

35.    Defendant DeLuca admits that in or about March 1999, the IT Group acquired Roche Limited Consulting Services.  Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the

Complaint, and on that basis denies all of the remaining allegations in Paragraph 35 of the Complaint.

36.    Defendant DeLuca admits that in or about April 1999, the IT Group acquired EFM Group. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 36 of the Complaint.

37.    Defendant DeLuca admits that in or about June 1999, the IT Group acquired EMCON, Inc. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 37 of the Complaint.

38.    Defendant DeLuca admits that in or about May 2000, the IT Group acquired W&H Pacific, Inc. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 38 of the Complaint.

39.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant DeLuca denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant DeLuca denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant DeLuca is unable to determine the method of measurement for the allegations that, as of 1998, the IT Group had experienced consecutive fiscal years in which it had lost money, and on that basis denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant DeLuca admits that the Acquisitions between 1998 and 2000 were funded largely by debt financing. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant DeLuca admits that the Debt Financing increased the Company's leverage and increased its interest payments. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant DeLuca admits that the IT Group requested and obtained from the Bank Group in March 2000 an additional $100 million term loan. Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and on that basis denies all of the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant DeLuca denies the allegations in Paragraph 47 of the Complaint.

48.     The term "desired benefits" is vague, ambiguous and undefined.  On that basis, the Defendant DeLuca is incapable of responding to the allegations in Paragraph 48 and on that basis denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis denies the allegations in Paragraph 49 of the Complaint.

50.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 50 is required.  To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 50 of the Complaint.

51.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 51 is required.  To the extent an answer is required,

Defendant DeLuca admits that, in 1999 and 2000, Defendants did not retain financial asset divestiture consultants, financial consultants, turnaround and restructuring consultants, or bankruptcy counsel. Defendant DeLuca denies all of the remaining allegations in Paragraph 51 of the Complaint.

52.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 52 is required. To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 52 of the Complaint.

53.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 53 is required. To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 53 of the Complaint.

54.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 54 is required. To the extent an answer is required, Defendant DeLuca is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 54 and on that basis denies all of the remaining allegations in Paragraph 54 of the Complaint.

55.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 55 is required. To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 55 of the Complaint.

56.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 56 is required. To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and on that basis denies all of the allegations in Paragraph 57 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Breach of Fiduciary Duties against the Directors and Officers)**

58.    Defendant DeLuca incorporates his responses to Paragraphs 1 – 57 of the Complaint as if fully set forth herein.

59.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no

response to those allegations in Paragraph 59 is required.  Further, the allegations in Paragraph 59 state conclusions of law to which no response is required.

60.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 60 is required.  Further, the allegations in Paragraph 60 state conclusions of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies the allegations of Paragraph 60 of the Complaint.

61.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to Paragraph 61(a) – (f) and 61(i) – (j) is required.  To the extent a response is required, Defendant DeLuca denies all allegations in Paragraph 61 of the Complaint.

62.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 62 is required.  To the extent an answer is required, Defendant DeLuca denies the allegations in Paragraph 62 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach of fiduciary duties against the Directors and Officers
### Under The "Trust Fund Doctrine")

63.     Defendant DeLuca incorporates his responses to Paragraphs 1 – 62 of the Complaint as if fully set forth herein.


64.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 64 is required. Further, the allegations in Paragraph 64 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, Defendant DeLuca denies all the allegations of Paragraph 64 of the Complaint.


65.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 65(a) – (f) and 65(i) – (j) is required. To the extent a response is required, Defendant DeLuca denies all allegations in Paragraph 65 of the Complaint.


66.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 66 is required. To the extent an answer is required, Defendant DeLuca denies all the allegations in Paragraph 66 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Waste of corporate assets against the Directors and Officers)**

67.     Defendant DeLuca incorporates his responses to Paragraphs 1 – 67 of the Complaint as if fully set forth herein.

68.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 68 is required. Further, the allegations in Paragraph 68 of the Complaint state a conclusion of law to which no response is required.

69.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 69(a) – (e) and 69(h) is required. To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 69 of the Complaint.

70.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 70 is required. To the extent an answer is required, Defendant DeLuca denies all the allegations in Paragraph 70 of the Complaint.

71.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 71 is required. To the extent an answer is required, Defendant DeLuca denies all the allegations in Paragraph 71 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Breach of fiduciary duties against the Carlyle Defendants)

72.    Defendant DeLuca incorporates his responses to Paragraphs 1 – 71 of the Complaint as if fully set forth herein.

73.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 73 is required. Further, the allegations in Paragraph 73 of the Complaint state a conclusion of law to which no response is required. Moreover, Defendant DeLuca is not named as a defendant in Count Four and thus no response is required.

74.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 74(a) – (f) and 74(i) – (j) is required. To the extent a response is required Defendant DeLuca denies all allegations in Paragraph 74 of the Complaint.

