## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE IT GROUP, INC., *et al*., ) | Case No. 02-10118 (MFW) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| IT LITIGATION TRUST, ) | Civ. A. No. 04-CV-1268 (KAJ) |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DANIEL A. D'ANIELLO, FRANCIS J. HARVEY, ) | |
| JAMES C. MCGILL, RICHARD W. POGUE, ) | |
| PHILLIP B. DOLAN, E. MARTIN GIBSON, ) | |
| ROBERT F. PUGLIESE, CHARLES W. ) | |
| SCHMIDT, JAMES DAVID WATKINS, ) | |
| ANTHONY J. DeLUCA, HARRY J. SOOSE, ) | |
| THE CARLYLE GROUP, THE CARLYLE ) | |
| GROUP L.L.C., CARLYLE PARTNERS II, L.P., ) | |
| CARLYLE SBC PARTNERS II, L.P., CARLYLE ) | |
| INTERNATIONAL PARTNERS II L.P., ) | JURY TRIAL DEMANDED |
| CARLYLE INTERNATIONAL PARTNERS III, ) | |
| L.P., C/S INTERNATIONAL PARTNERS, ) | |
| CARLYLE INVESTMENT GROUP, L.P., ) | |
| CARLYLE-IT INTERNATIONAL PARTNERS, ) | |
| LP, CARLYLE-IT INTERNATIONAL ) | |
| PARTNERS II, L.P., CARLYLE-IT PARTNERS ) | |
| L.P., and T.C. GROUP, L.L.C., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE CARLYLE GROUP, CARLYLE PARTNERS II, L.P., CARLYLE SBC PARTNERS II, L.P., CARLYLE INVESTMENT GROUP, L.P., CARLYLE-IT PARTNERS, L.P. AND T.C. GROUP, LLC

Defendants the Carlyle Group, Carlyle Partners II, L.P., Carlyle SBC Partners II,

L.P., Carlyle Investment Group, L.P., Carlyle-IT Partners, L.P. and T.C. Group, L.L.C.

(collectively "Carlyle Defendants"), through counsel, answer the allegations of Plaintiffs' First Amended Complaint (the "Complaint") as follows. To the extent not explicitly admitted, all other allegations of the First Amended Complaint are denied.

## INTRODUCTION

1.      Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations is required. To the extent a response is required, the Carlyle Defendants admit that Plaintiff purports to bring this action to, among other things, redress breaches of fiduciary duty, including breaches of loyalty and due care, by the Directors, Officers and controlling shareholders of the IT Group. The Carlyle Defendants also admit that Plaintiff purports to seek not less than $150 million in damages on these claims and that Plaintiff purports to assert claims to avoid and recover preferential and constructively fraudulent transfers to certain of the Defendants. Except as so expressly admitted, the Carlyle Defendants deny the remaining allegations in Paragraph 1 of the Complaint and specifically deny that Plaintiff is entitled to any of the relief sought by its Complaint.

## PARTIES

2.      In response to Paragraph 2 of the Complaint, the Carlyle Defendants admit that Plaintiff purports to bring this action in its capacity as the representative of the Debtors and their estates and for the benefit of the estates' creditors, and that Plaintiff purports to bring this action pursuant to the authority granted to it under law and the Court's Orders dated March 12, 2004, December 22, 2003, and November 6, 2003, and the Stipulation and Order dated September 1,

2004. Except as so expressly admitted, the Carlyle Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.    The Carlyle Defendants admit that D'Aniello was a director of the IT Group and a member of the Executive Committee and Compensation Committee of the board of directors of the IT Group from 1996 through 2002. The Carlyle Defendants further admit that D'Aniello has been a Managing Director of The Carlyle Group since at least 1987 and that D'Aniello also served as a Managing Director of TC Group, LLC, a Delaware Limited Liability Company, which was the General Partner of Carlyle Partners II, L.P., Carlyle Partners III, L.P., Carlyle Investment Group, L.P. and Carlyle-IT Partners, L.P. The Carlyle Defendants further admit that D'Aniello has served on the board of directors of certain companies in which they have an ownership interest. The Carlyle Defendants deny all of the remaining allegations in Paragraph 3 of the Complaint.

