IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| THE IT GROUP, INC., et al. | ) Case No. 02-10118 (MFW) |
| Debtors, | ) Jointly Administered |
| | ) |
| | ) |
| IT Litigation Trust, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 04-1268 KAJ |
| v. | ) |
| | ) |
| DANIEL A. D'ANIELLO, FRANCIS J. | ) |
| HARVEY, JAMES C. McGILL, RICHARD | ) |
| W. POGUE, PHILIP B. DOLAN, E. MARTIN | ) |
| GIBSON, ROBERT F. PUGLIESE, CHARLES | ) |
| W. SCHMIDT, JAMES DAVID WATKINS, | ) JURY TRIAL DEMANDED |
| ANTHONY J. DeLUCA, HARRY J. SOOSE, | ) |
| THE CARLYLE GROUP, THE CARLYLE | ) |
| GROUP, L.L.C., CARLYLE PARTNERS II, | ) |
| L.P., CARLYLE SBC PARTNERS, II, L.P., | ) |
| CARLYLE INTERNATIONAL PARTNERS | ) |
| II, L.P., CARLYLE INTERNATIONAL | ) |
| PARTNERS III, L.P., C/S INTERNATIONAL | ) |
| PARTNERS, CARLYLE INVESTMENT | ) |
| GROUP, L.P., CARLYLE-IT | ) |
| INTERNATIONAL PARTNERS, LP, | ) |
| CARLYLE-IT INTERNATIONAL | ) |
| PARTNERS II, L.P., CARLYLE-IT | ) |
| PARTNERS L.P., and T.C. GROUP, LLC, | ) |
| Defendants. | ) |
| | ) |
| | ) |

**OPENING BRIEF IN SUPPORT OF RENEWED MOTION OF
DEFENDANTS CARLYLE INTERNATIONAL PARTNERS II, L.P., CARLYLE
INTERNATIONAL PARTNERS III, L.P., C/S INTERNATIONAL PARTNERS,
CARLYLE-IT INTERNATIONAL PARTNERS, L.P., CARLYLE-IT
INTERNATIONAL PARTNERS II, L.P., AND RICHARD W. POGUE TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

RLF 3001613

Dated: April 10, 2006
      Wilmington, Delaware

    Mark D. Collins (No. 2981)
    Marcos A. Ramos (No. 4450)
    RICHARDS, LAYTON & FINGER, P.A.
    One Rodney Square
    P. O. Box 551
    Wilmington, Delaware 19899
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701
    Email: ramos@rlf.com

    -and-

    Thomas L. Patten
    Laurie B. Smilan
    David A. Becker
    LATHAM AND WATKINS, LLP
    555 Eleventh Street, N.W., Suite 1000
    Washington, D.C. 20004-1304
    Telephone: (202) 637-2200
    Telecopier: (202) 637-2201
    E-mail: tom.patten@lw.com

    *Attorneys for Defendants Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P., and Richard W. Pogue*

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF THE ARGUMENT ...................................................1

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................2

STATEMENT OF FACTS REGARDING THE FOREIGN DEFENDANTS'
    CONTACTS WITH DELAWARE..................................................................................4

ARGUMENT......................................................................................................................................5

    A.    Plaintiff Alleges No Basis For General Jurisdiction Over
           The Foreign Defendants..............................................................................7

    B.    Plaintiff's Allegations Do Not Support Specific Jurisdiction
           Over the Foreign Defendants....................................................................8

    C.    The Exercise of Jurisdiction Over The Foreign Defendants
           Would Not Be Consistent With Due Process........................................8

CONCLUSION................................................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Afros v. Krauss-Maffei*, 624 F. Supp. 464 (D. Del. 1985) ................................................. 9

*Applied Biosystems, Inc. v. Cruachem, Ltd*, 772 F. Supp. 1458 (D. Del. 1991) ............ 7, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..................................................... 8

*Carlton Invs. v. TLC Beatrice Int'l Holdings, Inc.*, No. Civ. A. 13950, 1995
   WL 694397 (Del. Ch. Aug. 29, 1995) ............................................................................ 7

*In re DaimlerChrysler AG Securities Litigation*, 197 F. Supp. 2d 86 (D. Del.
   2002) ................................................................................................................................ 8

