# EXHIBIT B

Westlaw

Not Reported in F.Supp.2d
2003 WL 21026787 (D.Del.)
(Cite as: 2003 WL 21026787 (D.Del.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
VENOCO, INC., a Delaware corporation, Plaintiff
v.
Timothy M. MARQUEZ, Defendant
No. 02-1685 GMS.

May 5, 2003

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

*1 On November 19, 2002, Venoco, Inc. ("Venoco"), a Delaware corporation, filed a complaint for declaratory relief against Timothy M. Marquez ("Marquez"), a director and shareholder of Venoco, in the Court of Chancery of the State of Delaware, New Castle County. On November 20, 2002, Marquez filed a shareholder derivative action in the United States District Court for the Central District of California seeking, on behalf of Venoco, to recover damages caused by the payment of a cash dividend. On December 18, 2002, Marquez timely removed the declaratory relief action to this court.

Presently before the court is Marquez's motion to dismiss, or alternatively, to transfer this case to the Central District of California, or to stay this case pending the outcome of the derivative shareholder litigation (D.I.4). For the reasons that follow, the court grant Marquez's motion to dismiss.

II. BACKGROUND

Founded in 1992, Venoco is an oil and gas company, incorporated in Delaware, with its principal place of business in California. Pl.'s Compl. ¶ 2. Marquez, a Colorado resident, is a stockholder and Director of Venoco and was the Chief Executive Officer (CEO) of the company from 1992 until he was terminated in June of 2002. *Id.* ¶ 3. Venoco has two preferred stockholders, Joint Energy Development Investments II Limited Partnership ("JEDI II"), and ECTMI Trutta Holdings LP ("Trutta"), both of which are affiliates of Enron Corporation ("Enron"). Collectively, JEDI II and Trutta own 8192.90 shares, or all of Venoco's outstanding Series A preferred stock. *Id.* ¶¶ 5, 6. Venoco had certain dividend obligations on the preferred stock, which it failed to meet in full. *Id.* ¶¶ 10-15. On June 30, 2002, Venoco's Board of Directors ("Board") met to consider its preferred dividend obligations, and decided by vote to pay a cash dividend of $2,048,000 to the Enron affiliates. *Id.* ¶ 15. Marquez voted against payment of the dividend and subsequently, after the dividend was paid, made a demand regarding the dividend. Pl.'s Compl. ¶ 16-17. Marquez asserted that " 'no Director of Venoco in the proper exercise of his/her reasonable business judgment could have believed that the cash dividend was in the best interest of the corporation.' " *Id.* ¶ 17. Additionally, Marquez demanded that Venoco " 'take all steps necessary, including an action against the holders of the Series A, to obtain the return of the cash dividend, including but not limited to an action against those Directors who, in breach of their fiduciary duties to Venoco, approved the cash dividend.' " *Id.* ¶ 17.

On November 14, 2002, the Board met and formed a committee to consider Marquez's demand and make a recommendation to the entire Board. *Id.* ¶ 18. On November 18, 2002, after investigating and meeting, the committee unanimously determined and recommended that the full Board reject Marquez's demand. The full Venoco Board met and subsequently rejected Marquez's demand. *Id.* ¶ 18-20. On November 19, 2002, Venoco filed its complaint in the Court of Chancery of the State of Delaware, New Castle County, seeking declaratory judgments that the Board's decision rejecting the demand is valid and protected by the business judgment rule and that any Venoco shareholder be precluded from pursuing a derivative claim relating to the dividend. *Id.* ¶ 1. On November 20, 2002, Marquez filed a shareholder derivative action on behalf of Venoco in the Central District of California. On December 18, 2002, Marquez removed the above captioned case from the Chancery Court to this court. On January 7, 2003, Marquez filed the present motion to dismiss, or alternatively, to stay or transfer the action to the Central District of California.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 21026787 (D.Del.)
(Cite as: 2003 WL 21026787 (D.Del.))

Page 2

### III. STANDARD OF REVIEW

*2 Marquez moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for lack of jurisdiction over the defendant. In determining the presence or absence of personal jurisdiction, courts engage in a two step analysis. First, the court must decide whether the long-arm statute of the state in which the court sits authorizes jurisdiction. *Transportes Aeros de Angola v. Ronair, Inc.*, 544 F.Supp. 864-65 (D.Del.1982). If jurisdiction is proper per the long-arm statute, the court must then determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id.* (noting, however, "intent of the legislature to exercise jurisdiction over non-residents whenever feasible"); *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 948 F.Supp. 338, 342 (D.Del.1996) (citation omitted). To satisfy the second prong of this analysis, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Specifically, the plaintiff must show that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987). Unless the contacts are continuous and systematic, they must be related to the plaintiff's cause of action. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). In determining the jurisdictional question, the court must accept as true the allegations in the complaint. *Altech Industries, Inc. v. Al Tech Specialty Steel Corp.*, 542 F.Supp. 53, 55 (D.Del.1982).

### IV. DISCUSSION

Because Marquez has challenged the propriety of personal jurisdiction, it is Venoco's initial burden to demonstrate that Marquez's activities fall within the ambit of the long-arm statute. *Jeffreys v. Exten*, 784 F.Supp. 146, 151 (D.Del.1992). According to the statute, a non-resident person or corporation is deemed to submit to the jurisdiction of the Delaware courts by committing any one of several acts. Del.Code Ann. tit. 10, § 3104(b). These acts are: (1) transacting any business or performing any character of work within the state; (2) contracting to supply services or things in Delaware; (3) causing tortious injury in Delaware through an act committed in Delaware; (4) causing tortious injury in Delaware through an act committed outside Delaware if the person solicits business in Delaware, engages in regular conduct in Delaware or derives substantial revenue from Delaware contacts; (5) having an interest in, using, or possessing real property in Delaware; or (6) contracting to act as a surety for a contract or other such obligation located, executed, or to be performed within Delaware at the time the contract is made. *Id.* § 3104(c)(1)-(6).

