# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE IT GROUP, INC., et al. | ) Case No. 02-10118 (MFW) |
| Debtors, | ) Jointly Administered |
| | ) |
| | ) |
| IT Litigation Trust, | ) Civil Action No.: 04-1268 KAJ |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL A. D'ANIELLO, FRANCIS J. | ) |
| HARVEY, JAMES C. McGILL, RICHARD | ) |
| W. POGUE, PHILIP B. DOLAN, E. | ) |
| MARTIN GIBSON, ROBERT F. | ) |
| PUGLIESE, CHARLES W. SCHMIDT, | ) JURY TRIAL DEMANDED |
| JAMES DAVID WATKINS, ANTHONY J. | ) |
| DeLUCA, HARRY J. SOOSE, THE | ) |
| CARLYLE GROUP, THE CARLYLE | ) |
| GROUP, L.L.C., CARLYLE PARTNERS II, | ) |
| L.P., CARLYLE SBC PARTNERS, II, L.P., | ) |
| CARLYLE INTERNATIONAL PARTNERS | ) |
| II, L.P., CARLYLE INTERNATIONAL | ) |
| PARTNERS III, L.P., C/S | ) |
| INTERNATIONAL PARTNERS, | ) |
| CARLYLE INVESTMENT GROUP, L.P., | ) |
| CARLYLE-IT INTERNATIONAL | ) |
| PARTNERS, LP, CARLYLE-IT | ) |
| INTERNATIONAL PARTNERS II, L.P., | ) |
| CARLYLE-IT PARTNERS L.P., and T.C. | ) |
| GROUP, LLC, | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff and Defendants in this Action (the "Specified Parties") have requested (and may request in the future) certain documents and depositions from each other, as well as from third parties, which the Specified Parties and/or third parties regard as containing or constituting confidential information;

1

RLF1-3003270-1

WHEREAS, certain of the documents requested by Plaintiff from Defendants are subject to protective orders in other actions and/or confidentiality agreements with third parties;

WHEREAS, there is presently a stay of discovery in place pursuant to the Private Securities Litigation Reform Act (PSLRA) in the related class actions captioned *Payne v. DeLuca, et al.*, Civil Action No. 02-1927, and *Glover v. DeLuca, et al.*, Civil Action No. 2:03cv00288, pending in the Western District of Pennsylvania (the "Class Actions"), in which the Defendants here are also defendants;

WHEREAS, the Specified Parties have agreed that entry of this Agreed Protective Order is necessary to protect such confidential information, and have agreed to limit the use and disclosure of such confidential information to protect its confidentiality,

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

1. For the purpose of this Order, "Confidential Information" shall mean all information or material that is produced or disclosed in *IT Litigation Trust v. D'Aniello, et al.*, C.A.04-1268-KAJ in the Federal District Court for the District of Delaware (the "Litigation") that the producing party (whether a party to these actions or not) in good faith considers confidential, proprietary, or not otherwise publicly available ("Confidential Information"). The Confidential Information shall be used by the party receiving such Confidential Information only for purposes necessary to the litigation of claims between and among the parties in the Litigation ("Permitted Purpose"), and not for any other purpose. In particular, Confidential Information shall not be used in or for any other litigation or potential litigation.

2. Documents that the producing party deems to be Confidential Information shall be so designated by clearly marking "CONFIDENTIAL" on each page thereof, on the first

2

page of a multi-page document, or by providing a separate written notice to counsel designating the documents as Confidential Information.

        3.      Information disclosed at a deposition may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Agreed Protective Order. Additionally, and alternatively, any party may also designate information disclosed at a deposition as Confidential Information by notifying all counsel in writing within 10 business days of receipt of the deposition transcripts, the specific pages and lines of the transcript that are deemed Confidential Information. All deposition transcripts shall be treated as Confidential Information for 14 days following receipt of the transcript to allow counsel sufficient opportunity to make such designation.

        4.      A producing party may belatedly designate materials or information as confidential, so long as it does so promptly after learning of the oversight. When a producing party makes a belated confidential designation, counsel for all other parties shall take reasonably necessary steps to assure the confidentiality of the information, including securing return of the confidential information from any persons to whom disclosure was made but to whom disclosures would not have been permitted by this Order had the confidential material been timely designated.

