# THE BAYARD FIRM
A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
(302) 429-4218

May 2, 2006

VIA HAND DELIVERY
The Honorable Kent A. Jordan
United States District Court
for the District of Delaware
844 King Street
Wilmington, Delaware 19801

Re: IT Litigation Trust v. Daniel A. D'Aniello, et al.
Civ. A. No. 04-01268 (KAJ)

Dear Judge Jordan:

Pursuant to Paragraph 7 of the Court's Scheduling Order for this case, Plaintiff and Defendants in this action (collectively, the "parties") provide the following Interim Status Report.

No motions to join other parties have been filed and the period to do so has passed. Presently pending before the Court is certain Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction (the "Personal Jurisdiction Motion"). As indicated in their Notice Of Withdrawal filed May 2, 2006, Defendants Carlyle International Partners II, L.P., Carlyle International Partners III, L.P., C/S International Partners, Carlyle-IT International Partners, L.P. and Carlyle-IT International Partners II, L.P. have withdrawn as movants with respect to the Personal Jurisdiction Motion. Defendant Richard W. Pogue continues to pursue the Personal Jurisdiction Motion, and the parties expect briefing on the Personal Jurisdiction Motion to proceed in accordance with the schedule approved by the Court on April 17, 2006.

The parties have engaged in several rounds of written discovery. Plaintiff has propounded both merits-based discovery requests and discovery regarding the personal jurisdiction issues raised by certain Defendants' pending Motion To Dismiss For Lack Of Personal Jurisdiction (the "Personal Jurisdiction Motion"). Defendants are preparing responses to jurisdictional discovery requests propounded upon Defendant Pogue and expect to provide those responses to Plaintiffs in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. In response to Plaintiff's document requests, Defendants to date have provided over 36,000 pages of material, and expect to produce certain additional materials. The parties are continuing to prepare responses to other written discovery, and are preparing to serve third-party subpoenas for documents and depositions. In response to document requests propounded by certain Defendants, Plaintiff has made approximately 100 boxes of documents

THE BAYARD FIRM

The Honorable Kent A. Jordan
May 2, 2006
Page 2

available for Defendants' review. Defendants have reviewed this material and are continuing to evaluate Plaintiff's production on an ongoing basis. Defendants have also served interrogatories on Plaintiff.

The parties anticipate that discovery will continue, including depositions, in the weeks and months leading up to the August 28, 2006 discovery cut-off set forth in the Court's Scheduling Order, and remain hopeful that all fact discovery will be completed by that time. As permitted by Paragraph 3(d) of the Scheduling Order, the parties have agreed that initial expert witness disclosures shall be due on August 2, 2006, and that rebuttal expert disclosures, if any, shall be due on August 28, 2006. The parties intend to submit a request that the period for expert discovery be extended through September 15, 2006, solely for the purpose of conducting any depositions of expert witnesses in connection with rebuttal expert disclosures. This limited extension would not affect the October 10, 2006 date for dispositive motions set forth in Paragraph 9 of the Scheduling Order.

Pursuant to this Court's April 4, 2005 Order referring this action to Magistrate Judge Thynge for the purpose of exploring alternative dispute resolution, the parties in this case, and in certain related cases, have conferred with Magistrate Judge Thynge on several occasions to discuss the possibility of a global settlement. A further call is scheduled with Judge Thynge for May 2, 2006, the date of this letter. A three-day mediation session is presently set with Judge Thynge for August 22-24, 2006.

Pursuant to Paragraph 8 of the Scheduling Order, the parties have conferred with respect to the necessity of the Interim Status Conference currently scheduled for May 9, 2006 at 4:30 p.m. At this time, the parties wish to take the Interim Status Conference off the Court's calendar. However, in the event the Court wishes to address the expected request for a limited extension of the expert discovery period in connection with rebuttal expert disclosures, as noted above, the parties will be available to go forward with scheduled Interim Status Conference. The parties do not believe there are presently other outstanding issues which require the Court's attention. If the Court does not believe the Interim Status Conference is necessary at this time, the parties suggest that the Conference be continued for approximately 30 days, at a date and time convenient to the Court, to permit the parties and the Court to address any issues that may arise in the intervening period. If the Court deems this approach appropriate, the parties will advise Court no less than seven days in advance of the date of the Interim Status Conference if they believe the Conference is unnecessary, so the Conference may be taken off the Court's calendar.

Respectfully submitted,

Jeffrey M. Schlerf

JMS/rd