IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE IT GROUP, INC., *et al*, ) | Case No. 02-10118 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| IT LITIGATION TRUST, ) | |
| Plaintiff, ) | Civ. A. No. 04-CV-1268 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| DANIEL A. D'ANIELLO, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT RICHARD W. POGUE'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Dated: July 7, 2006

THE BAYARD FIRM
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

-and-

STRAUSS & TROY
Richard S. Wayne
Thomas P. Glass
John M. Levy
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120
Fax: (513) 629-9426

CO-COUNSEL TO THE IT LITIGATION TRUST

629430v1

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION AND SUMMARY OF THE ARGUMENT ........................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 2

STATEMENT OF RELEVANT FACTS ......................................................................... 3

ARGUMENT .................................................................................................................. 3

I.   PURSUANT TO 10 DEL. C. §3114(a), DEFENDANT POGUE
     IS SUBJECT TO PERSONAL JURISDICTION IN DELAWARE ........................... 3

CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

## Cases

*Armstrong, et al. v. Pomerance*, 423 A.2d 174 (Del. 1980) ............................................. 5, 6

*Canadian Commercial Workers Industry Pension Plan v. Alden*,
No. Civ.A. 1184-N, 2006 WL 456786 (Del.Ch. Feb. 22, 2006) ........................................... 4

*Istituto Bancario Italiano SpA v. Hunter Engineering Co., Inc.*,
449 A.2d 210, 227-28 (Del.1982) ......................................................................................... 4

*Optimalcare, Inc., v. Hightower*,
No. CIV. A. 13535, 1996 WL 417510, *3 (Del.Ch. July 17, 1996) ................................. 5, 6

*Venoco, Inc. v. Marquez*, No. 02-1685, 2003 WL 21026787 (D. Del. May 5, 2003) ......... 4

## Other Authorities

8 Del. Ch. §174 .......................................................................................................................... 3

10 Del. C. § 3104 ....................................................................................................................... 4

10 Del. Ch. §3114(a) ...................................................................................................... 1, 3, 4, 5

11 U.S.C. §544 .......................................................................................................................... 3

11 U.S.C. §547 .......................................................................................................................... 3

11 U.S.C. §548 .......................................................................................................................... 3

Plaintiff IT Litigation Trust (the "Trust" or "Plaintiff"), as successor to the IT Group, Inc. and its affiliated debtors (the "Company") submits this Brief in Opposition to Defendant Richard W. Pogue's Motion to Dismiss for Lack of Personal Jurisdiction.[1]

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

In his Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Opening Brief in Support (the "Renewed Motion"), Defendant Richard W. Pogue ("Pogue") argues that Counts I, II and IX of the Amended Complaint should be dismissed because: (1) Plaintiff does not allege sufficient minimum contacts between Pogue and the State of Delaware sufficient to support the exercise of general jurisdiction, (2) Plaintiff does not allege sufficient facts to support the exercise of specific jurisdiction, and (3) the exercise of jurisdiction over Pogue would violate due process. (Opening Brief at pp. 5-10) Pogue's Renewed Motion completely overlooks 10 Del. C. §3114(a), which permits this Court to exercise personal jurisdiction over Pogue for his conduct as a director of the Company, a Delaware corporation. Moreover, the Delaware Supreme Court has held that the exercise of jurisdiction over a non-resident director, whose only contact with the State of Delaware was his directorship of a Delaware corporation, pursuant to 10 Del. C. §3114(a), was consistent with due process.

---

[1] The Renewed Motion challenges the Court's exercise of jurisdiction for Counts I-V, and IX of the Amended Complaint. Since Count III has already been dismissed by this Court, and Counts IV and V are against the Carlyle Defendants, Plaintiff has construed this Motion to address only Counts I, II and IX.

