# EXHIBIT C

Westlaw.

Not Reported in A.2d     Page 1
Not Reported in A.2d, 1996 WL 417510 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

C
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware, New Castle County.
OPTIMALCARE, INC., a Delaware corporation, Plaintiff,
v.
Larry R. HIGHTOWER and Michael Elkourie, Defendants.
No. CIV. A. 13535.

Submitted: May 7, 1996.
Decided: July 17, 1996.

Alan J. Stone of Morris, Nichols, Arsht & Tunnell, Wilmington, of counsel: Richard W. Page and Rod S. Fiori of Page, Polin, Busch & Boatwright, San Diego, California, for Plaintiff.
Allen M. Terrell, Jr. and Helen M. Richards of Richards, Layton & Finger, Wilmington, of counsel: Meadows, Ichter & Trigg, P.C., Atlanta, Georgia, for Defendant Hightower.
Stephen E. Jenkins and Richard D. Heins of Ashby & Geddes, Wilmington, of counsel: Fred A. Gilbert of Gilbert & Montlick, P.C., Atlanta, Georgia, for Defendant Elkourie.
STEELE, Vice Chancellor.

CONTENTIONS OF PARTIES

*1 On May 27, 1994, Plaintiff, OptimalCare, Inc. ("OptimalCare"), filed its *Complaint* initiating this action against Defendants, Larry Hightower ("Hightower") and Michael Elkourie ("Elkourie"). OptimalCare filed an amended complaint on June 6, 1994. Elkourie filed a motion to dismiss on July 8, 1994 arguing this Court lacks personal jurisdiction over Elkourie, and if Delaware were to assume personal jurisdiction over Elkourie, it would violate the Due Process clause of the Fourteenth Amendment to the United States Constitution.[FN1]

> FN1. Hightower is not a moving party in this motion to dismiss.

In response, OptimalCare contends this Court has personal jurisdiction under the Delaware Directors Consent Statute, 10 Del.C. § 3114 ("Section 3114"). Moreover, OptimalCare insists Elkourie has the requisite "minimum contacts" for Delaware to impose personal jurisdiction over Elkourie without compromising due process.

BACKGROUND

After reviewing the pleadings, these are my findings of fact. OptimalCare is a Delaware corporation located in Atlanta, Georgia. It is a managed health care company providing cardiology services. Elkourie is a former officer and director of OptimalCare. Hightower is also a former officer and director of OptimalCare. He and Elkourie are both Georgia residents.

On April 30, 1993, Elkourie entered a stock control agreement (the "Stockholders Agreement") with OptimalCare in exchange for his receipt of OptimalCare common stock. The Stockholders Agreement provided OptimalCare had the right to purchase Elkourie's OptimalCare stock upon termination of his employment. The company had the right to purchase his stock at either the cost per share to Elkourie or the book value per share according to OptimalCare's books. According to their agreement, OptimalCare had to exercise its right within 90 days of Elkourie's termination.

Elkourie resigned from his position as financial advisor on October 13, 1993. OptimalCare never notified Elkourie it intended to purchase his shares until after the 90 day period expired. Elkourie first learned of OptimalCare's intent to purchase his shares in its May 17, 1994 correspondence to him, more than six months after the right to purchase expired.

OptimalCare brings several claims against Elkourie: First, it alleges he breached the Stockholders Agreement by refusing to convey the shares in his name to OptimalCare. Second, OptimalCare alleges Elkourie breached his fiduciary duties by: (i) entering into self-dealing transactions by, among other things,
writing unauthorized Company checks to Hightower for no valid purpose; (ii) issuing Company checks to [Elkourie Financial Group], a company owned by Elkourie; (iii) entering into self-dealing transactions by, among other things, writing unauthorized Company checks to [Atlantis Management Group], a company partially owned by Elkourie; (iv) failing to abide by the terms of the Stockholders Agreement;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 1996 WL 417510 (Del.Ch.)
(Cite as: **Not Reported in A.2d**)

and (v) otherwise participating in breaches of fiduciary duty by Hightower.

