## **EXHIBIT A**

## **DEFINITIONS**

A. "IT Group" refers to IT Group, Inc.

B. The "Trust" refers to the IT Litigation Trust.

C. "The Carlyle Defendants" refers to T.C. Group L.L.C. d/b/a The Carlyle Group, Carlyle Partners II, L.P., Carlyle SBC Partners II, L.P., Carlyle International Partners II, Carlyle International Partners III, C/S International Partners, Carlyle Investment Group, L.P., Carlyle-IT International Partners II, L.P., and Carlyle-IT Partners, L.P.

D. "The Director Defendants" refers to Daniel A. D'Aniello, Francis J. Harvey, James C. McGill, Richard W. Pogue, Philip B. Dolan, E. Martin Gibson, Robert F. Pugliese, Charles W. Schmidt, and James David Watkins.

E. The "Board" refers to the Board of Directors of IT Group, Inc.

F. The term "Litigation" means the lawsuit filed against the Carlyle Defendants and the Director Defendants in the United States District Court for the District of Delaware, Civil Action No. 04-CV-1268 (KAJ), pending before Judge Jordan.

G. The term "relating to" is used in its customary broad sense, and without limitation includes referring to, pertaining to, mentioning, discussing, representing, embodying, illustrating, describing, evidencing, and tending to support or to rebut, in any manner whatsoever and whether directly or indirectly.

H. The term "person" means any natural person or any business, legal or governmental entity, or associate.

I.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J.  The use of the singular form of any word includes the plural and vice versa.

## TOPICS

1. The composition, structure, and governance of the Trust.

2. The composition, structure, and governance of the Official Committee of Unsecured Creditors of the IT Group.

3. The distribution of any recoveries by the Trust in this Litigation or other litigations pursued by the Trust, including without limitation the identity of the parties who stand to receive such distributions.

4. The allegations contained in the Trust's First Amended Complaint, including but not limited to your alleged damages, and the factual basis for each of your allegations.

5. The solvency of IT Group from January 1998 until the date IT Group declared bankruptcy, including without limitation the basis for the Trust's allegations regarding IT Group's solvency.

6. The Carlyle Defendants' role and conduct with respect to IT Group, including without limitation the basis for the allegations that the Carlyle Defendants controlled IT Group and/or its Board of Directors.

7. The nature of services provided by the Carlyle Defendants to IT Group.

8. The purpose and nature of financial advisory fees and/or investment

banking fees paid by IT Group to the Carlyle Defendants.

9. The accounting for acquisitions of companies by IT Group in the time period January 1998 through June 2000, including without limitation the calculation and fairness of the purchase price for such acquisitions, and the allocation of portions of the purchase price to goodwill.

10. The means by which Defendants' allegedly "artificially extended" the life of IT Group in order to obtain a return on the Carlyle Defendants' investment.

11. The nature of "transfers for the benefit of insiders" as alleged in ¶¶ 61, 65, 69 and 74 of the First Amended Complaint.

12. The nature of the payments to Defendants alleged by the Trust to constitute Avoidable Transfers in ¶¶ 80-96 of the First Amended Complaint.

13. Each payment made to any Director Defendant and the basis for, and/or antecedent debt satisfied by, such payment.

14. The approval by the Board of payment of preferred stock dividends to the Carlyle Defendants.

15. The factual basis for the Trust's claims under the Bankruptcy Code Sections 544, 547-548, and 550-551 in this Litigation.

16. The Trust's claim of over $150 million in damages, made in ¶ 1 of the First Amended Complaint.

17. The Trust's production of documents in response to Defendants' Requests For Production in this Litigation.

18. The Trust's responses to Defendant Carlyle Partners II, L.P.'s First Set of Interrogatories.