**EXHIBIT A**

# Issued by the
## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

#### SUBPOENA IN A CIVIL CASE

IT LITIGATION TRUST

v.

DANIEL A. D'ANIELLO, et. al.

Case Number:[1] 04-1268-KAJ
(Pending in the District Court for the District of Delaware)

TO:   Citicorp USA, Inc.
c/o Stephen Karotkin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10053

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**THE DOCUMENTS TO BE PRODUCED ARE LISTED AT ATTACHMENT A HERETO.**

| PLACE   Latham & Watkins, 555 11th Street, N.W., Suite 1000, Washington, D.C. 20004 | DATE AND TIME **August 8, 2006, 9:00 a.m.** |
|---|---|

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  ATTORNEY FOR DEFENDANTS D'ANIELLO ET. AL. | DATE **August 1, 2006** |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Becker, Latham & Watkins, 555 11th Street, N.W., Suite 1000, Washington, D.C. 20004 (202) 637-2200

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on Reverse)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | August 1, 2006 | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10053 |
| SERVED ON (PRINT NAME)<br>Stephen Karotkin, Esq. | | MANNER OF SERVICE<br>Electronic mail and U.S. Mail (by consent) |
| SERVED BY (PRINT NAME)<br>David A. Becker | | TITLE<br>Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___August 1, 2006___

SIGNATURE OF SERVER

555 11th Street N.W.

ADDRESS OF SERVER

Washington, D.C. 20004

---

### RULE 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A TO SUBPOENA

## DEFINITIONS

The following definitions shall apply to this Schedule.

(a) The words "you," "yours" and/or "yourselves" and "Citicorp" shall refer to Citicorp USA Inc. and any predecessors or successors, affiliated or related corporations or entities, any subsidiaries or parent corporations, and any other entities owned in whole or in part by Citicorp USA Inc., and their predecessors, affiliates and subsidiaries, and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf thereof.

(b) The word "document" shall mean any writing whether in paper or electronic form and any recording, film or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed, including, but not limited to: correspondence, memoranda, notes, emails, messages, diaries, graphs, charts, minutes, books, reports, ledgers, invoices, computer data or printouts, microfilms, electronically stored information, films, videotapes or audio tape recordings.

## INSTRUCTIONS

If you object to producing any document, communication or thing because of a privilege, please provide the following information:

(1) the nature of the privilege claims (including work product) for each individual document or thing withheld;

(2) the date of each individual document, communication or thing withheld;

(3) for each document withheld: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document,

including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; and

(4)  the general subject matter of the document, communication or thing.

## SPECIFICATIONS: DOCUMENTS TO BE PRODUCED

1.  All documents produced by you in response to Ernst & Young's Notice Of Request For Production Of Documents From Citicorp dated December 30, 2004, in the proceeding captioned *Highland Capital Management, L.P. v. Ernst & Young L.L.P.*, pending in the District Court of Dallas County, Texas, 192nd Judicial District.

DC\903504.2