IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE IT GROUP, INC., et al., | : | Case No. 02-10118 (MFW) |
| | : | Jointly Administered |
| Debtors. | : | |
| _____ | : | |
| | : | |
| IT LITIGATION TRUST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1268-KAJ |
| | : | |
| DANIEL A. D'ANIELLO, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

At Wilmington this **9th** day of **August, 2006**.

As a result of the telephonic conference held on Tuesday, August 8, 2006, mediation is schedule in the above captioned matter and the related matter of *Federal Insurance Co. v. D'Aniello*, U.S. District Court, Western District of PA, C. A. No. 05-0305 with counsel on behalf of the parties in attendance.

IT IS ORDERED that:

1. The mediation conference has been scheduled for **Wednesday, August 23, 2006** at **9:00 a.m. Dress for the mediation is casual.**

2. **Required participants who must be present at mediation:**

   a. Trial counsel and counsel familiar with the case.

b. The parties and/or decision-makers of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter. Counsel and a representative for AIG with the aforementioned authority shall also attend the mediation.

In-person attendance at mediation by the above-described individuals is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel in these matters, no later than **fourteen (14) days** before the mediation.

In addition, under separate cover, the direct dial telephone work numbers and cell or home numbers of in-state and out-of-state counsel who will be attending the mediation shall be provided to the Magistrate Judge.

**Any request to bring electronic equipment, for example, cell phones, blackberries or laptop computers, for use ONLY during the mediation conference, shall be made in writing under separate cover and must accompany the mediation statements, and shall include the name(s) of the individuals and the equipment requested to be authorized. The electronic equipment must be an integral part of the mediation process and not just for convenience.**

3. On or before **August 15, 2006**, an original and a copy of the mediation statements shall be submitted to the Magistrate Judge <u>ONLY</u>. The mediation conference statements **shall not be filed** with the Clerk's Office, but **shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Judge Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT."** The statements <u>shall</u> <u>not</u> be exchanged among the parties or counsel, <u>shall</u> <u>not</u> be provided to the trial

judges and <u>shall</u> <u>not</u> become part of the record in these matters.  **Mediation statements shall NOT be electronically filed since they are not part of a court record.**

    4.  The mediation conference statements may be in memorandum or letter form, and shall be subject to the following page limitations:

    IT Litigation Plaintiff: **ten (10) pages;**

    Defendant IT Litigation defendants: joint submissions of **fifteen (15) pages;**

    Federal Insurance plaintiffs: joint submission of **ten (10) pages;**

    Federal Insurance defendants: joint submission of **ten (10) pages;**

    AIG: **ten (10) pages.**

    Submissions shall be **double-spaced and 12 point font.**  They shall contain the following:

    a)  A description of who the parties are, their relationship, if any, to each other and by whom each party is represented, **including the identity of all individuals participating on behalf of a party during the mediation conference.**

    b)  A brief description or history of prior settlement negotiations, concepts or discussions, including the party's assessment as to why settlement has not been reached, the party's proposed term(s) for a resolution and a description of how the party believes the Court may be able to assist in reaching an agreement.

    c)  Attorneys' fees and costs to date and projected or future fees and costs, including expert fees through trial.  In the case of a contingency fee or non-hourly rate fee arrangement, the percentage of that fee, if applicable, the number

of hours and costs incurred by the party to date, with a fair estimate of additional expenses, including expert witness fees, and the amount of hours if this matter is not settled.

   5. Crucial or pertinent documents or other documentary evidence or a summary of said documents may be submitted as exhibits to the mediation conference statement.  Counsel are cautioned to limit such exhibits.

   6. Those participating in the mediation conference shall be available and accessible throughout the process.  The Court expects the parties' full and good faith cooperation with the mediation process.

   **7.** **The contents of the mediation conference statements and the conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

        /s/ Mary Pat Thynge
        UNITED STATES MAGISTRATE JUDGE