75.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 75 is required.  Further, Defendant DeLuca is not named as a defendant in Count Four and thus no response is required.

**FIFTH CLAIM FOR RELIEF**
**(Aiding and Abetting Breach of Fiduciary Duty against the Carlyle Defendants)**

76.     Defendant DeLuca incorporates his responses to Paragraphs 1 – 75 of the Complaint as if fully set forth herein.


77.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 77 is required.  Further, Defendant DeLuca is not named as a defendant in Count Five and thus no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 77 of the Complaint.


78.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 78 is required.  Further, Defendant DeLuca is not named as a defendant in Count Five and thus no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 78 of the Complaint.

18

79.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed.  Accordingly, no response to those allegations in Paragraph 79 is required.  Further, Defendant DeLuca is not named as a defendant in Count Five and thus no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 79 of the Complaint.

### SIXTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Transfers Made to Gibson, Harvey, Pogue, Pugliese, Schmidt, Watkins, and the Carlyle Defendants Pursuant to Sections 547 and 550 of the Bankruptcy Code)

80.    Defendant DeLuca incorporates his responses to Paragraphs 1 – 79 of the Complaint as if fully set forth herein.

81.    Defendant DeLuca admits that on or within one year before the Petition Date, the IT Group made certain transfers by check, wire transfer, or its equivalent, of certain monetary amounts to the enumerated persons and entities, but denies that such transfers constituted "avoidable transfers" or "preferences."  Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint, and on that basis denies all the remaining allegations in Paragraph 81 of the Complaint.

82.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint and on that basis denies all the allegations in Paragraph 82 of the Complaint.

83.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis denies all the allegations in Paragraph 83 of the Complaint.

84.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis denies all the allegations in Paragraph 84 of the Complaint.

85.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis denies all the allegations in Paragraph 85 of the Complaint.

86.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and on that basis denies all the allegations in Paragraph 86 of the Complaint.

87.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis denies all the allegations in Paragraph 87 of the Complaint.

88.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and on that basis denies all the allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint state a conclusion of law to which no response is required.

90.     The allegations in Paragraph 90 of the Complaint state a conclusion of law to which no response is required.

91.     The allegations in Paragraph 91 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint, and on that basis denies all the allegations of Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 of the Complaint state a conclusion of law to which no response is required.

93.     Defendant DeLuca denies the allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint, and on that basis denies all the allegations of Paragraph 94 of the Complaint.

95.     The allegations in Paragraph 95 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint, and on that basis denies all the allegations of Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint state a conclusion of law to which no response is required.

### SEVENTH CLAIM FOR RELIEF
#### (Avoidance and Recovery of Constructively Fraudulent Transfers Made to the Carlyle Defendants Pursuant to Sections 544, 548, 550 and 551 of the Bankruptcy Code).

97.     Defendant DeLuca incorporates his responses to Paragraphs 1 – 96 of the Complaint as if fully set forth herein.

98.     Defendant DeLuca is not named as a defendant in Count Seven and thus no response is required.

99.     Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint and on that basis denies all the allegations in Paragraph 99 of the Complaint.

100.    The First Amended Complaint does not contain a Paragraph 100.

101.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint and on that basis denies all the allegations in Paragraph 101 of the Complaint.

102.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint and on that basis denies all the allegations in Paragraph 102 of the Complaint.

103.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint and on that basis denies all the allegations in Paragraph 103 of the Complaint.

104.    Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Complaint and on that basis denies all the allegations in Paragraph 104 of the Complaint.

105.    The allegations in Paragraph 105 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations contained in Paragraph 105 of the Complaint.

106.    Pursuant to the Court's order dated November 15, 2005, the allegations seeking to recover payments made prior to January 16, 2001 under 11 U.S.C. § 548 are dismissed, therefore no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations contained in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations contained in Paragraph 107 of the Complaint.

108.    Pursuant to the Court's order dated November 15, 2005, the allegations seeking to recover payments made prior to January 16, 2001 under 11 U.S.C. § 548 are dismissed, therefore no response is required.  Further, the allegations in Paragraph 108 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations contained in Paragraph 108 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (Fraudulent Conveyances Made to the Preference Defendants and Carlyle Defendants Under Sections 544, 550 and 551 of the Bankruptcy Code and 6 Del. Code § 1303)

109.    Defendant DeLuca incorporates his responses to Paragraphs 1 – 108 of the Complaint as if fully set forth herein.

110.    The allegations in Paragraph 110 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint state a conclusion of law to which no response is required.