4.    The Carlyle Defendants admit that Harvey was a director of the IT Group from 1999 through 2002 and served as a member of the Executive Committee and Compensation Committee of the board of directors of the IT Group. The Carlyle Defendants further admit that in November 2001 Harvey was appointed acting CEO and President of the Company. The Carlyle Defendants further admit that Harvey was nominated by the Carlyle Group to serve on the board of certain companies in which one or more of the Carlyle Defendants had an ownership interest. The Carlyle Defendants deny all of the remaining allegations in Paragraph 4 of the Complaint.

5.    The Carlyle Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      The Carlyle Defendants admit that Defendant Richard W. Pogue was a director of
the IT Group and a member of the Audit Review Committee of the board of directors of the IT
Group from 1998 through certain times in 2002.

7.      The Carlyle Defendants admit that Dolan was a director of the IT Group and a
member of the Compensation Committee of the board of directors of the IT Group after
November 20, 1996. The Carlyle Defendants further admit that Dolan has been employed by the
Carlyle Group since at least 1989, and that in 1998 he became a Principal of the Carlyle Group,
and in February 2001, he became a Managing Director of the Carlyle Group. The Carlyle
Defendants deny all of the remaining allegations in Paragraph 7 of the Complaint.

8.      The Carlyle Defendants admit that Defendant Gibson was a member of the IT
Group and a member of the Audit Review Committee of the board of directors of the IT Group
from November 1996 through 2002. The Carlyle Defendants further state that Defendant
Gibson's first initial is E, not B. The Carlyle Defendants are without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the
Complaint, and on that basis deny all of the remaining allegations in Paragraph 8 of the
Complaint.

9.      The Carlyle Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     The Carlyle Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     The Carlyle Defendants admit that Defendant Watkins was a director of the IT
Group and a member of the Compensation Committee of the board of directors of the IT Group
from 1996 through 2002. The Carlyle Defendants further admit that Defendant Watkins served

as a director of Duratek, Inc. The Carlyle Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     The Carlyle Defendants admit that DeLuca was President and Acting CEO and a director as of November 1996, and was named IT Group's CEO and President on July 22, 1997. The Carlyle Defendants further admit that DeLuca resigned as Chief Executive Officer, President and director of IT Group on or about November 13, 2001. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 12 of the Complaint.

13.     The Carlyle Defendants admit that Soose was Vice President and Controller of IT Group as of November 1996 and became Senior Vice President and Chief Financial Officer in July, 1999. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 13 of the Complaint.

14.     The Carlyle Defendants admit that the Carlyle Group is a private entity with its primary place of business in Washington, D.C. and that it invested in the IT Group through a number of entities which the Carlyle Group owned or controlled. The Carlyle Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, the Carlyle Defendants state that there is no such entity as "The Carlyle Group, LLC", and on that basis, deny the allegations in Paragraph 15 of the Complaint.

16.     The Carlyle Defendants admit the allegations in Paragraph 16 of the Complaint.

17.     The Carlyle Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     The Carlyle Defendants admit that Carlyle International Partners II, L.P. is a Cayman Islands Limited Partnership. The statement "Cayman Island Limited Liability Partnership law requires that all management and business transactions conducted by a Cayman Island limited partnership be conducted through a general partner—which in the case of Defendant Carlyle International Partners, II, L.P. was Defendant T.C. Group, LLC." is a conclusion of law to which no response is required. Except as expressly admitted in this response, the Carlyle Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     The Carlyle Defendants admit that Carlyle International Partners III, L.P. is a Cayman Islands Limited Partnership. The statement "Cayman Island Limited Liability Partnership law requires that all management and business transactions conducted by a Cayman Island limited partnership be conducted through a general partner—which in the case of Defendant Carlyle International Partners, III, L.P. was Defendant T.C. Group, LLC." is a conclusion of law to which no response is required. Except as expressly admitted in this response, the Carlyle Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     In response to the allegations in Paragraph 20 of the Complaint, the Carlyle Defendants state that the statement "Cayman Island Limited Liability Partnership law requires that all management and business transactions conducted by a Cayman Island limited partnership be conducted through a general partner—which in the case of Defendant Carlyle International Partners, II, L.P. was Defendant T.C. Group, LLC." is a conclusion of law to which no response is required. The Carlyle Defendants further state that C/S International Partners is a general

partnership, not a limited partnership, and that C/S International Partners is a Cayman Island partnership. Except as so expressly admitted in this response, the Carlyle Defendants deny the allegations in Paragraph 20 of the Complaint.