*Gehling v. St. George's Sch. of Medical, Ltd.*, 773 F.2d 539 (3d Cir. 1985) .................... 5

*Hanson v. Denckla*, 357 U.S. 235 (1958) ............................................................................. 9

*IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ...................................... 6

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ............................................ 8

*Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177 (D. Del. 1996) ........................... 6

*Max Daetwyler Corp. v. Meyer*, 762 F.2d 290 (3d Cir. 1985) ............................................ 6

*Merck & Co. v. Barr Laboratories, Inc.*, 179 F. Supp. 2d 368 (D. Del. 2002) ................. 9

*Mobil Oil Corp. v. Advanced Environmental Recycling*, 833 F. Supp. 437 (D.
   Del. 1993) ........................................................................................................................ 9

*Motorola, Inc. v. PC-Telegraph, Inc.*, 58 F. Supp. 2d 349 (D. Del. 1999) ....................... 9

*Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197 (3d Cir.
   1998) ................................................................................................................................ 9

*Reach & Associates v. Dencer*, 269 F. Supp. 2d 497 (D. Del. 2003) ............................... 7

*Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001) ............................................................ 5

*Venoco v. Marquez*, No. 02-1685 GMS, 2003 WL 21026787, at *3 (D. Del.
   May 5, 2003 ..................................................................................................................... 8

*Virgin Wireless, Inc. v. Virgin Enterprises, Ltd.*, 201 F. Supp. 2d 294 (D. Del.
   2002) ................................................................................................................................ 6

## DOCKETED CASES

*The IT Group, Inc. et. al v. The Carlyle Group et. al*, Bk. No. A-04-51337 ............................... 3

*In re: The IT Group, et al*, Bk. No. 02-10118 (MFW) ....................................................... 3

## FEDERAL STATUTES & RULES

28 U.S.C. § 157(d) ................................................................................................................. 3

Fed. R. Civ. P. 4(e)(1), ......................................................................................................... 6

Pursuant to Federal Rule of Civil Procedure 12(b)(2) Defendants Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P. and Richard W. Pogue hereby move this Court to dismiss Counts I-V and IX of the First Amended Complaint filed by Plaintiff, the IT Litigation Trust, for lack of personal jurisdiction.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Plaintiff in this case, the IT Litigation Trust ("Plaintiff" or the "Litigation Trust"), asserts six state law-based causes of action against persons or entities that have no nexus to Delaware to support this Court's personal jurisdiction over them. In the First, Second and Ninth Counts of the First Amended Complaint ("Complaint" or "AC"), Plaintiff asserts claims arising under Delaware law for breach of fiduciary duty, corporate waste, and unlawful payment of dividends against Richard W. Pogue ("Pogue"), an Ohio resident and former director of IT Group, Inc. ("IT Group"), a Pittsburgh, Pennsylvania-based company. Similarly, in the Third through Fifth Counts of the Complaint, Plaintiff asserts common law claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and corporate waste against certain investors in IT Group, each of which was formed under Cayman Islands law and is based in the Cayman Islands (the "Cayman Defendants").[1] The Cayman Defendants and Mr. Pogue are collectively referred to herein as the "Foreign Defendants."[2] Plaintiff's state law causes of action, which constitute the core of his

---

[1] The Cayman Defendants are: Carlyle International Partners II, L.P. ("CIP II"), Carlyle International Partners III, L.P. ("CIP III"), C/S International Partners ("C/S"), Carlyle-IT International Partners, L.P. ("ITIP"), and Carlyle-IT International Partners II, L.P. ("ITIP II"). *See* AC ¶¶ 18-20, 22-23.

[2] In addition to the Foreign Defendants, the Complaint also names as defendants other former directors and officers of IT Group, as well as five Washington, D.C.-based entities that are formed under Delaware law: TC Group d/b/a The Carlyle Group, Carlyle Partners II, L.P., Carlyle SBC Partners II, L.P., Carlyle Investment Group, L.P., and Carlyle-IT Partners, L.P.

1

Complaint, are referred to herein as the "State Law Claims."