*3 The plaintiff urges that § 3104(c)(1) applies to the defendant. Venoco contends that Marquez has transacted business in this state by his position as a director and stockholder of Venoco, a Delaware corporation, and through his previous litigation in a Delaware state court. [FN1] Even when construed in the light most favorable to Venoco, however, the court cannot conclude that these acts constitute "transacting business" within the state.

> FN1. *See* Pl.'s Ans. Br. at 10 (citing *Venoco, Inc. v. Eson*, 2002 WL 12288703 (Del. Ch.2002)).

First, the mere ownership of stock in a Delaware corporation does not constitute "transacting business" in the state as contemplated by the long arm statute. The plaintiff has presented no support for this contention, and the court has found none. In any case, it is well-established that ownership of stock is not sufficient to establish personal jurisdiction consistent with due process. *See In re DaimlerChrysler AG Securities Litigation*, 197 F.Supp.2d 86, 98 (D.Del.2002) ("[S]tock ownership has not been found to be sufficient to support the exercise of personal jurisdiction.") (citing *Shaffer v. Heitner*, 433 U.S. 186 (1977)); *see also Hana Ranch, Inc. v. Lent*, 424 A.2d 28, 31 (Del. Ch.1980) ("a valid cause of action against a non-resident defendant for acts within the scope of a directorship was a *sine qua non* to a successful assertion of a claim against such a non-resident in his capacity as stockholder").

Neither is the mere holding of a directorship sufficient to establish jurisdiction over Marquez via the long-arm statute. *See, e.g., Pestolite, Inc. v. Cordura Corp.*, 449 A.2d 263, 267 (Del.Super.1982) ("the mere status as director of a Delaware corporation, standing alone, is not a significant basis for the individual Defendants to reasonably anticipate being haled into this Court"). Again, the plaintiff has cited no caselaw, and the court has found none, to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                   Page 3
2003 WL 21026787 (D.Del.)
(Cite as: 2003 WL 21026787 (D.Del.))

suggest that the mere holding of a directorship constitutes "transacting business" or "performing work" for purposes of the statute. Furthermore, as in *Hana Ranch*, Venoco has not filed an action against Marquez for acts within the scope of his directorship, but has filed an action against Marquez as a common shareholder.

Finally, Marquez's involvement in prior litigation in Delaware is not sufficient to bring him within the ambit of the long-arm statute. *See, e.g., Hartford Cas. Ins. Co. v. Petrolon Mgmt., Inc.*, 1995 U.S. Dist. LEXIS 22086 (D.Del.1995) (defendant's participation as third-party defendant in a previous suit in Delaware not sufficient to confer personal jurisdiction over it via long-arm statute). The previous litigation in Delaware was initiated by Venoco. Marquez, though stating he had a personal interest in remaining CEO of the company, testified as a witness only in his capacity as a director and CEO of Venoco. The court declines to hold that testifying as a witness in an official capacity constitutes transacting business or performing work in the state sufficient to confer personal jurisdiction pursuant to the long-arm statute.

*4 Venoco has offered no other grounds for finding that Marquez falls within the ambit of the long-arm statute, and it appears that no other such basis exists. It appears the defendant has no other contact with Delaware beyond those alleged connections already discussed. He has no office or property in Delaware, conducts no business in the state, and is not registered to do business in Delaware. There is no suggestion that the defendant has committed any tortious act in Delaware, or otherwise caused any injury in the state. In short, there is no asserted connection to Delaware as required by § 3104. As such, the long-arm statute does not authorize the exercise of jurisdiction over Marquez.

Because the court has found that personal jurisdiction over Marquez is not authorized by the Delaware long-arm statute, it need not address the constitutional dimension of the jurisdictional question. *See, e.g., Intel Corp. v. Silicon Storage Tech.*, 20 F.Supp.2d 690, 699 (D.Del.1998) ("[T]he Delaware long-arm statute [does not] authorize this court to exercise jurisdiction over [the defendant]. Therefore, the court need not analyze whether exercising such jurisdiction would comport with the Due Process Clause.") In addition, the court need not address Marquez's motion to dismiss on other grounds, or his motion to transfer or stay the case. Finally, the plaintiff's motions to remand to the Chancery Court (D.I.7) and to expedite the proceedings (D.I.15) are deemed moot.

V. CONCLUSION

For the aforementioned reasons,

IT IS HEREBY ORDERED that:
1. The defendant's Motion to Dismiss Action for Lack of Personal Jurisdiction; Dismiss or Stay Action in Favor of Parallel Action; or Transfer Venue of Action to California (D.I.4) is GRANTED;
2. This action is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over the defendant;
3. The plaintiff's Motion to Remand to the Court of Chancery of the State of Delaware (D.I.7) is DENIED as moot;
4. The plaintiff's Motion to Expedite Proceedings (D.I.15) is DENIED as moot;
5. The Clerk of the Court is directed to close the case.

**Motions, Pleadings and Filings (Back to top)**

   1:02CV01685   (Docket)
(Dec. 18, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works