        5.      Except as otherwise provided in this Agreed Protective Order, Confidential Information shall be not disclosed to any person other than:

        (a)      Counsel retained or employed by any party to this action, and their respective employees or contractors, to the extent necessary for the Permitted Purpose;

(b)   Any Specified Party, or any officer, employee, agent or representative thereof, to the extent necessary for the Permitted Purpose;

(c)   Expert witnesses or consultants retained by counsel for any party to this action, but only to the extent necessary for the Permitted Purpose;

(d)   Any court reporter or typist or videographer rendering services for recording or transcribing of testimony in the Litigation or any outside independent reproduction or document management firm rendering reproduction services in the Litigation; or

(e)   Any witness and his or her counsel at any deposition, hearing, or trial in the Litigation;

(f)   The Judge, Jury or Court staff during the trial of the Litigation or any hearing conducted in connection with the Litigation.

6.   The Specified Parties, their counsel, and their experts (and anyone acting on behalf of the foregoing) agree that they will not disclose or divulge to anyone involved in litigations with or asserting a claim against any of the Specified Parties (1) any documents, including, without limitation, those containing or constituting Confidential Information, produced to them in the Litigation; (2) the transcript or any recording of any deposition taken in the Litigation, and the exhibits thereto; or (3) any summaries or excerpts of the information contained therein. All other parties who sign the attached Acknowledgement and receive Confidential Information and shall be bound by these same constraints.

7.   Prior to the receipt of any Confidential Information, all expert witnesses or consultants retained by counsel for any Specified Party, as well as all contractors providing services to any Specified Party in connection with the Litigation (including, without limitation, trial and jury consultants, graphics firms, etc.) shall acknowledge, by signing a copy of the

4

attached non-disclosure certificate, that they have read this Agreed Protective Order and agree to be bound by its terms. Counsel for the Specified Party retaining the expert or contractor shall retain such certificates and provide them to opposing counsel after the conclusion of the Litigation.

8. In the event that any party to this Litigation disagrees with the designation by the designating party of any information as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may seek appropriate relief from the Court upon not less than 10 days' written notice. No party shall be obligated to challenge a confidentiality designation immediately, and delay in asserting a challenge shall not constitute a waiver of the right to assert a challenge. The undersigned parties may, by written stipulation, provide for exceptions to this Agreed Protective Order.

9. Any portion of any papers served or filed with the Court, including attached exhibits, which disclose, or incorporate Confidential Information shall be treated according to the terms of this Agreed Protective Order and shall be deemed to be Confidential Information. Such papers shall be filed under seal with the Clerk of the Court in an envelope specially marked as follows:

### **CONFIDENTIAL**

This envelope contains documents that re subject to an Agreed Protective Order governing the use of confidential material. The envelope shall not be opened nor the contents thereof displayed or revealed (other than to court personnel) except by order of the Court.

10. The designation, or lack of designation, of information as Confidential Information shall be of no evidentiary effect in this case. Nothing in this Agreed Protective

5

Order shall preclude a producing party from objecting to any use of any produced documents or testimony by any other party to this Agreed Protective Order.

11. Use in Depositions.

(a) Confidential Information shall not lose its confidential character simply because the information or documents are referenced or used as exhibits in a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as Confidential Information.

(b) At the request of any party, during the disclosure of Confidential Information at a deposition, attendance at that deposition shall be restricted to persons listed in paragraph 5 and the attorneys for the deponents. Counsel for a party proposing to disclose Confidential Information in a deposition shall notify counsel for the Designating Party sufficiently in advance to allow the Designating Party to invoke this provision and any other pertinent safeguards.

12. Nothing in this Agreed Protective Order shall preclude the disclosure by a producing party of documents or other information created or provided by such producing party. Nothing herein shall preclude disclosure of Confidential Information to a person to whom the material or information had been disclosed prior to or outside the Litigation.

13. Information obtained from a source other than through discovery shall not be deemed Confidential Information, regardless of whether such information is also contained in discovery materials designated as Confidential Information. Nothing in this Agreed Protective Order shall limit any producing party from using its own Confidential Information in any manner that it may choose. No producing party subject to this Agreed protective Order shall have the

right to designate as Confidential Information any discovery material produced by an adverse party.

14. <u>Disclosure in Other Actions.</u>

(a) <u>Other Proceedings.</u> By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

(b) Nothing in this Agreed Protective Order shall prevent any party hereto from producing any document or information in its possession to another person in response to a subpoena or other compulsory process, provided however, that if such party receives a subpoena or other compulsory process seeking information, that party shall give prompt written notice to counsel for the party who had produced such Confidential Information and, unless prohibited by law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given.