## NATURE AND STAGE OF THE PROCEEDINGS

The Trust filed its original Complaint as an adversary proceeding in the Bankruptcy Court on January 15, 2004. The District Court *sua sponte* withdrew the reference to this case on September 8, 2004. On October 29, 2004, Carlyle International Partners II, LP, Carlyle International Partners III, LP, C/S International Partners, Carlyle-IT International Partners, LP, Carlyle IT-International Partners II, LP, ("the Carlyle Cayman Entities") and Pogue filed motions to dismiss based upon lack of personal jurisdiction. On January 28, 2005, the Trust filed an Amended Complaint to address the issues raised by the Carlyle Cayman Entities and Pogue in their pending motions.

In response to the Amended Complaint, the Carlyle Cayman Entities and Pogue again moved for dismissal, on March 2, 2005, on the basis of lack of personal jurisdiction (the "Original Motion"). As discussed at the September 12, 2005 hearing before the Court, the parties agreed to postpone further briefing on the Original Motion pending the Court's determination of the Defendants' joint motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Court issued its Order on November 15, 2005, and the parties developed a briefing schedule for the Original Motion and Plaintiff's request for discovery related to the Original Motion. Prior to the filing of a stipulated briefing schedule on the Original Motion, the Court entered an Order on March 30, 2006 denying the Original Motion, without prejudice.

Pogue, along with the Carlyle Cayman Entities, filed the Renewed Motion on April 10, 2006. The Carlyle Cayman Entities have since withdrawn their support for the

Renewed Motion, leaving Pogue as the only movant. (*See* Notice of Withdrawal, May 2, 2006; D.I. 158)

## STATEMENT OF RELEVANT FACTS

The Court has already found that it has subject matter jurisdiction over the following causes of action in the Amended Complaint, which state a claim upon which relief can be granted against Pogue: breach of fiduciary duty of loyalty to the Company under Delaware law (Counts I and II); avoidance under the Bankruptcy Code, 11 U.S.C. §547 (Count VI); fraudulent conveyance in violation of 11 U.S.C. §§544 and 548 (Count VIII); and unlawful payment of dividends in violation of 8 Del. Ch. §174 (Count IX). (*See* Order, November 15, 2005; D.I. 72) Counts I, II and IX are founded entirely on Pogue's actions as a director of the Company, a position he held from 1998 through 2001, and allege breaches of his fiduciary duties to the Company. (*See* Amended Complaint; D.I. 30)

## ARGUMENT

I. **PURSUANT TO 10 DEL. C. §3114(a), DEFENDANT POGUE IS SUBJECT TO PERSONAL JURISDICTION IN DELAWARE**

Pursuant to 10 Del. C. §3114(a), this Court can exercise personal jurisdiction over Pogue on Counts I, II and IX. 10 Del. Ch. § 3114(a) provides in relevant part:

> [e]very nonresident of this State who after September 1, 1977, accepts election or appointment as a director… a corporation organized under the laws of this State…shall …be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in…any action or proceeding against such director… for violation of a duty in such capacity, whether or

>not the person continues to serve as such director…at the time suit is commenced.

10 Del.C. § 3114(a) applies to instances where a nonresident director of a Delaware corporation has allegedly breached a fiduciary duty to the corporation and/or its shareholders. *Istituto Bancario Italiano SpA v. Hunter Engineering Co., Inc.*, 449 A.2d 210, 227-28 (Del.1982). "Delaware courts have consistently held that Section 3114 is applicable only in connection with suits brought against a nonresident for acts performed in his…capacity as a director…of a Delaware corporation." *Canadian Commercial Workers Industry Pension Plan v. Alden*, No. Civ.A. 1184-N, 2006 WL 456786 (Del.Ch. Feb. 22, 2006) (attached hereto as Exhibit A). 10 Del. C. §3114(a) indisputably authorizes this Court to exercise personal jurisdiction over Pogue for alleged violations of his fiduciary duties.