*2 Third, OptimalCare claims Elkourie's breach of fiduciary duties, combined with Hightower's breach of fiduciary duties, constitutes a civil conspiracy.

OptimalCare contends in its *Amended Complaint* Elkourie's unauthorized issue of checks occurred within his term as a director and constitutes fraud and embezzlement in breach of his fiduciary duties.

Elkourie responds on page 7 of *Defendant Michael Elkourie's Opening Memorandum in Support of His Motion to Dismiss,* "none of the purported overpayments by the Company to Elkourie Financial Group occurred until May 1993 or later [,] ... *after* his resignation as director." He supports this contention with a sworn affidavit. Thus, he argues, these alleged breaches of fiduciary duty did not occur while he served as a director. He argues this Court may not, therefore, exercise personal jurisdiction over him under Section 3114.

CONCLUSIONS OF LAW

On a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of persuading the court that it has established a factual predicate for jurisdiction. *Newspan, Inc. v. Hearthstone Funding Corp.,* Del.Ch., C.A. No. 13304, Allen, C. (May 10, 1994), Mem. op. at 2. Generally, a plaintiff has the burden of making a *prima facie* showing to establish personal jurisdiction. *Id.* at 8 and at 8 n. 8; *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.,* Del.Ch., 593 A.2d 535, 539-40 (1991). A plaintiff must proffer assertions from which a trier of fact could conclude facts exist which could justify a later conclusion those facts would provide a statutory "hook" for personal jurisdiction and constitutional due process. *Newspan* at 8.

If a defendant challenges a plaintiff's allegations of personal jurisdiction, that plaintiff may not rely solely on the complaint. *Id.* That plaintiff must support those assertions with affirmative proof. *Id.* "The court will not decide conflicted facts on such a motion but will evaluate for sufficiency the evidence plaintiff adduces supporting its allegation[.]" *Id.* at 2.

OptimalCare offers a detailed account of Elkourie's allegedly unauthorized check writing scheme including dates, check numbers, and payees in *Plaintiff OptimalCare, Inc.'s* Memorandum *in Opposition to Elkourie's Motion to Dismiss.* For the purpose of considering Elkourie's *Motion to Dismiss,* I cannot consider these assertions to be fact. OptimalCare does not verify them with affidavit or otherwise. They are not part of the pleadings, and I do not rely upon them. Moreover, Elkourie challenges the purported overpayments and presents his version of the facts with a supporting affidavit.

A trial court has the discretion to shape the procedure to resolve a motion to dismiss under Rule 12(b)(2) including evidentiary hearings and the taking of affidavits. *Hart Holding,* 593 A.2d at 539. For purposes of this motion, I will consider all plead facts to be true and will draw all inferences in the light most favorable to the nonmoving party. *Id.* at 10 (*citing Grobow v. Perot,* Del.Supr., 539 A.2d 180, 187 n. 6 (1988)).

*3 At this stage, I find OptimalCare has met its *prima facie* burden of proof to survive Elkourie's *Motion to Dismiss* on the face of the pleadings. After considering the facts in the light most favorable to the non-moving party, I find OptimalCare has plead the factual predicate for a future determination Delaware does have personal jurisdiction over Elkourie. Specifically, OptimalCare represents Elkourie breached his fiduciary duty in writing unauthorized OptimalCare checks on dates which coincided with his service as a director of the company. These allegations in the *Amended Complaint* are sufficiently specific at this stage of the proceedings, despite their superficially conclusory nature, to conclude they make out a *prima facie* case for personal jurisdiction under § 3114. I may reconsider the issue of lack of personal jurisdiction raised in the *Motion to Dismiss* after the parties fully develop the record.

The *Motion to Dismiss* is denied.

IT IS SO ORDERED.

Del.Ch.,1996.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d   Page 3
Not Reported in A.2d, 1996 WL 417510 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

Optimalcare, Inc., v. Hightower
Not Reported in A.2d, 1996 WL 417510 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.