112.    The allegations in Paragraph 112 of the Complaint state a conclusion of law to which no response is required.


113.    The allegations in Paragraph 113 of the Complaint state a conclusion of law to which no response is required.


114.    Defendant DeLuca denies the allegations in Paragraph 114 of the Complaint.


115.    The allegations in Paragraph 115 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 115 of the Complaint.

**NINTH CLAIM FOR RELIEF**
**(Liability of Director Defendants for Unlawful**
**Payment of Dividends Under Del. Code § 174)**

116.    Defendant DeLuca incorporates his responses to Paragraphs 1 – 115 of the Complaint as if fully set forth herein.


117.    The allegations in Paragraph 117 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and on that basis denies all the allegations in Paragraph 117 of the Complaint.

118.     The allegations in Paragraph 118 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, Defendant DeLuca denies all the allegations in Paragraph 118 of the Complaint.

119.     Paragraph 119 of the Complaint contains no factual allegations, and therefore no response is required.  However, Defendant DeLuca avers that the Litigation Trust may not reserve rights which have been barred by, among other things, the applicable statute of limitations.

To the extent that any allegations of the Complaint have not been responded to, in paragraphs 1 – 119 above, those allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the First Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### Second Affirmative Defense

The First Amended Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The Litigation Trust's claims are barred in whole or part by the doctrines of waiver, estoppel, laches, ratification, discharge in bankruptcy and/or unclean hands.

### Fourth Affirmative Defense

The Litigation Trust lacks standing to maintain this action on the ground that the Litigation Trust has suffered no actual injury as a consequence of any actions by Defendants.

## Fifth Affirmative Defense

The Litigation Trust lacks standing to maintain its claims for relief pursuant to Section 544(b) of the Bankruptcy Code and 6 Del. C. § 1303 et seq. on the ground that there is no actual creditor of the Debtor holding an unsecured claim allowable against the Debtor's estate which would have the right to void the applicable transfers under applicable law.

## Sixth Affirmative Defense

The Litigation Trust has failed to mitigate any damages it may have sustained.

## Seventh Affirmative Defense

Defendants violated no legal duty allegedly owed to the Litigation Trust.

## Eighth Affirmative Defense

The Litigation Trust's claims are barred because Defendants' actions were privileged, legitimate, justified, and/or not improper.

## Ninth Affirmative Defense

Insofar as any cause of action in the Complaint sounds in fraud, the Complaint fails to plead fraud with particularity.

## Tenth Affirmative Defense

The Litigation Trust's claims for relief are barred by the doctrines of recoupment and set-off.

## Eleventh Affirmative Defense

The Litigation Trust is precluded from recovering amounts where such recovery is inconsistent with applicable law and regulations.

## Twelfth Affirmative Defense

Defendants acted in good faith, with due care and in the best interest of IT Group, its shareholders, its creditors, and/or any others to whom they may have owed a duty.

27

### Thirteenth Affirmative Defense

The acts and/or omissions alleged are immune from liability under the Business Judgment Rule.

### Fourteenth Affirmative Defense

No wrongful conduct occurred.

### Fifteenth Affirmative Defense

A portion or all of the damages claimed to have been suffered by the Litigation Trust are not attributable to the acts or conduct of the Defendant.

### Sixteenth Affirmative Defense

The acts and practices of persons or entities not associated with Defendants, and ongoing economic events, constitute intervening and superseding causes of the alleged harm, if any, suffered by the Litigation Trust.

### Seventeenth Affirmative Defense

Any preferential transfer was (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, (B) made in the ordinary course of business or financial affairs of the debtor and the transferee and (C) made according to ordinary business terms.

### Eighteenth Affirmative Defense

After any preferential transfer, the creditor gave new value to or for the benefit of the debtor (A) not secured by an otherwise unavoidable security interest and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### Nineteenth Affirmative Defense

Any preferential transfer was (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor and (B) in fact a substantially contemporaneous exchange.

### Twentieth Affirmative Defense

Any payments to any Defendant as alleged in the Complaint were made for value.

### Twenty-first Affirmative Defense

Any payments to any Defendant as alleged in the Complaint were received in good faith.

### Twenty-Second Affirmative Defense

Any payments to any Defendant as alleged in the Complaint were made in exchange for reasonably equivalent value.

### Twenty-Third Affirmative Defense

Any payments as alleged in the Complaint were made in the ordinary course of business or financial affairs of the Debtor and the transferor.

### Twenty-Fourth Affirmative Defense

The claims alleged in the First Amended Complaint are barred, in whole or in part, by the exculpation clause in IT Group's Certificate of Incorporation adopted pursuant to 8 Del.C. § 102(b)(7).

## Twenty-Fifth Affirmative Defense

The Individual Defendants aver as an affirmative defense that they intend to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case and hereby reserve the right to amend this Answer to assert any such defenses.

Dated: March 7, 2006

By:    /s/Ronald S. Gellert
Ronald S. Gellert (No. 4259)
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
302.425.0430 (phone)
302.425.0432 (fax)
rgellert@eckertseamans.com (email)

and

Mark A. Willard
Robert V. Campedel
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.6000 (phone)
412.566.6099 (fax)Eck

Attorneys for Defendant Anthony J. DeLuca