21.    The Carlyle Defendants admit the allegations in Paragraph 21 of the Complaint.

22.    The Carlyle Defendants admit Carlyle-IT International Partners, L.P. is a Cayman Islands Limited Partnership, and that T.C. Group, LLC, a Delaware limited liability company, was its managing general partner. The statement "Cayman Island Limited Liability Partnership law requires that all management and business transactions conducted by a Cayman Island limited partnership be conducted through a general partner—which in the case of Defendant Carlyle-IT International Partners, L.P. was Defendant T.C. Group, LLC." is a conclusion of law to which no response is required. Except as expressly admitted in this response, the Carlyle Defendants deny the allegations in Paragraph 22 of the Complaint.

23.    The Carlyle Defendants admit Carlyle-IT International Partners II, L.P. is a Cayman Islands Limited Partnership, and that T.C. Group, LLC, a Delaware limited liability company, was its managing general partner. The statement "Cayman Island Limited Liability Partnership law requires that all management and business transactions conducted by a Cayman Island limited partnership be conducted through a general partner—which in the case of Defendant Carlyle-IT International Partners II, L.P. was Defendant T.C. Group, LLC." is a conclusion of law to which no response is required. Except as expressly admitted in this response, the Carlyle Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    The Carlyle Defendants admit the allegations in Paragraph 24 of the Complaint.

25.    The Carlyle Defendants admit that T.C. Group, LLC is a Delaware Limited Liability Company, and that T.C. Group LLC was the managing general partner of each of the entities referred to in the Complaint as the Cayman Partnerships at certain times. Except as so expressly admitted, the Carlyle Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains no factual allegations, and therefore no response is required.

## JURISDICTION AND VENUE

27.    The allegations in Paragraph 27 of the Complaint state a legal conclusion to which no response is required.

28.    The allegations in Paragraph 28 of the Complaint state a legal conclusion to which no response is required.

## FACTUAL SUPPORT OF CLAIMS FOR RELIEF

29.    The First Amended Complaint does not contain a Paragraph 29.

30.    The Carlyle Defendants admit that the IT Group was a Delaware Corporation with its principal office in Monroeville Pennsylvania at certain times. The Carlyle Defendants further admit that at certain times, the IT Group was a provider of services in the areas of consulting, engineering, construction, environmental remediation, facilities and waste management; that the IT Group's projects ranged in length from one month to many years; that IT Group's range of services included the identification of contaminants in soil, air and water, as well as the subsequent design and execution of remedial solutions; and that IT Group also provided project

and facilities management capabilities and other related services to non-environmental civil
construction, watershed restoration and the outsourcing privatization markets. The Carlyle
Defendants are without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 30 of the Complaint, and on that basis deny all of the
remaining allegations in Paragraph 30 of the Complaint.

31.     The Carlyle Defendants deny that they took control of the IT Group. The Carlyle
Defendants admit that they invested $45 million in the IT Group, on or about November 20,
1996. Specifically the Carlyle Defendants admit that Carlyle International Partners II, L.P.
invested approximately $9,429,000.00; that Carlyle International Partners III, L.P. invested
approximately $508,039.00; that C/S International Partners invested $2,122,999.00; that Carlyle-
IT International Partners, L.P. invested $14,832,625.00 and that Carlyle-IT International Partners
II, L.P. invested $500,000.00. The Carlyle Defendants further admit that, in return for their
investment, they received 45,000 shares of 6% Cumulative Convertible Participating Preferred
Stock, par value of $100 per share and detachable warrants to purchase 1,250,000 shares of IT
common stock. The Carlyle Defendants further admit that as a result of their acquisition of IT
Group stock, the Carlyle Defendants obtained the right to elect a majority of IT Group's board of
directors for a certain period of time. The Carlyle Defendants further admit that they entered a
consulting agreement with IT Group pursuant to which the Carlyle Defendants received
payments of $100,000 per year. Except as so expressly admitted, the Carlyle Defendants deny
all other allegations in Paragraph 31 of the Complaint.