Plaintiff does not allege <u>any</u> contacts between any of the Foreign Defendants and the State of Delaware sufficient to support general jurisdiction over the Foreign Defendants for purposes of the State Law Claims. Nor does Plaintiff allege any contacts by any Foreign Defendant in, or directed to, the State of Delaware relating to its State Law Claims which would support specific jurisdiction with respect to those claims. Instead, the Complaint evidently assumes – incorrectly – that because the Cayman Defendants' general partner T.C. Group, L.L.C. ("TC Group"), is subject to jurisdiction in Delaware, the Cayman Defendants must be too. Contrary to Plaintiff's suggestion, however, the Delaware long-arm statute (through operation of the federal-long arm statute) is not so far-reaching. Plaintiff's remaining boilerplate allegations that this matter somehow "involves" or "arises under" or "relates to" a bankruptcy proceeding, or that this Court has supplemental jurisdiction over the State Law claims are likewise insufficient, as a matter of law, to support personal jurisdiction over the Foreign Defendants here. *See* AC ¶ 27. Accordingly, this Court should not exercise personal jurisdiction over the Foreign Defendants with respect to Counts I-V and IX of the Complaint, which are based on state law grounded in the common law of Delaware.

## NATURE AND STAGE OF THE PROCEEDINGS

IT Group filed its petition for bankruptcy in the United States District Court for the District of Delaware on January 16, 2002. On January 15, 2004, the Official Committee of Unsecured Creditors (the "Creditors Committee") commenced this action by filing the Original Complaint against the Defendants, and served the Summons and Original Complaint on Defendants on or about May 4, 2004. By a Stipulation among the parties that was

---

(collectively, the "Carlyle Defendants"). *See* AC, ¶¶ 14, 16-17, 21, 25. The Carlyle Defendants do not contest personal jurisdiction here, but on March 2, 2005, filed separate motions to dismiss for lack of subject matter jurisdiction and failure to state a claim, upon which the Court ruled by Memorandum Opinion and Order dated as of November 15, 2005 (collectively, the "November 15 Order"). The November 15 Order dismissed certain claims against the Defendants, including the Foreign Defendants, for failure to state a claim.

approved by the Court on September 1, 2004 (Adv. Pro. No. 04-51336 (MFW)), the parties agreed to substitute the Litigation Trust as plaintiff in this action.

On or about September 8, 2004, the Honorable Sue L. Robinson, U.S.D.J., signed an order withdrawing the reference of this adversary proceeding to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).[3] By Order dated September 29, 2004, the action was assigned to this Court by a Notice of Reassignment. On October 29, 2004, the Foreign Defendants moved to dismiss the First through Fifth Counts of the Complaint for lack of personal jurisdiction over the Foreign Defendants with respect to those State Law claims (the "First Personal Jurisdiction Motion"). Subsequently, on or about November 20, 2004, Plaintiff retained new counsel and the Court entered a Stipulation and Order Amending Briefing Schedule, extending Plaintiff's time to respond or object to the Foreign Defendants' motion to dismiss, as well as other motions filed by the remaining Defendants in this action. On January 28, 2005, Plaintiff filed his First Amended Complaint. The only new facts alleged by Plaintiff with respect to personal jurisdiction over the Foreign Defendants are that the Cayman Defendants are required, pursuant to some unidentified Cayman Islands Limited Liability Partnership Law, to conduct business through a general partner, and that the Cayman Defendants' general partner, T.C. Group, L.L.C., is a Delaware limited liability company. AC ¶¶ 18-20, 22-23, 25. Because these allegations are insufficient to support personal jurisdiction over the Cayman Defendants (much less Mr. Pogue, whom Plaintiff does not even attempt to claim has minimum contacts with Delaware), on March 2, 2005 the Foreign Defendants filed their motion to dismiss the First through Fifth and Ninth Counts of

---

[3]   The underlying bankruptcy proceeding, captioned *In re: The IT Group, et al,* is docketed as Bk. No. 02-10118 (MFW). The adversary proceedings for which the references were withdrawn included this action, which was instituted against the Carlyle and Foreign Defendants by the Creditors' Committee, and a related adversary proceeding, *The IT Group, Inc. et. al v. The Carlyle Group et. al,* Bk. No. A-04-51337, which was initiated by IT Group against the Carlyle Defendants at the insistence of the Creditors' Committee. The parties executed a stipulation of dismissal (that was filed with the District Court), which called for the adversary proceeding instituted by the IT Group to be dismissed with prejudice.