15. Within 30 days after completion of the Litigation, the Confidential Information and all copies thereof, except those which are in the custody of the Court, shall, at the producing party's option, be returned to the producing party or destroyed (and certified by affidavit as having been destroyed) by any party or person in possession thereof.

RLF1-3003270-1

16. Any dispute that arises under this Agreed Protective Order, including any dispute under paragraph 8, shall be resolved by motion made before the Court upon not less than ten (10) days' written notice.

17. The provisions of this Agreed Protective Order survive the conclusion of the Litigation and of the Court's jurisdiction. Should any term or provision of this Agreed Protective Order be held unenforceable, such term or provision shall be deemed to be deleted as though it had never been a part of this Agreed Protective Order, and the validity, legality and enforceability of the remaining terms and provisions shall not be in any way affected or imperiled thereby.

18. Nothing herein affects or prejudices or waives the right of any party to challenge personal jurisdiction.

19. By entering the Agreed Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Agreed Protective Order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Agreed Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20. <u>Inadvertent Production of Privileged Material And/Or Attorney Work Product</u>

(a) To facilitate speedy production of documents, and in recognition of the large quality of documents potentially subject to production in this action, inadvertent production of a privileged document during discovery shall not, subject to the following

8

conditions, constitute a waiver of the attorney-client, work product, or other privileges applying to that document. The production of any document shall not constitute a waiver of any right to request return of documents produced inadvertently.

(b)  If a party determines that a document was inadvertently produced, return of that document shall be requested from the other party in writing within five (5) days business days of the date the inadvertent production was discovered.

(c)  Subject to section 20(d), the original and all duplicates of an inadvertently produced document shall be returned within five (5) business days of such a request.

(d)  If the party to whom the document was produced does not agree with the assertion of an inadvertent production, the party may raise the issue with the Court by filing an appropriate motion within five (5) business days of a notification under section 20(b). Failure to file such a motion within that period shall be deemed a withdrawal and waiver of any assertions as to the document, and the document shall be returned to the producing party under section 20(c).

(e)  If a claim that the document was inadvertently produced is made by any party during a deposition, the document is not to be used in a deposition. Upon request of any party, questioning on a document believed to have been inadvertently produced shall immediately cease, provided that any party shall have the right to continue the deposition to question the witness about a document that the Court determines is not subject to the privilege

IT IS SO ORDERED,

This ___ day of _____, 2006

_____
UNITED STATES DISTRICT JUDGE

By: /s/ Marcos A. Ramos
    Mark D. Collins (No. 2981)
    Marcos A. Ramos (No. 4450)
    RICHARDS, LAYTON & FINGER, P.A.
    One Rodney Square, P. O. Box 551
    Wilmington, DE 19899
    302.651.7700 (phone)
    302.651.7701 (fax)
    ramos@rlf.com (email)

*Attorneys for Defendants Daniel A. D'Aniello, Francis J. Harvey, James C. McGill, Richard W. Pogue, Philip B. Dolan, E. Martin Gibson, Robert F. Pugliese, Charles W. Schmidt, James David Watkins, TC Group, L.L.C. d/b/a The Carlyle Group, Carlyle Partners II, L.P., Carlyle SBC Partners II, L.P., Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle Investment Group, L.P., Carlyle-IT International Partners, L.P., Carlyle-IT International Partners II, L.P., and Carlyle-IT Partners, L.P.*

Thomas L. Patten
David A. Becker
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
202.637.2200 (phone)
202.637.2201(fax)

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive
Suite 500
Reston, VA 20190
703.456.1000 (phone)
703.456.1001 (fax)

By: /s/Ronald S. Gellert
    Ronald S. Gellert (No. 4259)
    ECKERT SEAMANS CHERIN
      & MELLOTT, LLC
    4 East 8th Street - Suite 200
    Wilmington, DE 19801
    302.425.0430 (phone)
    302.425.0432 (fax)
    rgellert@eckertseamans.com (email)

Mark A. Willard
Paul D. Steinman
ECKERT SEAMANS CHERIN
  & MELLOT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.6000 (phone)
412.566.6099 (fax)

*Attorneys for Defendant Anthony J. DeLuca*

By: /s/ Jeffrey M. Schlerf
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
THE BAYARD FIRM
222 Delaware Avenue
P. O. Box 25130
Wilmington, Delaware 19899
302.655.5000 (phone)
302.658.6395 (fax)
jschlerf@bayardfirm.com (email)

Richard S. Wayne
Thomas P. Glass
STRAUSS & TROY, LPA
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
513.621.2120 (phone)
513.629.9426 (fax)

*Attorneys for the IT Litigation Trust*