Pogue relies on one case, *Venoco, Inc. v. Marquez*, No. 02-1685, 2003 WL 21026787 (D. Del. May 5, 2003) (attached hereto as Exhibit B), to support his argument that the allegations in the Amended Complaint do not support the exercise of specific jurisdiction over him.[2] (See Opening Brief at p. 8) Pogue's reliance on *Marquez* is misplaced. *Marquez* involved a complaint against a director for declaratory judgment seeking a determination that the board of directors' decision rejecting the individual director's demand was valid and protected by the business judgment rule. *Id.* at *1. Consequently, the court analyzed the director defendant's motion to dismiss for lack of personal jurisdiction solely under 10 Del. C. § 3104, the general long-arm statute.

---

[2] Pogue does not appear to challenge the Court's assertion of general jurisdiction over him. (Opening Brief at pp. 7-8)

*Marquez* does not address 10 Del. C. § 3114 and is, therefore, irrelevant to the Court's determination.

This Court should follow the Delaware Supreme Court's decision in *Armstrong, et al. v. Pomerance*, 423 A.2d 174 (Del. 1980), which held the exercise of personal jurisdiction over non-resident directors to be proper. *Pomerance* involved several non-resident directors' motion to dismiss on the basis that 10 Del. C. §3114 violated their due process rights because they lacked sufficient minimum contacts with Delaware. In *Pomerance*, the defendants' only contact with Delaware was their acceptance of directorships of a Delaware corporation. *Id*. at 176. The court found that this one act constituted sufficient minimum contacts with Delaware to satisfy due process analysis. Specifically, the court found that

> [t]he defendants accepted their directorships with explicit statutory notice, via §3114, that they could be hailed into the Delaware Courts to answer for alleged breaches of the duties imposed on them by the very laws which empowered them to act in their corporate capacities…Moreover, the defendants, by purposefully availing themselves of the privilege of becoming directors of a Delaware corporation, have thereby accepted significant benefits and protections under the laws of this State…Under these circumstances, requiring the defendants to impliedly consent to the assertion of Delaware in personam jurisdiction over them in actions alleging breach of their fiduciary obligations to the corporation does not seem unreasonable…

Id.; *see also Optimalcare, Inc., v. Hightower*, No. CIV. A. 13535, 1996 WL 417510, *3 (Del.Ch. July 17, 1996) ("Specifically, OptimalCare represents Elkourie breached his fiduciary duty in writing unauthorized OptimalCare checks on dates which coincided with his service as a director of the company. These allegations in the Amended Complaint are sufficiently specific at this stage of the proceedings, despite their

superficially conclusory nature, to conclude they make out a prima facie case for personal jurisdiction under § 3114.") (attached hereto as Exhibit C)

Like the defendants in *Pomerance*, in the instant case, Pogue (1) accepted his directorship with explicit statutory notice that he could be hailed into the Delaware Courts to answer for alleged breaches of his fiduciary duties, and (2) purposefully availed himself of the privilege of becoming a director of a Delaware corporation, thereby accepting significant benefits and protections under the laws of Delaware. "Under these circumstances, requiring [Pogue] to impliedly consent to the assertion of Delaware in personam jurisdiction over [him] in actions alleging breach of [his] fiduciary obligations to the corporation does not seem unreasonable." *Pomerance*, 423 A.2d at 176.

## CONCLUSION

For the foregoing reasons, Plaintiff IT Litigation Trust respectfully requests that the Court deny Defendant Richard W. Pogue's Renewed Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: July 7, 2006

                        THE BAYARD FIRM

                        By: /s/ Eric M. Sutty
                            Jeffrey M. Schlerf (No. 3047)
                            Eric M. Sutty (No. 4007)
                            222 Delaware Avenue, Suite 900
                            Wilmington, Delaware 19801
                            (302) 655-5000

                            -and-

STRAUSS & TROY
Richard S. Wayne
Thomas P. Glass
John M. Levy
The Federal Reserve Building
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120
Fax: (513) 629-9426

CO-COUNSEL TO THE IT LITIGATION TRUST