32.     The Carlyle Defendants admit that, beginning in or about 1998, the IT Group
acquired at least eleven companies over the next two years. Except as so expressly admitted, the
Carlyle Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.    The Carlyle Defendants admit that in or about February and June 1998, the IT Group acquired OHM Corporation. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 33 of the Complaint.

34.    The Carlyle Defendants admit that in or about December 1998, the IT Group acquired Groundwater Technology, Inc. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 34 of the Complaint.

35.    The Carlyle Defendants admit that in or about March 1999, the IT Group acquired Roche Limited Consulting Services. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 35 of the Complaint.

36.    The Carlyle Defendants admit that in or about April 1999, the IT Group acquired EFM Group. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 36 of the Complaint.

37.    The Carlyle Defendants admit that in or about June 1999, the IT Group acquired EMCON, Inc. The Carlyle Defendants are without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 37 of the Complaint.

38.    The Carlyle Defendants admit that in or about May 2000, the IT Group acquired W&H Pacific, Inc. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 38 of the Complaint.

39.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis deny the allegations in Paragraph 39 of the Complaint.

40.    The Carlyle Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    The Carlyle Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    The Carlyle Defendants are unable to determine the method of measurement for the allegations that, as of 1998, the IT Group had experienced consecutive fiscal years in which it had lost money, and on that basis deny the allegations in Paragraph 42 of the Complaint.

43.    The Carlyle Defendants admit that the Acquisitions between 1998 and 2000 were funded largely by debt financing. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 43 of the Complaint.

44.    The Carlyle Defendants admit that the Debt Financing increased the Company's leverage and increased its interest payments. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 44 of the Complaint.

45.    The Carlyle Defendants admit that the IT Group requested and obtained from the Bank Group in March 2000 an additional $100 million term loan. The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and on that basis deny all of the remaining allegations in Paragraph 45 of the Complaint.

46.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis deny the allegations in Paragraph 46 of the Complaint.

47.    The Carlyle Defendants deny the allegations in Paragraph 47 of the Complaint.

48.    The term "desired benefits" is vague, ambiguous and undefined. On that basis, the Carlyle Defendants are incapable of responding to the allegations in Paragraph 48 and on that basis deny the allegations in Paragraph 48 of the Complaint.

49.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis deny the allegations in Paragraph 49 of the Complaint.

12

50.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 50 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 51 is required. To the extent an answer is required, the Carlyle Defendants admit that, in 1999 and 2000, Defendants did not retain financial asset divestiture consultants, turnaround and restructuring consultants, or bankruptcy counsel. The Carlyle Defendants deny all of the remaining allegations in Paragraph 51 of the Complaint.

52.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 52 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 53 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 54 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 55 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 56 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    The Carlyle Defendants admit the allegations in Paragraph 57 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Breach of Fiduciary Duties against the Directors and Officers)

58.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 57 of the Complaint as if fully set forth herein.

59.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care,

14

and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 59 is required. Further, the allegations in Paragraph 59 state conclusions of law to which no response is required.

60.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 60 is required. Further, the allegations in Paragraph 60 state conclusions of law to which no response is required.

61.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 61(a) – (f) and 61(i) – (j) is required. The Carlyle Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 62 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 62 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Breach of fiduciary duties against the Directors and Officers**
**Under The "Trust Fund Doctrine")**

63.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 62 of the Complaint as if fully set forth herein.

64.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 64 is required. Further, the allegations in Paragraph 64 of the Complaint state a conclusion of law to which no response is required.

65.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 65(a) – (f) and 65(i) – (j) is required. The Carlyle Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 66 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 66 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (Waste of corporate assets against the Directors and Officers)

67.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 67 of the Complaint as if fully set forth herein.