3

the Complaint for lack of personal jurisdiction over those State Law Claims (the "Motion").[4]

As agreed between the parties and as discussed at the hearing before the Court on September 12, 2005, the parties deferred further briefing on the Motion pending the Court's consideration of the Defendants' motions to dismiss on the basis of lack of subject matter jurisdiction and failure to state a claim. After entry of the November 15 Order, the parties conferred (among other things) regarding the briefing schedule for the Motion and Plaintiff's request for written discovery related to the Motion. Plaintiff served written discovery related to the Motion on March 16, 2006. However, prior to the parties' filing of a stipulated briefing schedule on the Motion, the Court entered its Order dated as of March 30, 2006 (the "March 30 Order"), denying the Motion without prejudice. The Foreign Defendants have now re-filed their motion to dismiss the Fifth through Ninth Counts of the Complaint for lack of personal jurisdiction over those State Law Claims (the "Renewed Motion"). After additional consultation with counsel for Plaintiff, the parties expect to present a stipulated briefing schedule for the Renewed Motion to the Court this week. In the absence of an agreement on the terms of such a stipulation (and the Court's entry of the Stipulation), the applicable Rules of Federal Procedure and the Local Rules of this Court shall govern briefing on this Renewed Motion. This is the Foreign Defendants' opening brief in support of their Renewed Motion.

## STATEMENT OF FACTS REGARDING THE FOREIGN DEFENDANTS' CONTACTS WITH DELAWARE

The following facts, confirmed by declarations filed contemporaneously with the First Personal Jurisdiction Motion on October 29, 2004, confirm that the Foreign Defendants do not have minimum contacts with Delaware sufficient to subject them to either general or specific personal jurisdiction before this Court:

---

[4] The Sixth, Seventh and Eighth Claims For Relief assert unrelated avoidance and fraudulent conveyance claims under the United States Bankruptcy Code against a subset of the named defendants, including the Foreign Defendants. The Foreign Defendants do not contest personal jurisdiction with respect to these bankruptcy claims.

4

1. Defendant Richard W. Pogue has been a resident of the State of Ohio since 1957. He does not regularly conduct business in Delaware and did not conduct any business related to the IT Group, Inc. in Delaware. Declaration of Richard W. Pogue ("Pogue Dec."), filed October 29, 2004, at ¶¶ 2-3.

2. Defendants CIP II, CIP III, ITIP, and ITIP II are Cayman Islands limited partnerships. Defendant C/S is a Cayman Islands general partnership. Declaration of Jeffrey W. Ferguson ("Ferguson Dec."), filed October 29, 2004, at ¶ 4.

3. The sole business purpose of each of the Cayman Defendants is to hold securities for long-term investment, including their investment in IT Group, and such activities constitute their only trade or business. *See* Ferguson Dec., ¶ 5.

4. None of the Cayman Defendants is or has ever been a Delaware resident; has ever maintained a place of business in Delaware; has ever maintained or been required to maintain an agent for service of process in Delaware; has ever maintained an office, mailing address, or telephone number in Delaware; has ever been registered or authorized to do business in Delaware; has ever had any employees stationed or domiciled in Delaware; or has ever held a meeting of its board of directors or management committee, or any similar meeting in Delaware. *See* Ferguson Dec., ¶¶ 6-9.

5. None of the Cayman Defendants has ever owned any real property in Delaware; has ever had a bank account in Delaware; has ever paid taxes in Delaware; or has ever recruited Delaware residents for employment. *See* Ferguson Dec., ¶ 10.

6. None of the Foreign Defendants filed a claim against the IT Group bankruptcy estate in the underlying bankruptcy proceeding. *See* Ferguson Dec., ¶ 11; Pogue Dec., ¶ 4.

In sum, the undisputed facts set forth above preclude the exercise of personal jurisdiction over the Foreign Defendants with respect to Plaintiff's State Law Claims.