68.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no

response to those allegations in Paragraph 68 is required. Further, the allegations in Paragraph 68 of the Complaint state a conclusion of law to which no response is required.

69.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 69(a) – (e) and 69(h) is required. The Carlyle Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 70 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 71 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 71 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Breach of fiduciary duties against the Carlyle Defendants)

72.    Defendant incorporate their responses to Paragraphs 1 – 71 of the Complaint as if fully set forth herein.

73.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 73 is required. Further, the allegations in Paragraph 73 of the Complaint state a conclusion of law to which no response is required.

74.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to Paragraph 74(a) – (f) and 74(i) – (j) is required. The Carlyle Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 75 is required. To the extent that a response is required, the Carlyle Defendants deny the allegations in Paragraph 75 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Aiding and Abetting Breach of Fiduciary Duty against the Carlyle Defendants)**

76.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 75 of the Complaint as if fully set forth herein.

77.    Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no

response to those allegations in Paragraph 77 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 78 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Pursuant to the Court's order dated November 15, 2005, the allegations involving breaches of the duty of care, waste of corporate assets for actions in violation of the duty of care, and aiding and abetting violations of the duty of care have been dismissed. Accordingly, no response to those allegations in Paragraph 79 is required. To the extent an answer is required, the Carlyle Defendants deny the allegations in Paragraph 79 of the Complaint.

### SIXTH CLAIM FOR RELIEF
#### (Avoidance and Recovery of Transfers Made to Gibson, Harvey, Pogue, Pugliese, Schmidt, Watkins, and the Carlyle Defendants Pursuant to Sections 547 and 550 of the Bankruptcy Code)

80.     The Carlyle Defendants incorporate their responses to Paragraphs 1 – 79 of the Complaint as if fully set forth herein.

81.     The Carlyle Defendants admit that on or within one year before the Petition Date, the IT Group made certain transfers by check, wire transfer, or its equivalent, of certain monetary amounts to various Carlyle Defendants, but deny that such transfers constituted "avoidable transfers" or "preferences." The Carlyle Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint, and on that basis deny all remaining allegations in Paragraph 81 of the Complaint.

82.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis deny the allegations in Paragraph 82 of the Complaint.

83.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis deny the allegations in Paragraph 83 of the Complaint.

84.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis deny the allegations in Paragraph 84 of the Complaint.

85.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis deny the allegations in Paragraph 85 of the Complaint.

86.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and on that basis deny the allegations in Paragraph 86 of the Complaint.

87.    The Carlyle Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis deny the allegations in Paragraph 87 of the Complaint.

88.    The Carlyle Defendants deny the allegations in Paragraph 88 of the Complaint.

89.    The allegations in Paragraph 89 of the Complaint state a conclusion of law to which no response is required.

90.    The allegations in Paragraph 90 of the Complaint state a conclusion of law to which no response is required.

91.    The allegations in Paragraph 91 of the Complaint state a conclusion of law to which no response is required.

92.    The allegations in Paragraph 92 of the Complaint state a conclusion of law to which no response is required.

93.    The Carlyle Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    The allegations in Paragraph 94 of the Complaint state a conclusion of law to which no response is required.

95.    The allegations in Paragraph 95 of the Complaint state a conclusion of law to which no response is required.

96.    The allegations in Paragraph 96 of the Complaint state a conclusion of law to which no response is required.

## SEVENTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Constructively Fraudulent Transfers Made to the Carlyle Defendants Pursuant to Sections 544, 548, 550 and 551 of the Bankruptcy Code)

97.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 96 of the Complaint as if fully set forth herein.

98.    The Carlyle Defendants deny that they were a majority shareholder. The Carlyle Defendants admit that pursuant to their ownership interest in the 6% preferred stock of IT Group, the Carlyle Defendants were entitled to quarterly dividends in accordance with the terms of the preferred stock. The Carlyle Defendants deny the remaining allegations in Paragraph 98 of the Complaint.