## ARGUMENT

The above-noted facts establish that this Court does not have personal jurisdiction over the Foreign Defendants with respect to the State Law Claims. It is axiomatic that a plaintiff must secure personal jurisdiction over a defendant with respect to each and every claim asserted by the plaintiff. *See, e.g., Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (personal jurisdiction determination is "claim specific because a conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [plaintiff] does not necessarily mean that it has personal jurisdiction over that

5

same defendant as to [plaintiff's] other claims."); *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 545 (3d Cir. 1985) (finding personal jurisdiction over defendant in wrongful death action with regard to fraudulent misrepresentation and emotional distress claims but not as to plaintiff's negligence and breach of contract claims). Thus, where the statutory and federal constitutional bases for jurisdiction are not satisfied with respect to a particular claim, a federal district court may not exercise *in personam* jurisdiction over a non-resident defendant with respect to that claim. *See Max Daetwyler Corp. v. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985).[5]

This Court should not, therefore, exercise personal jurisdiction over the Foreign Defendants with respect to the State Law Claims unless: (1) the Delaware long arm statute, through operation of the so-called "Federal Long Arm Statute" (Fed. R. Civ. P. 4(e)(1)), confers jurisdiction over those claims; and (2) the exercise of jurisdiction is consistent with the due process guarantees of the Fifth Amendment of the United States Constitution. *See, e.g., Virgin Wireless, Inc. v. Virgin Enterprises, Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002) (federal district court may assert personal jurisdiction over nonresident defendant of the state in which the court sits to the extent authorized by the law of that state); *Max Daetwyler Corp.*, 762 F.2d at 293 (if state's long arm statute authorizes jurisdiction, court must nonetheless decide whether exercising jurisdiction comports with the requirements of the Due Process Clause); *Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177, 191-92 (D. Del. 1996) (same).

Where, as here, a defendant challenges the District Court's *in personam* jurisdiction by a properly supported motion to dismiss, the plaintiff bears the burden of establishing jurisdiction through the use of affidavits or other competent evidence demonstrating that jurisdiction is proper. *See, e.g., IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d

---

[5] Plaintiff's assertion that the Court may exercise supplemental jurisdiction over State Law claims is unavailing. *See* AC ¶ 27. As the above cases make clear, the claim-specific nature of the personal jurisdiction requirement precludes the exercise of supplemental jurisdiction over a claim for which personal jurisdiction is lacking.

6

Cir. 1998) (citations omitted). This is a burden Plaintiff here cannot sustain.

### A. Plaintiff Alleges No Basis For General Jurisdiction Over The Foreign Defendants.

Plaintiff does not allege that this Court has any basis to exercise general jurisdiction over the Foreign Defendants. To establish general jurisdiction, Plaintiff must plead facts to show that the Foreign Defendants engaged in "substantial and continuous" activity in Delaware sufficient to confer general jurisdiction. *See Applied Biosystems, Inc. v. Cruachem, Ltd*, 772 F. Supp. 1458, 1469 (D. Del. 1991) (the defendant or its agent must be "generally present" in the state for general jurisdiction to exist, even though Delaware long-arm statute authorizes jurisdiction when tortious acts and injury occurred outside of Delaware); *Reach & Associates v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003) (general jurisdiction arises when the defendant has continuous and systematic contacts with the state). The Litigation Trust has not done so here – indeed, Plaintiff's only allegation in support of jurisdiction over any of the Foreign Defendants is that the Cayman Defendants' general partner, TC Group, is a Delaware limited liability company that, pursuant to some unidentified "Cayman Islands limited liability partnership law" conducts business transactions on behalf of the Cayman Defendants. AC ¶¶ 18-20, 22-23 and 25. This allegation is unavailing: the mere fact that TC Group is the Cayman Defendants' general partner is insufficient, as a matter of law, to support this Court's exercise of jurisdiction. *See, e.g., Carlton Invs. v. TLC Beatrice Int'l Holdings, Inc.*, No. Civ. A. 13950, 1995 WL 694397, at *11 (Del. Ch. Aug. 29, 1995) (jurisdiction will not be conferred over foreign limited partnership if jurisdiction is based merely on the fact that a Delaware corporation serves as the general partner of the foreign limited partnership).

In short, because Plaintiff has offered no evidence to show that the Foreign Defendants had any presence in Delaware <u>at all</u>, and because any attempt to do so would be futile, the Foreign Defendants are not subject to this Court's general jurisdiction.