99.    The Carlyle Defendants admit that they received payments totaling approximately $1,362,254.00 for the year ending December 31, 1998. Specifically, the Carlyle Defendants admit that they received payments of approximately $337,500.00 on or about February 20, 1998; approximately $339,532.00 on or about May 20, 1998; $341,580.00 on or about August 20, 1998; and approximately $343,642.00 on or about November 10, 1998.

100.    The First Amended Complaint does not contain a Paragraph 100.

101.    The Carlyle Defendants admit that they received payments totaling approximately $2,765,700.00 for the year ending December 31, 1999. Specifically, the Carlyle Defendants admit that they received payments of approximately $691,425.00 on or about February 20, 1999; approximately $691,425.00 on or about May 20, 1999; approximately $691,425.00 on or about August 20, 1999; and approximately $691,425.00 on or about November 20, 1999.

102.    The Carlyle Defendants admit that they received payments totaling approximately $2,765,700.00 for the year ending December 31, 2000. Specifically, the Carlyle Defendants admit that they received payments of approximately $691,425.00 on or about February 21, 2000; approximately $691,425.00 on or about May 19, 2000; approximately $691,425.00 on or about August 21, 2000; and approximately $691,425.00 on or about November 20, 2000.

103.    The Carlyle Defendants deny that they received payments totaling approximately $2,074,275.00 for the nine months ending September 28, 2001. The Carlyle Defendants further deny that they received a payment of $691,425.00 on or about August 20, 2001. The Carlyle Defendants admit that they received payments of approximately $691,425.00 on or about February 9, 2001 and approximately $691,425.00 on or about May 21, 2001.

104.    The allegations in Paragraph 104 of the Complaint state a conclusion of law to which no response is required.

105.    The allegations in Paragraph 105 of the Complaint state a conclusion of law to which no response is required.

106.    Pursuant to the Court's order dated November 15, 2005, the allegations seeking to recover payments made prior to January 16, 2001 under 11 U.S.C. § 548 are dismissed, therefore no response is required. The Carlyle Defendants deny all remaining allegations in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint state a conclusion of law to which no response is required.

108.    Pursuant to the Court's order dated November 15, 2005, the allegations seeking to recover payments made prior to January 16, 2001 under 11 U.S.C. § 548 are dismissed, therefore no response is required. Further, the allegations in Paragraph 108 of the Complaint state a conclusion of law to which no response is required. The Carlyle Defendants deny any remaining allegations in Paragraph 108 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**(Fraudulent Conveyances Made to the Preference Defendants and**
**Carlyle Defendants Under Sections 544, 550 and 551 of the**
**Bankruptcy Code and 6 Del. Code § 1303)**

109.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 108 of the Complaint as if fully set forth herein.

110.    The allegations in Paragraph 110 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the Carlyle Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 of the Complaint state a conclusion of law to which no response is required.

112.    The allegations in Paragraph 112 of the Complaint state a conclusion of law to which no response is required.

113.    The allegations in Paragraph 113 of the Complaint state a conclusion of law to which no response is required.

114.    The Carlyle Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint state a conclusion of law to which no response is required.  To the extent a response is required, the Carlyle Defendants deny the allegations in Paragraph 115 of the Complaint.

RLF1-2989340-1

## NINTH CLAIM FOR RELIEF
### (Liability of Director Defendants for Unlawful
### Payment of Dividends Under Del. Code § 174)

116.    The Carlyle Defendants incorporate their responses to Paragraphs 1 – 115 of the Complaint as if fully set forth herein.

117.    The allegations in Paragraph 117 of the Complaint state a conclusion of law to which no response is required. To the extent that a response is required, the Carlyle Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    The allegations in Paragraph 118 of the Complaint state a conclusion of law to which no response is required. To the extent that a response is required, the Carlyle Defendants deny the allegations in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint contains no factual allegations, and therefore no response is required. However, the Carlyle Defendants aver that the Litigation Trust may not reserve rights which have been barred by, among other things, the applicable statute of limitations.

To the extent that any allegations of the Complaint have not been responded to, in paragraphs 1 – 119 above, these allegations are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the First Amended Complaint are barred, in whole or in part, by the applicable statute of limitations.