### B. Plaintiff's Allegations Do Not Support Specific Jurisdiction Over the Foreign Defendants.

Plaintiff's allegations here are likewise insufficient to support specific jurisdiction over the Foreign Defendants with respect to the State Law Claims. For specific jurisdiction over the State Law Claims against the Foreign Defendants, Plaintiff must show that each State Law Claim arose from acts or omissions that took place in Delaware. *See Reach*, 269 F. Supp. 2d at 502 (specific jurisdiction only arises when the particular cause of action arose from the defendant's activities within Delaware); *Applied Biosystems*, 772 F. Supp. at 1466 (same) (citations omitted). The mere fact that the Foreign Defendants may have invested in IT Group, a Delaware Corporation, is not a sufficient basis to support the exercise of specific jurisdiction. *See In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86, 98 (D. Del. 2002) ("[S]tock ownership has not been found to be sufficient to support the exercise of personal jurisdiction") (citations omitted). Similarly, Mr. Pogue's status as a former director of IT Group is an insufficient basis for this Court to exert specific jurisdiction over him in his individual capacity. *See Venoco v. Marquez*, No. 02-1685 GMS, 2003 WL 21026787, at *3 (D. Del. May 5, 2003) (mere status as director of a Delaware corporation is insufficient to establish jurisdiction via Delaware's long arm statute). Here, Plaintiff offers no specific allegations of acts actually occurring in Delaware or targeted at Delaware, no examples of resulting harms occurring within Delaware, and no suggestion of any connection to Delaware by the Foreign Defendants whatsoever.

In sum, the total absence of factual allegations supporting specific jurisdiction over the Foreign Defendants requires the dismissal of the State Law Claims. This is not the proper forum for Plaintiff to pursue the State Law Claims against the Foreign Defendants.

### C. The Exercise of Jurisdiction Over The Foreign Defendants Would Not Be Consistent With Due Process.

Finally, exercising personal jurisdiction over the Foreign Defendants for purposes of the State Law Claims would also be inappropriate because it would violate essential principles of due process. The Due Process Clause "protects an individual's liberty interest

8

in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Indeed, when confronted with a non-resident defendant, this Court must satisfy itself that the party has sufficient "minimum contacts" with the forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice" and that the defendant could reasonably have anticipated "being haled into court" in the forum state. *See, e.g., Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 353 (D. Del. 1999); *Mobil Oil Corp. v. Advanced Environmental Recycling*, 833 F. Supp. 437, 446 (D. Del. 1993); *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 201 (3d Cir. 1998). It is thus "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (internal citations omitted).

Plaintiff here has not and cannot establish that the Foreign Defendants "purposely availed" themselves of the privileges and benefits of the state of Delaware. As noted above, the Foreign Defendants have no contacts with Delaware, do not conduct any business in Delaware, and have never had any residences, offices, employees, or bank accounts or other similar contacts with the state. *See supra* at pp. 4-5. Moreover, because the Foreign Defendants are not residents of Delaware and do not maintain places of business, or any presence in Delaware, the requirement of appearing for and defending a lawsuit in Delaware would present a significant burden. Finally, Delaware also has a minimal interest in adjudicating this entirely extra-territorial dispute as to the Foreign Defendants, because none of them did anything in or directed any act toward Delaware or its residents. Accordingly, this Court's exercise of personal jurisdiction over the Foreign Defendants would not comport with notions of fair play and substantial justice. *See Merck & Co. v. Barr Labs, Inc.*, 179 F. Supp. 2d 368, 375-76 (D. Del. 2002) (declining to exercise jurisdiction because "the

requirements of due process are not satisfied"); *Afros S.P.A. v. Krauss-Maffei*, 624 F. Supp. 464, 468 (D. Del. 1985) (same).

In short, the burden on the Foreign Defendants of litigating the State Law Claims in Delaware, combined with Delaware's minimal interest in adjudicating this dispute, establish that fair play and substantial justice would not be served by adjudicating the State Law Claims in this Court.

## CONCLUSION

For all the foregoing reasons, the Foreign Defendants respectfully request that the Court dismiss Counts I-V and IX of the Complaint for lack of personal jurisdiction.

Dated: April 10, 2006
Wilmington, Delaware

/s/ Marcos A. Ramos
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P. O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: ramos@rlf.com

-and-

Thomas L. Patten
Laurie B. Smilan
David A. Becker
LATHAM AND WATKINS, LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Telecopier: (202) 637-2201

*Attorneys for Defendants Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P., and Richard W. Pogue*