### Second Affirmative Defense

The First Amended Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The Litigation Trust's claims are barred in whole or part by the doctrines of waiver, estoppel, laches, ratification, discharge in bankruptcy and/or unclean hands.

### Fourth Affirmative Defense

The Litigation Trust lacks standing to maintain this action on the ground that the Litigation Trust has suffered no actual injury as a consequence of any actions by Defendants.

### Fifth Affirmative Defense

The Litigation Trust lacks standing to maintain its claims for relief pursuant to Section 544(b) of the Bankruptcy Code and 6 Del. C. § 1303 et seq. on the ground that there is no actual creditor of the Debtor holding an unsecured claim allowable against the Debtor's estate which would have the right to void the applicable transfers under applicable law.

### Sixth Affirmative Defense

The Litigation Trust has failed to mitigate any damages it may have sustained.

### Seventh Affirmative Defense

Defendants violated no legal duty allegedly owed to the Litigation Trust.

### Eighth Affirmative Defense

The Litigation Trust's claims are barred because Defendants' actions were privileged, legitimate, justified, and/or not improper.

### Ninth Affirmative Defense

Insofar as any cause of action in the Complaint sounds in fraud, the Complaint fails to plead fraud with particularity.

### Tenth Affirmative Defense

The Litigation Trust's claims for relief are barred by the doctrines of recoupment and set-off.

### Eleventh Affirmative Defense

The Litigation Trust is precluded from recovering amounts where such recovery is inconsistent with applicable law and regulations.

### Twelfth Affirmative Defense

Defendants acted in good faith, with due care and in the best interest of IT Group, its shareholders, its creditors, and/or any others to whom they may have owed a duty.

### Thirteenth Affirmative Defense

The acts and/or omissions alleged are immune from liability under the Business Judgment Rule.

### Fourteenth Affirmative Defense

No wrongful conduct occurred.

### Fifteenth Affirmative Defense

A portion or all of the damages claimed to have been suffered by the Litigation Trust are not attributable to the acts or conduct of the Defendant.

RLF1-2989340-1

### Sixteenth Affirmative Defense

The acts and practices of persons or entities not associated with Defendants, and ongoing economic events, constitutes intervening and superseding causes of the alleged harm, if any, suffered by Plaintiffs.

### Seventeenth Affirmative Defense

Any preferential transfer was (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, (B) made in the ordinary course of business or financial affairs of the debtor and the transferee and (C) made according to ordinary business terms.

### Eighteenth Affirmative Defense

After any preferential transfer, the creditor gave new value to or for the benefit of the debtor (A) not secured by an otherwise unavoidable security interest and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### Nineteenth Affirmative Defense

Any preferential transfer was (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor and (B) in fact a substantially contemporaneous exchange.

### Twentieth Affirmative Defense

Any payments to Defendant as alleged in the Complaint were made for value.

### Twenty-First Affirmative Defense

Any payments to Defendant as alleged in the Complaint were received in good faith.

### Twenty-Second Affirmative Defense

Any payments to Defendant as alleged in the Complaint were made in exchange for reasonably equivalent value.

### Twenty-Third Affirmative Defense

Any payments as alleged in the Complaint were made in the ordinary course of business or financial affairs of the Debtor and the transferor.

### Twenty-Fourth Affirmative Defense

Defendants gave new value to the Debtor after any transfer.

### Twenty-Fifth Affirmative Defense

The Defendants aver as an affirmative defense that they intend to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case and hereby reserve the right to amend this Answer to assert any such defenses.

Dated: March 8, 2006
      Wilmington, Delaware


By: /s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
302.651.7700 (phone)
302.651.7701 (fax)

*Attorneys for Defendants The Carlyle Group, The Carlyle Group LLC, Carlyle Partners II, L.P., Carlyle SBC Partners II, L.P., Carlyle Investment Group, L.P., Carlyle-IT Partners, L.P., and T.C. Group, LLC*

Thomas L. Patten
David A. Becker
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
202.637.2200 (phone)
202.637.2201 (fax)

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive
Suite 500
Reston, VA 20190
703.456.1000 (phone)
703.456.1001 (fax)